Marc Toberoff (MT 4862)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: 310-246-3333
Fax: 310-246-3101
MToberoff@ipwla.com

Attorneys for Defendants Lisa R. Kirby, Barbara J.
Kirby, Neal L. Kirby and Susan M. Kirby

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------

MARVEL WORLDWIDE, INC.,
MARVEL CHARACTERS, INC. and
MVL RIGHTS, LLC,

                     Plaintiffs,

      -against-

LISA R. KIRBY, BARBARA J. KIRBY,
NEAL L. KIRBY and SUSAN M. KIRBY,

                    Defendants.

--------------------------------------------------------

Civil Action No. 10-141 (CM) (KF)

[Hon. Colleen McMahon]

[ECF Case]

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO
JOIN INDISPENSABLE PARTIES**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND......................................................2

ARGUMENT......................................................................................................3

I.    PLAINTIFFS' COMPLAINT MUST BE DISMISSED FOR
LACK OF PERSONAL JURISDICTION OVER LISA KIRBY
AND NEAL KIRBY, WHO ARE BOTH INDISPENSABLE
PARTIES ..............................................................................................3

    A.    This Court Lacks General and Specific Jurisdiction Over
Lisa Kirby and Neal Kirby............................................................3

        i.    General Jurisdiction ..........................................................5

        ii.    Specific Jurisdiction..........................................................7

        iii.    Due Process Analysis.......................................................11

    B.    The Complaint Must Be Dismissed Against *All* Defendants
For Lack of Personal Jurisdiction Over Two Indispensable
Parties.......................................................................................12

        i.    The Kirby Heirs Are Necessary Parties...........................13

        ii.    This Action Must Be Dismissed Pursuant to FRCP
12(b)(7) Because Lisa Kirby and Neal Kirby Are
"Indispensable Parties" under FRCP 19(b).....................15

    C.    Plaintiffs' Forum-Shopping Should Not Be Countenanced.........19

CONCLUSION.................................................................................................20

# TABLE OF AUTHORITIES

**Federal Cases**

*American Optical Co. v. Curtiss*,
59 F.R.D. 644 (S.D.N.Y. 1973) ................................................................... 15-16

*Arquest, Inc. v. Kimberly-Clark Worldwide, Inc.*,
2008 U.S. Dist. LEXIS 60987 (S.D.N.Y. July 31, 2008) ....................................... 4-5, 11

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
223 F.3d 1082 (9th Cir. 2000) ........................................................................11

*Beacon Enters., Inc. v. Menzies*,
715 F.2d 757 (2d Cir. 1983) ........................................................................ 7-10

*Bell Paper Box, Inc. v. Trans Western Polymers*,
53 F.3d 920 (8th Cir. 1995) ..............................................................................8

*Bensusan Rest. Corp. v. King*,
126 F.3d 25 (2d Cir. 1997) ............................................................................11

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ................................................................................4, 11

*CP Nat'l Corp. v. Bonneville Power Admin.*,
928 F.2d 905 (9th Cir. 1991) .........................................................................19

*Copterline Oy v. Sikorsky Aircraft Corp.*,
649 F. Supp. 2d 5 (E.D.N.Y. 2007) ...............................................................10

*CutCo Indus., Inc. v. Naughton*,
806 F.2d 361 (2d Cir. 1986) .............................................................................7

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir. 2001) ........................................................................11

*EEOC v. Peabody*,
400 F.3d 774 (9th Cir. 2005) ........................................................................15

*Ediciones Quiroga S.L. v. Fall River Music, Inc.*,
35 U.S.P.Q.2d 1814 (S.D.N.Y. 1995) ...........................................................17

*Enrenfeld v. Mahfouz*,
2006 U.S. Dist. LEXIS 23423 (S.D.N.Y. 2006) ........................................... 7-8

*Envirotech Corp. v. Bethlehem Steel Corp.*,
729 F.2d 70 (2d Cir. 1984) ................................................................15, 17

*Far West Capital, Inc. v. Towne*,
46 F.3d 1071 (10th Cir. 1995) ....................................................................8

*Felix Cinematografica v. Penthouse International, Ltd.*,
99 F.R.D. 167 (S.D.N.Y. 1983) .................................................................18

*Fort Knox Music, Inc. v. Baptiste*,
139 F. Supp. 2d 505 (S.D.N.Y. 2001)..........................................................9

*Freeplay Music, Inc. v. Cox Radio, Inc.*,
2005 U.S. Dist. LEXIS 12397 (S.D.N.Y. 2005)............................................6

*Global Discount Travel Servs., LLC v. TWA*,
960 F. Supp. 701 (S.D.N.Y. 1997)..............................................................18

*Graphic Controls Corp. v. Utah Med. Prods.*,
149 F.3d 1382 (Fed. Cir. 1998)....................................................................9

*Helicopteros Nacionales de Colombia v. Hall*,
466 U.S. 408 (1984)................................................................................5, 11

*Hoffritz for Cutlery, Inc. v. Amjac, Ltd.*,
763 F.2d 55 (2d Cir. 1985)......................................................................5-7

*IP Co. LLC v. General Commun., Inc.*,
2007 U.S. Dist. LEXIS 81451 (S.D.N.Y. 2007) ........................................10

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)................................................................................4, 11

*Kernan v. Kurz-Hastings, Inc.*,
175 F.3d 236 (2d Cir. 1999)........................................................................4

*Kulko v. Superior Court*,
436 U.S. 84 (1978)......................................................................................11

*LSI Indus. Inc. v. Hubbell Lighting, Inc.*,
232 F.3d 1369 (Fed. Cir. 2000)....................................................................4

*Mareno v. Rowe*,
910 F.2d 1043 (2d Cir. 1990)...................................................................4-6

iii

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007)................................................................................................19

*Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*,
425 F. Supp. 2d 402 (S.D.N.Y. 2006) ............................................................6

*Modern Computer Corp. v. Ma*,
862 F. Supp. 938 (E.D.N.Y. 1994) ..................................................................9

*Overseas Media, Inc. v. Skvortsov*,
407 F. Supp. 2d 563 (S.D.N.Y. 2005)..............................................................4

*Philips Elec. N. Am. Corp. v. Maeser*,
43 U.S.P.Q.2d (BNA) 1541 (S.D.N.Y. June 25, 1997) ...................................9

*Plunket v. Estate of Conan Doyle*,
Copy. L. Rep. (CCH) P28, 237, 2001 U.S. Dist. LEXIS 2001 (S.D.N.Y. Feb. 22,
2001) .............................................................................................................. *passim*

*Potomac Electric Power Co. v. Babcock & Wilcox Co.*,
54 F.R.D. 486 (D. Md. 1972)........................................................................18

*Ronson Corp. v. First Stamford Corp.*,
48 F.R.D. 374 (D. Conn. 1970)......................................................................17

*Scott v. Paramount Pictures Corp.*,
449 F. Supp. 518 (D.D.C. 1978).............................................................. 16-17

*Serco Services Co. v. Kelley Co., Inc.*,
51 F.3d 1037 (Fed. Cir. 1995)......................................................................19

*Smith v. Kessner*,
183 F.R.D. 373 (S.D.N.Y. 1998) ..................................................................18

*Sound Around Inc. v. Audiobahn, Inc.*,
2008 U.S. Dist. LEXIS 108263 (E.D.N.Y. 2008).........................................10

*Thomas v. Ashcroft*,
470 F.3d 491 (2d Cir. 2006)............................................................................4

*Tradem, Inc. v. Stainbrook*,
2004 U.S. Dist. LEXIS 8107 (S.D.N.Y. May 10, 2004) ..................................9

*Viacom Int'l, Inc. v. Kearney*,
212 F.3d 721 (2d Cir. 2000)..................................................................... 12-13

*Wales Industrial, Inc. v. Hasbro Bradley, Inc.*,
612 F. Supp. 510 (S.D.N.Y. 1985)..................................................................17

*Warner Bros. Entm't v. Ideal World Direct*,
516 F. Supp. 2d 261 (S.D.N.Y. 2007)...............................................................6

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995)........................................................................................19

*Wiwa v. Royal Dutch Petroleum Co.*,
226 F.3d 88 (2d Cir. 2000)...............................................................................5

**State Cases**

*Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*,
77 N.Y.2d 28, 563 N.Y.S.2d 739 (1990)...........................................................5

**Federal Statutes, Rules and Regulations**

37 C.F.R. § 201.10(d) ................................................................................2, 8, 12

17 U.S.C. § 304........................................................................................ *passim*

FRCP 4..............................................................................................................4

FRCP 12................................................................................................... *passim*

FRCP 19................................................................................................... *passim*

**State Statutes, Rules and Regulations**

N.Y. C.P.L.R. § 301..........................................................................................5

N.Y. C.P.L.R. § 302................................................................................. *passim*

**Other Authorities**

M. Nimmer & D. Nimmer,
3 *Nimmer on Copyright* § 11.03[A].................................................................14

3 *Nimmer on Copyright* § 11.03[A][2][a]........................................................13

3 *Nimmer on Copyright* § 11.03[A][2][b]........................................................13

3 *Nimmer on Copyright* § 11.03[A][3] ............................................................13

3 *Nimmer on Copyright* § 11.08[B] ................................................................14

## INTRODUCTION

This action, filed by Plaintiffs Marvel Worldwide, Inc, Marvel Characters, Inc. and MVL Rights, LLC (collectively, "Marvel") must be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure ("FRCP") for lack of personal jurisdiction over the defendants Lisa R. Kirby and Neal L. Kirby, who are both indispensable parties.

This court has neither "general" nor "specific" jurisdiction over Lisa Kirby or Neal Kirby. Lisa and Neal Kirby are not citizens or residents of the State of New York, have no "continuous and systematic" business contact with New York, and own no property or other assets in New York. Unsurprisingly, Plaintiffs failed to even allege personal jurisdiction over the Defendants in their Complaint.

By this action Marvel seeks a declaratory judgment invalidating Defendants' exercise of their rights under section 304(c) of the Copyright Act to serve notices of termination ("Termination Notices") regarding the copyrights to numerous comic books authored by their father, Jack Kirby ("Kirby"). Such termination rights may only be exercised in the first place by a *majority* of Kirby's statutory heirs – in this case at least three out of his four children. 17 U.S.C. § 304(c)(1). Moreover, under the Copyright Act *all four Kirby children*, who in fact executed the Termination Notices, own the reversionary copyright interests pursuant to the Termination Notices which vested upon service of the notices on Marvel and related entities. 17 U.S.C. § 304(c)(2)(B). Accordingly, this Court cannot grant full or binding declaratory relief with respect to the Termination Notices, as it lacks personal jurisdiction over two of the four Kirby children who are indispensable parties. A judgment in this action would not finally resolve this dispute, and would pose the risk of duplicative lawsuits and inconsistent verdicts.

On March 9, 2010, all four Kirby children filed a declaratory relief action in the United States District Court in the Central District of California, which has jurisdiction over all parties to this action. Lisa and Neal Kirby have long resided in the State of

California and the other two Kirby children, Barbara and Susan Kirby, have consented to the court's jurisdiction. Two of the three Marvel parties (Marvel Characters, Inc. and MVL Rights, LLC) are headquartered in Los Angeles, California, as is Marvel's corporate parent, The Walt Disney Company ("Disney"), and the third Marvel party (Marvel Worldwide, Inc.) regularly conducts business in California. The Central District of California thus provides a reasonable forum wherein all parties are subject to personal jurisdiction and are afforded an adequate remedy. This action should therefore be dismissed pursuant to Rules 12(b)(2), 12(b)(7) and 19.

## FACTUAL AND PROCEDURAL BACKGROUND

The Defendants, Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby are the children of legendary comic book artist and writer Jack Kirby. *See* Declaration of Lisa R. Kirby ("Lisa Decl."), ¶ 1; Declaration of Neal L. Kirby ("Neal Decl."), ¶ 1. On September 16, 2009, Defendants availed themselves of their right under the Copyright Act to recapture their father's copyright interests by serving 45 Termination Notices on Plaintiffs pursuant to 17 U.S.C. § 304(c). *See* Declaration of Marc Toberoff ("Toberoff Decl."), ¶ 4; Lisa Decl., ¶ 4; Neal Decl., ¶ 3. The Termination Notices were served by first class mail on Plaintiffs and/or on all of their known predecessors and successors-in-interest pursuant to 17 U.S.C. § 304(c)(4) and 37 C.F.R. § 201.10(d). *Id.*

On December 3, 2009, Defendants' counsel held an in-person settlement conference with Plaintiffs' parent corporation, Disney, and on December 16, 2009, Defendants' counsel engaged in another lengthy settlement conference with Disney and Plaintiffs' counsel herein. Toberoff Decl., ¶ 5. At the conclusion of the second settlement conference, it was expected that Disney and Plaintiffs would get back to Defendants after the Christmas holidays. *Id.* Instead, Plaintiffs filed the present action on January 8, 2010 without warning and without any indication that such settlement discussions had concluded. *Id.*

Plaintiffs do not allege in their complaint that this Court has personal jurisdiction over any of the Defendants. *See* Complaint ("Compl.") at ¶¶ 3-4, 7. Defendants Lisa Kirby and Neal Kirby are both citizens and residents of the State of California. *See* Lisa Decl., ¶ 2; Neal Decl., ¶ 2. Neither individual resides in or operates a business in the State of New York or "systematically and continuously" transacts or solicits any business in New York. *See* Lisa Decl., ¶¶ 6-8; Neal Decl., ¶¶ 5-7. Neither individual owns or maintain offices, bank accounts, real property or other assets in New York, and neither has any employees in New York. *See* Lisa Decl., ¶ 7; Neal Decl., ¶ 6. Neither individual has committed, nor been accused by Plaintiffs of committing, a tort within the State of New York underlying any allegations in the Complaint.

Two of the three Plaintiffs, Marvel Characters, Inc. and MVL Rights, LLC, maintain their principal place of business in Manhattan Beach, California, and the third Plaintiff, Marvel Worldwide, Inc., regularly conducts business in California. Compl. at ¶ 6. Plaintiffs' corporate parent, Disney, maintains its principal place of business in Burbank, California. Toberoff Decl., Ex. B.

On March 9, 2010, all the Kirby children filed a complaint in the United States District Court for the Central District of California against Disney and Marvel seeking, *inter alia*, a declaratory judgment that their Termination Notices are valid and effective under the United States Copyright Act. *See* Lisa Decl., ¶ 9; Neal Decl., ¶ 8; Toberoff Decl., Ex. A.

## ARGUMENT

### I. PLAINTIFFS' COMPLAINT MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER LISA KIRBY AND NEAL KIRBY, WHO ARE BOTH INDISPENSABLE PARTIES

#### A. This Court Lacks General and Specific Jurisdiction Over Lisa Kirby and Neal Kirby

The requirement that federal courts have personal jurisdiction over the litigants before them arises from "an individual's liberty interest in not being subject to the

binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318-319 (1945)). In order to survive a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), "a plaintiff must make a *prima facie* showing" and bears the ultimate burden of establishing that the court has personal jurisdiction over each defendant. *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006). *See also Kernan v. Kurz-Hastings, Inc*., 175 F.3d 236, 240 (2d Cir. 1999). A motion to dismiss must be granted if a court lacks personal jurisdiction over a defendant who is "indispensable" to the action. *See* FRCP 19(b).

Plaintiffs' action for declaratory relief under the Copyright Act relies for subject-matter jurisdiction on this Court's federal-question jurisdiction. *See* Compl. ¶ 3. As there is no federal statute governing personal jurisdiction in a copyright action, this Court must look to New York state law as to whether it has personal jurisdiction over Lisa Kirby and Neal Kirby. *See Overseas Media, Inc. v. Skvortsov*, 407 F. Supp. 2d 563, 567 (S.D.N.Y. 2005); *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990); FRCP 4(k)(1)(A). A personal jurisdiction inquiry "consists of two steps: (1) whether the defendant is amenable to process in the forum state (*i.e.*, whether there is personal jurisdiction under the state long arm statute); and (2) whether exercise of jurisdiction is constitutional." *Arquest, Inc. v. Kimberly-Clark Worldwide, Inc.*, 2008 U.S. Dist. LEXIS 60987 at *12-13 (S.D.N.Y. July 31, 2008), (citing *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1370 (Fed. Cir. 2000)).

Under New York's long arm statutes, N.Y. C.P.L.R. §§ 301-302, a court may exercise personal jurisdiction based on either "general" or "specific" jurisdiction. *See generally Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 (1984).

### i. General Jurisdiction

Under N.Y. C.P.L.R. § 301, general jurisdiction only applies to a non-resident "if it is 'doing business' in New York so as to establish its presence in the state. A foreign corporation is said to be 'doing business' in New York if it engages in a continuous and systematic course of conduct in New York." *Mareno*, 910 F.2d at 1046 (citations omitted). *See also Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88, 95 (2d Cir. 2000) (holding that the non-resident must "do business in New York not occasionally or casually, but with a fair measure of permanence and continuity") (internal quotation marks omitted); *Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*, 77 N.Y.2d 28, 33-34, 563 N.Y.S.2d 739, 741 (1990) (same). The New York courts, "in applying the pragmatic test for section 301 jurisdiction have focused upon factors including: the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state." *Hoffritz for Cutlery, Inc. v. Amjac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985). *See also Arquest, Inc.*, 2008 U.S. Dist. LEXIS 60987 at *14-15.

Here, Plaintiffs failed to allege anywhere in their Complaint that this Court has personal jurisdiction over *any* of the Defendants. This defect alone merits dismissal of the action. *See Plunket v. Estate of Conan Doyle*, Copy. L. Rep. (CCH) P28, 237, 2001 U.S. Dist. LEXIS 2001 at * 8 (S.D.N.Y. Feb. 22, 2001) (plaintiff's allegations were

insufficient to make a *prima facie* showing that the court had personal jurisdiction where plaintiff did not allege that defendants conducted business in New York); *Warner Bros. Entm't v. Ideal World Direct*, 516 F. Supp. 2d 261, 267 (S.D.N.Y. 2007) (granting Rule 12(b)(2) motion in copyright infringement case because "Plaintiffs' generalized allegation that all sixteen original Defendants had 'continuing and ongoing business contacts with residents of the state of New York' is insufficient to establish jurisdiction"); *Freeplay Music, Inc. v. Cox Radio, Inc.*, 2005 U.S. Dist. LEXIS 12397 (S.D.N.Y. 2005) (ruling that personal jurisdiction did not exist in copyright infringement case through long-arm statute when there were no allegations that unlicensed use of material via Webcasts occurred in New York or that New York residents access the Webcasts); *Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 420 (S.D.N.Y. 2006) (dismissing claims against individual for lack of personal jurisdiction where plaintiffs failed to make sufficient jurisdictional allegations in the complaint to make a prima facie showing of jurisdiction based on the individual's contacts with New York).

Neither Defendants Lisa Kirby nor Neal Kirby are residents or citizens of the State of New York, and neither is engaged in a "continuous and systematic" course of business conduct in New York that would possibly subject them to "general" jurisdiction. *See* Lisa Decl., ¶¶ 6-8; Neal Decl., ¶¶ 5-7; *Mareno*, 910 F.2d at 1046.  There are no "indicia" of business contacts with New York that have "a fair measure of permanence and continuity":  neither Lisa Kirby nor Neal Kirby owns or maintains offices, bank accounts, real property or other assets in New York, and neither has any employees in New York.  *Hoffritz*, 763 F.2d at 58.  *See* Lisa Decl., ¶ 7; Neal Decl., ¶ 6.  Moreover,

neither Lisa Kirby nor Neal Kirby pays any income, property or use taxes to the State of

New York.  *See Hoffritz,* 763 F.2d at 58; Lisa Decl., ¶ 8; Neal Decl., ¶ 7.

### ii.  Specific Jurisdiction

N.Y. C.P.L.R. § 302(a) confers specific jurisdiction over a non-domiciliary "as to

a cause of action arising from any of the acts enumerated [below]…:

1.  transacts any business within the state or contracts anywhere to supply goods or services in the state; or
2.  commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
3.  commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
   (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
   (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
4.  owns, uses or possesses any real property situated within the state."

N.Y. C.P.L.R. §302(a).

Here, section 302(a)(1) does not apply because Plaintiffs' claim does not arise

from Defendants' "transact[ion of] business within the state" of New York.  *See* Lisa

Decl., ¶¶ 6-8; Neal Decl., ¶¶ 5-7.  For purposes of section 302(a)(1), "a non-domiciliary

transacts business in New York when he purposefully avails himself of the privilege of

conducting activities within New York and thus invokes the benefits and protections of

its laws."  *Enrenfeld v. Mahfouz*, 2006 U.S. Dist. Lexis 23423 at *12 (S.D.N.Y. 2006)

(citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)).  *See also*

*Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir. 1983) (same).

Plaintiffs may strain to argue that the Defendants' mailing of the Termination Notices to certain Marvel entities at New York addresses establishes "specific jurisdiction" under section 302(a)(1).

Firstly, it is impossible to characterize such statutory notice under the U.S. Copyright Act as "purposefully … invok[ing] the benefits and protections of New York law." *Beacon*, 715 F.2d at 766. To exercise the Termination Notices, the Kirby heirs were *required* to serve Kirby's grantees or such grantees' successors at their last known address pursuant to 17 U.S.C. § 304(c)(4) and 37 C.F.R. § 201.10(d) (the "notice of termination shall be served upon each grantee whose rights are being terminated, or the grantee's successor in title … by first-class mail sent to an address which, after a reasonable investigation, is found to be the last known address of the grantee or successor in title"). Compliance with such a statutory requirement in no way means that Lisa Kirby and Neal Kirby "purposefully availed" themselves of the laws of the forums to which such notices were mailed.

Secondly, the mere use of interstate mail from outside New York into the jurisdiction is wholly insufficient to sustain personal jurisdiction. *Beacon*, 715 F.2d at 766 ("Courts have consistently refused to sustain section 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York.") (collecting cases); *Enrenfeld,* 2006 U.S. Dist. LEXIS 23423 at *12 (same); *Bell Paper Box, Inc. v. Trans Western Polymers*, 53 F.3d 920, 922-23 (8th Cir. 1995) (holding that the use of "interstate facilities, such as telephones or mail" alone are insufficient to establish personal jurisdiction); *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995) (same).

Thirdly, the act of sending a notice of one's legal rights or claims to a New York addressee is insufficient to establish specific jurisdiction under section 302(a)(1). *See Beacon*, 715 F.2d at 766 (California resident's letter to a New York corporation claiming copyright and trademark ownership does not sustain specific jurisdiction in New York under section 302(a)(1) in declaratory relief action) (collecting cases). *See also Graphic Controls Corp. v. Utah Med. Prods.*, 149 F.3d 1382, 1387 (Fed. Cir. 1998) (dismissing a declaratory relief action for lack of jurisdiction because two letters sent to New York addressee claiming patent infringement were "of insufficient quality and degree to be considered the 'transaction of business' under New York law because they do not constitute the purposeful availment by [defendant] of the benefits and protections of New York laws"); *Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 2d 505 (S.D.N.Y. 2001) (holding no specific jurisdiction in declaratory relief action under section 302(a)(1) over Louisiana defendant who wrote multiple letters to New York plaintiff claiming sole copyright ownership and who regularly received royalties collected by a licensing clearinghouse in New York); *Modern Computer Corp. v. Ma*, 862 F. Supp. 938, 945 (E.D.N.Y. 1994) (ruling that courts have "consistently held" in the context of copyright or patent cases that notice or claim letters are "insufficient to establish the minimum contacts necessary for personal jurisdiction"); *Philips Elec. N. Am. Corp. v. Maeser*, 43 U.S.P.Q.2d (BNA) 1541, 1542 (S.D.N.Y. June 25, 1997) (holding that demand letters and phone calls related to a patent license did not constitute purposeful availment of New York laws); *Tradem, Inc. v. Stainbrook*, 2004 U.S. Dist. LEXIS 8107 at *9 (S.D.N.Y. May 10, 2004) (holding that a letter claiming trademark ownership and infringement did not establish personal jurisdiction over Ohio musician sued in New York).

"It is significant that New York courts have refused to sustain jurisdiction over defendants with far more extensive contacts with the forum" than Lisa and Neal Kirby whose contacts with New York are slim to none. *Beacon*, 715 F.2d at 766 (collecting cases). *See also Copterline Oy v. Sikorsky Aircraft Corp.*, 649 F. Supp. 2d 5 (E.D.N.Y. 2007) (holding no specific jurisdiction under section 302(a)(1) in a suit alleging sale of defective helicopter component although defendant shipped component through New York and sold millions of dollars worth of goods and services to New York customers annually); *Sound Around Inc. v. Audiobahn, Inc.*, 2008 U.S. Dist. LEXIS 108263 (E.D.N.Y. 2008) (holding no specific jurisdiction over California defendants under section 302(a)(1) in declaratory patent and trademark action where defendants had seven authorized retailers in New York to sell their products and had sent several cease and desist letters to plaintiff in New York); *IP Co. LLC v. General Commun., Inc.*, 2007 U.S. Dist. LEXIS 81451 (S.D.N.Y. 2007) (holding no specific jurisdiction under section 302(a)(1) over Alaska defendants in declaratory trademark action when defendants were listed on the New York stock exchange, raised capital in New York, and purchased supplies in New York).

Lastly, Sections 302(a)(2)-(3) do not apply, as Plaintiffs have not alleged that Defendants have committed any tortious acts, in New York or otherwise. *See* Complaint ¶18. Section 302(a)(4) does not apply, as neither Lisa Kirby nor Neal Kirby owns any real property in the State of New York. *See* Lisa Decl., ¶ 7; Neal Decl., ¶ 6.

In light of the above, it is clear that neither Lisa Kirby nor Neal Kirby is subject to the "general" or "specific" jurisdiction of the State of New York.

### iii. Due Process Analysis

As the tests for both "general" and "specific" jurisdiction have <u>not</u> been met, this Court need not undertake a separate analysis under the due process clause of the Constitution. *See Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997) (If New York law does not confer personal jurisdiction, then the court does "not address the issue of due process."); *Arquest, Inc.*, 2008 U.S. Dist. LEXIS 60987 at *29 ("Because this court finds no specific or general jurisdiction over [defendant], it need not address the constitutional requirements for personal jurisdiction.").

Notwithstanding this, the constitutional due process requirement for personal jurisdiction is not satisfied here. The due process clause of the Fourteenth Amendment requires that a defendant have "minimum contacts" with the forum state such that the maintenance of the action does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To establish jurisdiction, a defendant's activity in the state must be such that it would be fair and reasonable to require him to defend himself in that state. *See Kulko v. Superior Court*, 436 U.S. 84, 92 (1978). "Minimum contacts exist where the defendant 'purposefully availed itself' of the privilege of doing business in the forum state and could 'reasonably anticipate being hauled into court there.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985); *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001). To establish the minimum contacts necessary to support jurisdiction, Plaintiffs must establish that Defendants Lisa and Neal Kirby have "continuous and systematic" business contacts with New York. *See Helicopteros*, 466 U.S. at 416. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (noting that this jurisdictional standard is

"fairly high," and "requires that the defendant's contacts be of the sort that approximate physical presence").

As discussed above, this standard is not satisfied here. Neither Lisa Kirby nor Neal Kirby has sufficient "minimum contacts" with New York because they are not residents of New York and they do not conduct "continuous and systematic" business in New York. *See* Lisa Decl., ¶¶ 6-8; Neal Decl., ¶¶ 5-7. Moreover, the mere service of the Termination Notices by mail on New York addressees pursuant to federal regulation simply does not establish constitutionally sufficient "minimum contacts" with New York. 37 C.F.R. § 201.10(d).

**B.     The Complaint Must Be Dismissed Against *All* Defendants For Lack of Personal Jurisdiction Over Two Indispensable Parties**

Plaintiffs are seeking declaratory relief regarding the exercise by Kirby's four children of their termination rights under section 304(c) of the Copyright Act. 17 U.S.C. § 304(c). This Court has personal jurisdiction over two of the Defendants, Barbara and Susan Kirby. However, it cannot grant full and final declaratory relief as to the validity of the Termination Notices because it lacks personal jurisdiction over Lisa and Neal Kirby, the other two statutory heirs who executed the Termination Notices, who are indispensable under the Copyright Act to the exercise of the Kirbys' termination right, and who co-own the reversionary copyright expectancy pursuant thereto. 17 U.S.C. § 304(c)(1).

"[FRCP] 19 sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party. First, the court must determine whether an absent party belongs in the suit, *i.e.*, whether the party qualifies as a 'necessary' party under Rule 19(a)." *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724

(2d Cir. 2000), cert. denied, 531 U.S. 1051, 121 S. Ct. 655, 148 L. Ed. 2d 558 (2000).

Where a "necessary" party cannot be joined, "the court must finally determine whether the party is 'indispensable.' If the court determines that a party is indispensable, then the court must dismiss the action pursuant to Rule 19(b)." *Id.* at 725.

### i. The Kirby Heirs Are Necessary Parties

A person is a "necessary" party under Rule 19(a) if "in that person's absence, the court cannot accord complete relief among existing parties," or if he/she "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence … may as a practical matter impair or impede the person's ability to protect that interest." FRCP 19(a). As shown below, the Kirbys are "necessary" parties.

Here, all four of Kirby's children, who are all statutory heirs under the Copyright Act, executed the Termination Notices served on Disney and Marvel. Toberoff Decl., ¶¶ 3-4, Lisa Decl., ¶ 4; Neal Decl., ¶ 3. Under 17 U.S.C. § 304(c)(2)(B), all four children "own" the termination interest with respect to their father's works, which vested upon service of the Termination Notices. *See* 3 *Nimmer on Copyright* §§ 11.03[A][2][a] (If "there is no surviving spouse, the children own the entire termination interest, equally divided among them."), 11.03[A][3] ("[T]he rights of those who are recipients of the terminated rights vest upon the date the notice of termination is served").

Furthermore, under 17 U.S.C. § 304(c)(2)(B), if, as here, the author is survived only by his children, a *majority* of such children are *required* in order to exercise the termination right. *See* 3 *Nimmer on Copyright* § 11.03[A][2][b] ("If there is no surviving spouse, then a majority of the [author's] children are required to join in a termination").

The same majority of statutory heirs would be required for any further grant or settlement of the copyrights recaptured by the Termination Notices. *See* 3 *Nimmer on Copyright* § 11.08[B] ("A further grant … of any right that has theretofore been terminated by operation of the statutory termination provisions must be executed by the same number and proportion of owners of the termination interest as was necessary in order to effectuate the prior termination. Thus, if a majority of owners of the termination interest was required in order to terminate the grant of a given right, a majority is also required in order to make a new grant, or an agreement to make a new grant, of the same right."); 17 U.S.C. § 304(c)(6)(C). Accordingly, three out of the four Kirby children would be required to grant or settle the copyright interests recaptured pursuant to the Termination Notices. *Id.*

Each of the Kirby children are therefore "necessary parties" under FRCP 19(a) because each "claims an interest relating to the subject of the action … and the disposition of the action in [their] absence…may impair or impede [their] ability to protect that interest." For instance, a ruling against Barbara and Susan Kirby may unfairly prevent Lisa and Neal Kirby from re-granting their recaptured copyright interests, as any disposition of such copyrights would require the consent of a majority of Kirby's statutory heirs. *See* 17 U.S.C. § 304(c)(6)(C). The Court likewise "cannot accord complete relief" regarding the Termination Notices as it has personal jurisdiction over only two of the four Kirby heirs who together own the termination interest. *See* FRCP 19(a); 17 U.S.C. § 304(c)(6)(C), 3 *Nimmer on Copyright* § 11.03[A]; § 11.08[B]. *See Plunket,* 2001 U.S. Dist. LEXIS 2001 at *8 (dismissing complaint because plaintiff's request for declaratory relief that a "notice of termination" was ineffective goes to the

underlying ownership of certain copyrights and failure to join all affected parties violates

FRCP 19); *American Optical Co. v. Curtiss*, 59 F.R.D. 644, 648 (S.D.N.Y. 1973)

(holding that all alleged co-owners of a patent were necessary parties in an action in

which the patent's ownership was in dispute).

> ii.     **This Action Must Be Dismissed Pursuant to FRCP 12(b)(7) Because Lisa Kirby and Neal Kirby Are "Indispensable Parties" under FRCP 19(b).**

If a "necessary" party under Rule 19(a) cannot be joined for lack of jurisdiction,

"the court [in deciding whether such party is 'indispensable'] must determine whether, in

equity and good conscience, the action should proceed among the existing parties or

should be dismissed."  FRCP 19(b).  "Indispensable parties under Rule 19(b) are persons

who not only have an interest in the controversy, but an interest of such a nature that a

final decree cannot be made without either affecting that interest, or leaving the

controversy in such a condition that its final termination may be wholly inconsistent with

equity and good conscience."  *EEOC v. Peabody*, 400 F.3d 774, 780 (9th Cir. 2005).  *See*

*Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 75 (2d Cir. 1984) (where  a

party "possess[es] rights … 'which are 'inextricably intertwined' with issues bound to be

raised in an action," that party should be considered an "indispensable party") (internal

citations omitted).  Under FRCP 19(b) the Court is to consider the following factors to

determine if a party is indispensable:

> "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:  (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."

With respect to the first factor, a judgment invalidating the Termination Notices as to Barbara and Susan Kirby, in the absence of Lisa and Neal Kirby, would obviously prejudice the latter, because, as set forth above, they would be unable to exercise their copyrights in the terminated works without a "majority" of the four Kirby children. 17 U.S.C. § 304(c)(2). As two of the Kirby heirs are residents of New York, subject to the jurisdiction of this Court, an adverse judgment herein would create a "deadlock." Because any further grant of the copyrights recaptured pursuant to the Termination Notices requires the consent of a majority of the Kirby children, Lisa and Neal Kirby could not exploit such copyrights, even if a different court with jurisdiction over them were to find that the Termination Notices are valid and effective. *See American Optical Co.*, 59 F.R.D. at 650 (If "the very basis of [a non-party's] patent ownership would be undercut" by a verdict, and "would rob [the non-party co-owner] of all but nominal indices of ownership," then that co-owner is an "indispensable party" requiring dismissal of the action.).

As to FRCP 19(b)'s second factor, there is no way such prejudice to Lisa and Neal Kirby could be "lessened." If this Court grants the relief sought by Plaintiffs and declares that the Termination Notices are invalid, there is simply no way to "shape" such relief to avoid the resulting prejudice to Lisa and Neal Kirby described above. Because this action seeks a declaration of rights regarding the exercise by all four children of their termination rights under the Copyright Act, the lack of personal jurisdiction over all four children that could be affected by an adverse ruling warrants dismissal. *See Plunket,* 2001 U.S. Dist. LEXIS 2001 at *8; *Scott v. Paramount Pictures Corp.*, 449 F. Supp. 518, 520 (D.D.C. 1978) (dismissing complaint for failure to join necessary party whose

copyright interests would be affected by an adverse judgment); *Wales Industrial, Inc. v. Hasbro Bradley, Inc.*, 612 F. Supp. 510, 517 (S.D.N.Y. 1985) (holding that because a non-party would not be bound by a judgment declaring certain *Transformer* copyrights invalid, all persons having an interest therein must be joined or the action dismissed).

With respect to FRCP 19(b)'s third factor, a judgment in this action would not adequately and completely resolve this dispute, and would pose "the possibility of multiple lawsuits and inconsistent verdicts" because such judgment would not be binding on Lisa or Neal Kirby for lack of personal jurisdiction. *See Wales Industrial, Inc.*, 612 F. Supp. at 517; *Plunket,* 2001 U.S. Dist. LEXIS 2001 at *8, 21 (dismissing complaint because failure to join all affected parties "would thus risk the possibility of multiple lawsuits and inconsistent verdicts."). *See also Ediciones Quiroga S.L. v. Fall River Music, Inc.*, 35 U.S.P.Q.2d 1814, 1823 (S.D.N.Y. 1995) (holding that adjudication of copyright owned by indispensable non-party may result in multiple, inconsistent verdicts, thus requiring either joinder or dismissal); *Ronson Corp. v. First Stamford Corp.*, 48 F.R.D. 374, 377 (D. Conn. 1970) (dismissing the case pursuant to FRCP 19 because "any judgment would substantially affect [the non-party's] possession and use of the property" and therefore "would almost certainly result in a new lawsuit.").

With respect to FRCP 19(b)'s fourth factor, the filing of a parallel complaint by all four Kirby children in the Central District of California provides Plaintiffs with an adequate, if not far more complete, remedy than the present action, which should appropriately be dismissed. *See Envirotech Corp.*, 729 F.2d at 76 ("The New York and California suits provide ready avenues for [defendant] to pursue its counterclaim with all three parties present. In addition, since the federal suit has not yet gone to trial and the

parties have agreed that discovery done in preparation for that trial may be used in any state proceedings, little is lost by dismissing the federal suit at this point."); *Smith v. Kessner*, 183 F.R.D. 373, 376 (S.D.N.Y. 1998) ("The factor that weights most clearly in favor of dismissal is the availability of an alternate, more appropriate forum for plaintiffs' claims … plaintiffs have already filed a state court action against two former defendants in this case … which alleges the same facts and seeks the same damages that are sought in this action.  Upon dismissal of this action, plaintiffs would be able to join the defendants in this action as defendants in the state action.").  *See also Global Discount Travel Servs., LLC v. TWA*, 960 F. Supp. 701, 710 (S.D.N.Y. 1997) (federal action dismissed in part because "satisfactory alternative exists" to pursue claims in pending state action); *Potomac Electric Power Co. v. Babcock & Wilcox Co.*, 54 F.R.D. 486, 491 (D. Md. 1972) (the fourth factor "stands out most strikingly" where "plaintiffs have available to them … another forum" on the basis of a separately-filed lawsuit, "plaintiffs are not left without a remedy" and FRCP 19 dismissal is appropriate); *Felix Cinematografica v. Penthouse International, Ltd.*, 99 F.R.D. 167, 172–73 (S.D.N.Y. 1983) (granting motion to dismiss when alternate forum existed in Italian and New York state courts).

Plaintiffs will not be prejudiced by litigating this case in the Central District of California.  As noted above, two of the three named Marvel Plaintiffs are headquartered in Los Angeles and the third Marvel Plaintiff, Marvel Worldwide, Inc. regularly conducts business in Los Angeles.  Compl. at ¶ 6.  Disney, the parent company of all three Plaintiffs, also has its principal place of business in Los Angeles.  Toberoff Decl., Ex. B.  A number of key third-party witnesses are located in Los Angeles, including Stan Lee,

who Plaintiffs are eager to depose. Toberoff Decl., Ex. C. The Ninth Circuit, like the Second Circuit, is considered a leading and influential circuit on copyright law. Lastly, as the initial scheduling conference in this matter has not even been held, there will be no "waste" of judicial resources if this action is dismissed and the parallel action appropriately proceeds in the Central District of California.

All of Kirby's children are indispensable parties who should be before a court of competent jurisdiction, so as to efficiently and "finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *CP Nat'l Corp. v. Bonneville Power Admin.,* 928 F.2d 905, 912 (9th Cir. 1991) (internal citation omitted). As this Court only has jurisdiction over two of the four indispensable Kirby heirs, the Complaint must be dismissed pursuant to FRCP 12(b)(7) and 19.[1]

## C.     Plaintiffs' Forum-Shopping Should Not Be Countenanced

The parties were in the midst of detailed settlement discussions and the Kirby family awaited a response from Disney/Marvel, when, without warning, Marvel filed this action in the Southern District of New York right after the Christmas holidays. Toberoff Decl., ¶ 5. In retrospect it is apparent that, while Disney/Marvel sidetracked the Kirbys, Marvel raced to the courthouse so as to choose the forum and re-clothe itself as a "Plaintiff."

---

[1] Even were Lisa and Neal Kirby not indispensable, the Declaratory Judgment Act accords "unique and substantial discretion" to district courts to decline to entertain jurisdiction. *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 136 (2007) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). "[T]here is no absolute right to a declaratory judgment, for the statute specifically entrusts courts with discretion to hear declaratory suits or not depending on the circumstances." *Serco Services Co. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995). In light of the substantially similar lawsuit that has been filed in the Central District of California without jurisdictional defects, this Court should decline this action. Toberoff Decl., Ex. A.

Disney/Marvel were well aware that two of the four Kirby children resided in California and that of these two, Lisa Kirby manages the affairs of the Kirby estate as Trustee of The Rosalind Kirby Trust. Lisa Decl., ¶ 3. Disney/Marvel were likewise aware that the Kirbys' counsel, Toberoff & Associates, who were retained to draft and enforce the Termination Notices, are also located across the country in Los Angeles, California. Toberoff Decl., ¶ 5; Lisa Decl., ¶¶ 4-5; Neal Decl., ¶¶ 3-4. Disney/Marvel's improper and inconvenient forum choice clearly provides them with the inappropriate strategic "benefit" of burdening the Kirbys by increasing the expense of enforcing their rights under the Copyright Act and of thereby dissuading such enforcement.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion to dismiss in its entirety.

Dated: New York, New York  
       March 9, 2010

TOBEROFF & ASSOCIATES, P.C.

By: ___s/Marc Toberoff_____  
       Marc Toberoff (MT 4862)

2049 Century Park East, Suite 2720  
Los Angeles, CA 90067  
Tel: 310-246-3333

Attorneys for defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served electronically by the Court's ECF system and by first class mail on those parties not registered for ECF pursuant to the rules of this court.

Dated: March 9, 2010        TOBEROFF & ASSOCIATES, P.C.

By: ___s/Marc Toberoff_____
       Marc Toberoff (MT 4862)

2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: 310-246-3333

Attorneys for defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby