# EXHIBIT A



Marc Toberoff (CA State Bar No. 188547)
Nicholas C. Williamson (CA State Bar No. 231124)
Keith G. Adams (CA State Bar No. 240497)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
E-mail: MToberoff@ipwla.com

Attorneys for Plaintiffs,
LISA R. KIRBY, BARBARA J. KIRBY,
NEAL L. KIRBY, and SUSAN M. KIRBY

FILED

10 MAR -9 PM 4: 10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA R. KIRBY, as an individual and as Trustee for THE ROSALIND KIRBY TRUST, a trust; BARBARA J. KIRBY, an individual; NEAL L. KIRBY, an individual; and SUSAN M. KIRBY, an individual,<br><br>          Plaintiffs,<br><br>  vs.<br><br>MARVEL ENTERTAINMENT, INC., a corporation; MARVEL WORLDWIDE, INC., a corporation; MARVEL CHARACTERS, INC., a corporation; MVL RIGHTS, LLC, a corporation; THE WALT DISNEY COMPANY, a corporation; and DOES 1 through 10,<br><br>          Defendants. | CASE NO. SACV10-00289-CJC(ANx)<br><br>**COMPLAINT FOR:**<br>**[1] DECLARATORY RELIEF RE: TERMINATION, 17 U.S.C. § 304(c);**<br>**[2] DECLARATORY RELIEF RE: PROFITS;**<br>**[3] CONVERSION; and**<br>**[4] VIOLATION OF LANHAM ACT, 15 U.S.C. § 1125.**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

COMPLAINT

Plaintiffs LISA R. KIRBY, BARBARA J. KIRBY, NEAL L. KIRBY, and SUSAN M. KIRBY, by and through their attorneys of record, hereby allege as follows:

## JURISDICTION AND VENUE

1.    This is a civil action seeking declaratory relief arising out of Plaintiffs' termination, pursuant to the United States Copyright Act of 1976, 17 U.S.C. § 304(c), of prior grants of copyright in and to the original characters and works created and/or co-created by Jack Kirby (a.k.a. Jacob Kurtzberg) ("Kirby"), known as "The Fantastic Four," "Iron Man," "Ant-Man," "X-Men," "The Incredible Hulk," "The Avengers," "Thor," "Nick Fury," "Spider-Man," "Journey Into Mystery," "Rawhide Kid," "Strange Tales," "Tales of Suspense," "Amazing Adventures" and "Tales to Astonish."

2.    This Court has subject matter jurisdiction over the claims set forth in this Complaint pursuant to the United States Copyright Act (hereinafter, the "Copyright Act"), 17 U.S.C. § 101 *et al.* pursuant to the Lanham Act, 15 U.S.C. §§ 1121 and 1125(a) and (c), and 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court has supplemental jurisdiction over the related state claim herein under 18 U.S.C. § 1367 in that these claims form part of the same case and controversy as the federal claims herein.

3.    This Court has personal jurisdiction over the Defendants in that Defendants are regularly doing business in the State of California and in this district and maintain contacts within the State of California and this district.

4.    Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a), because Defendants are conducting business in this district and are subject to personal jurisdiction in this district and because Defendants THE WALT DISNEY COMPANY, MARVEL CHARACTERS, INC., and MVL RIGHTS, LLC have their principal place of business in this district.

## **PARTIES**

5.    Plaintiff LISA R. KIRBY (hereinafter "Lisa Kirby") is an individual and a citizen of and resides in the State of California, in the County of Ventura, and is and at all times has been a citizen of the United States.  Lisa Kirby is the daughter of Jack Kirby.  Lisa Kirby is the Trustee of the Rosalind Kirby Trust, a California trust.

6.    Plaintiff BARBARA J. KIRBY (hereinafter "Barbara Kirby") is an individual and a citizen of and resides in the State of New York, in the County of Putnam, and is and at all times has been a citizen of the United States.  Barbara Kirby is the daughter of Jack Kirby.

7.    Plaintiff NEAL L. KIRBY (hereinafter "Neal Kirby") is an individual and a citizen of and resides in the State of California, in the County of Orange and is and at all times has been a citizen of the United States.  Neal Kirby is the son of Jack Kirby.

8.    Plaintiff SUSAN M. KIRBY (hereinafter "Susan Kirby") is an individual and a citizen of and resides in the State of New York, in the County of Putnam, and is and at all times has been a citizen of the United States.  Susan Kirby is the daughter of Jack Kirby.

9.    Plaintiffs are informed and believe and based thereon allege that defendant THE WALT DISNEY COMPANY (hereinafter "Disney") is a corporation organized and existing under the laws of the State of Delaware, which has its principal place of business in Los Angeles County, California.

10.    Plaintiffs are informed and believe and based thereon allege that Defendant MARVEL ENTERTAINMENT, INC. (hereinafter, collectively with defendants MARVEL WORLDWIDE, INC., MARVEL CHARACTERS, INC., and MVL RIGHTS, LLC, "Marvel") is a corporation organized and existing under the laws of the State of Delaware; and that MARVEL ENTERTAINMENT, INC. regularly conducts significant business in the State of California and in the County

2
COMPLAINT

of Los Angeles.  Plaintiffs are informed and believe and based thereon allege that Marvel was recently purchased by Disney, on December 31, 2009.

11.     Plaintiffs are informed and believe and based thereon allege that defendant MARVEL WORLDWIDE, INC. is a Delaware corporation maintaining its principal place of business in New York, New York, and that MARVEL WORLDWIDE, INC. regularly conducts significant business in the State of California and in the County of Los Angeles.

12.     Plaintiffs are informed and believe and based thereon allege that defendant MARVEL CHARACTERS, INC. is a corporation organized and existing under the laws of the State of Delaware, which has its principal place of business in Los Angeles County, California.

13.     Plaintiffs are informed and believe and based thereon allege that defendant MVL RIGHTS, LLC is a corporation organized and existing under the laws of the State of Delaware, which has its principal place of business in Los Angeles County, California.

14.     Plaintiffs are informed and believe and based thereon allege that Marvel is the relevant successor-in-interest to the following entities:  Timely Comics; Atlas Comics; Atlas Magazines, Inc.; Magazine Management Company, Inc.; Canam Publishers Sales Corporation; Non-Pareil Publishing Corporation; Vista Publications, Inc.; Zenith Publishing Corporation; Bard Publishing Corporation; Warwick Publications, Inc.; Male Publishing Corp.; Miss America Publishing Corporation; Chipiden Publishing Corporation; Marvel Comics Group; and Marvel Entertainment Group, Inc. ("Marvel's Predecessor(s)").

15.     Plaintiffs are informed and believe and based thereon allege that defendants MARVEL ENTERTAINMENT, INC., MARVEL WORLDWIDE, INC., MARVEL CHARACTERS, INC., MVL RIGHTS, LLC and THE WALT DISNEY COMPANY ("Defendants") are the alter-egos of each other and there exists a unity of interest and ownership among such Defendants such that any

separateness has ceased to exist with respect to the works authored or co-authored by Kirby that are the subject hereof.

16.     Plaintiffs are informed and believe and based thereon allege that the fictitiously named Defendants captioned hereinabove as Does 1 through 10, inclusive, and each of them, were in some manner responsible or legally liable for the actions, damages, events, transactions and circumstances alleged herein. The true names and capacities of such fictitiously named defendants, whether individual, corporate, associate, or otherwise are presently unknown to Plaintiffs, and Plaintiffs will amend this Complaint to assert the true names and capacities of such fictitiously named Defendants when the same have been ascertained. For convenience, each reference herein to a named Defendant shall also refer to the Doe Defendants and each of them.

17.     Plaintiffs are informed and believe and based thereon allege that each of the Defendants was the agent, partner, servant, employee, or employer of each of the other Defendants herein, and that at all times herein mentioned, each of the Defendants was acting within the course and scope of such employment, partnership and/or agency and that each of the Defendants is jointly and severally responsible for the damages hereinafter alleged.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

18.     Kirby is widely considered to be one of the most talented and prolific comic book artists/authors of all time. Beginning in 1936, and continuing almost uninterrupted until his death in 1994, Kirby conceived, drew and authored numerous comic books that were ultimately published by a wide variety of publishers, including Marvel.

19.     Between 1958 and 1963, Jack Kirby authored or co-authored numerous original comic book stories featuring a variety of characters, including "The Fantastic Four," "X-Men," "Iron Man," "Spider-Man," "The Incredible

Hulk," "Thor," "The Avengers," "Nick Fury" and "Ant-Man," which were purchased by Marvel's Predecessors and published in their following periodicals: *Amazing Adventures*, Vol. 1, Nos. 1-6; *Amazing Fantasy,* Vol. 1, No. 15; *The Amazing Spider-Man*, Vol. 1, Nos. 1-7; *The Avengers,* Vol. 1, Nos. 1-2; *The Fantastic Four*, Vol. 1, Nos. 1-21; *The Fantastic Four Annual*, No. 1; *Journey Into Mystery,* Vol. 1, Nos. 51-98; *The Incredible Hulk,* Vol. 1, Nos. 1-6; *The Rawhide Kid*, Vol. 1, Nos. 17-35; *Sgt. Fury and His Howling Commandoes*, Vol. 1, Nos. 1-4; *Strange Tales*, Vol. 1, Nos. 67-115; *Tales of Suspense*, Nos. 1, 3-48; *Tales to Astonish*, Vol. 1, Nos. 1, 3-50; and *The X-Men*, Vol. 1, Nos. 1-2 (hereinafter, the "Kirby Works").

20.    For much of this period, the comic book division of Marvel's Predecessors was on the brink of bankruptcy due in large part to criticism in Fredric Wertham's book, "Seduction of the Innocent," the ensuing 1954 hearings of the Senate Subcommittee on Juvenile Delinquency, and the resulting censorship imposed on the comic book industry by the introduction of the "Comic Code Authority" in 1954. Shortly thereafter, the comic book market underwent a severe contraction.

21.    In the period relevant to this action, Marvel's Predecessors had a tiny office, very few employees, and fed the printing presses of related entities with comic book material purchased for publication from "freelancers" to which they had little or no obligation.

22.    During this period, Kirby was not an employee of any of Marvel's Predecessors and was not paid a fixed salary or wage by any of them. Marvel's Predecessors were not financially obligated to Kirby, kept their options open, and thus never committed to any written agreement pursuant to which Kirby was to create his works. Like many others during this difficult economic time, Kirby worked solely on a freelance basis out of his own home, with his own instruments and materials and thereby bore the financial risk of creating his copyrighted

materials. At completion, such material was submitted to Marvel's Predecessors, and if they accepted it for publication, they purchased Kirby's material at a per-page rate.

23. The Kirby Works were not created as "works-made-for-hire" for Marvel's Predecessors.

24. A decade later, on or about May 30, 1972, at the request of Marvel's Predecessors, Kirby entered into an agreement with Magazine Management Co., Inc. whereby he assigned his copyrights in the Kirby Works to Magazine Management Co., Inc. for additional compensation (hereinafter, the "1972 Grant"). Marvel is the alleged successor-in-interest to Magazine Management Co., Inc.

25. On September 16, 2009, Plaintiffs served by first class mail, postage prepaid, notices of termination, pursuant to the Copyright Act, 17 U.S.C. § 304(c) (hereinafter, the "Termination Notices") on each of the Defendants and a number of their subsidiaries, licensees and affiliates, terminating the 1972 Grant and any prior implied grant to Marvel's Predecessors of the renewal copyright to the Kirby Works listed in the notices of termination, including any character, story element or indicia reasonably associated with the Kirby Works, all as set forth in the Notices of Termination.

26. Plaintiffs are informed and believe and based thereon allege that the copyrights to all the Kirby Works listed in the Termination Notices were renewed by Marvel or Marvel's Predecessors.

27. The Notices of Termination were drafted and served on Defendants, all in full compliance with the Copyright Act, 17 U.S.C. § 304(c), and the regulations promulgated thereunder by the Register of Copyrights, 37 C.F.R. § 201.10.

28. The Notices of Termination will terminate on their respective effective dates (hereinafter, the "Termination Dates") all operative prior grants or purported grants of the renewal copyrights in and to the Works for their extended

renewal terms.

29.     On the Termination Dates, Plaintiffs will recapture ownership of Kirby's original copyright interest in and to the Kirby Works for their respective extended copyright renewal terms (hereinafter, the "Recaptured Copyrights").

## FIRST CLAIM FOR RELIEF

(Declaratory Relief That the Notices of Termination Are Effective Pursuant to 17 U.S.C. § 304(c) - Against All Defendants)

30.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 29 inclusive, as though fully set forth herein.

31.     By reason of the foregoing facts, an actual and justiciable controversy has arisen and now exists between Plaintiffs and Defendants under Federal copyright law, 17 U.S.C. §§ 101 *et seq.*, concerning their respective rights and interests in and to the copyrights to various Kirby Works, for which Plaintiffs desire a declaration of rights.

32.     Plaintiffs contend and Defendants deny that:

a.     The Termination Notices are effective and will terminate on their respective Termination Dates the 1972 Grant and any other operative grants, assignments or transfers by Kirby of copyrights for the renewal terms in and to each and/or all of the Kirby Works (as defined in paragraph 19 hereinabove) to any of Marvel's Predecessors, and will likewise terminate any assignments or licenses of such copyrights by Marvel or the Marvel Predecessors to third parties;

b.     With respect to those Kirby Works solely authored by Kirby, Plaintiffs will own the Recaptured Copyrights for their renewal terms as of their respective Termination Dates;

c.     With respect to those Kirby Works co-authored  by Kirby (hereinafter "Co-Owned Kirby Works"), Plaintiffs will own Kirby's

undivided co-authorship share of the copyright to such works for their renewal terms as of their respective Termination Dates;

        d.      With respect to Co-Owned Kirby Works, Plaintiffs are entitled to a *pro rata* percentage of any and all proceeds, compensation, monies, profits, gains and advantages from the exploitation of, or attributable to, in whole or in part, such Co-Owned Kirby Works (hereinafter, sometimes referred to as "Profits"); and

        e.      With respect to Co-Owned Kirby Works, as of the respective Termination Dates, Defendants will jointly own the copyrights to such works for their renewal terms; both Plaintiffs and Defendants will have the non-exclusive right to exploit such jointly owned copyrights, subject to a duty to account to one another for a *pro rata* share of the Profits derived from such exploitation; and neither Plaintiffs nor Defendants will have the authority to confer exclusive licenses or grants to third parties with respect to such jointly owned copyrights, and/or any element thereof.

33.     A declaration of the Court is necessary pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, so that the parties may know their respective rights and obligations with respect to the Termination Notices and the copyright interests thereby recaptured by Plaintiffs.

## SECOND CLAIM FOR RELIEF

(Declaratory Relief Regarding the Principles to be Applied in an Accounting of Profits from the Exploitation of Jointly Owned Copyrights - Against All Defendants)

34.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33 inclusive, as though fully set forth herein.

35.     By reason of the foregoing facts, an actual and justiciable controversy has arisen and now exists between Plaintiffs and Defendants concerning how Profits from Co-Owned Kirby Works should be defined for purposes of

Defendants' and Plaintiffs' duty to account to one another for their respective

exploitation of such works after their respective Termination Dates.

36. Plaintiffs contend and Defendants deny that:

a. Profits should include revenues from the exploitation of new derivative works based, in whole or in part, on Co-Owned Kirby Works and produced and/or completed on or after the respective Termination Dates, including but not limited to works produced and/or completed prior to such Termination Dates, but which are modified after such Termination Dates so as to comprise new derivative works under the Copyright Act (hereinafter collectively, "New Derivative Works");

b. Profits should include profits from New Derivative Works, notwithstanding that the underlying license agreement(s) for such New Derivative Works were entered into prior to the respective Termination Dates;

c. Profits should include Defendants' revenues from the exploitation on or after the respective Termination Dates of New Derivative Works in foreign territories, when such revenues result from the predicate exercise *in the United States* of any right under the copyright to a Co-Owned Kirby Work, by any Defendant, their licensees or assigns;

d. Profits should include Defendants' revenues from the exploitation of the copyright to a Co-Owned Kirby Work, or any elements thereof; notwithstanding that such copyright or copyrighted element is also subject to trademark protection or contains a registered trademark(s), if any, owned by any of the Defendants;

e. There should be no *apportionment* of Profits from the exploitation of a Co-Owned Kirby Work subject to an accounting, because such an accounting between joint copyright owners is governed by state law, which provides that each co-owner is entitled to a *pro rata* share of the Profits derived from co-owned property, irrespective of any "improvements" unilaterally made by

another co-owner;

f. Alternatively, if *apportionment* is ordered, it should apply only to Profits from the exploitation of a New Derivative Work *created by a Defendant*, but not to Profits from the mere *licensing* of a Co-Owned Kirby Work(s), because the compensation for such licensing inherently reflects market value *apportionment*;

g. Alternatively, if *apportionment* is ordered, there should be no *apportionment* for any item or element, the cost of which is already deducted in computing Defendants' Profits, because this would be "double counting";

h. Profits should include the Profits of the Marvel Defendants and/or their parent, Disney, and the Profits of any entity owned by either of them, and Defendants should be enjoined from reducing or diluting Plaintiffs' share of Profits by intra-corporate licensing between them or closely held or related entities; and

i. In determining Profits, deductible costs should include only reasonable costs directly attributable to the exploitation of New Derivative Works, of the type customarily deducted in arms' length agreements to exploit copyrights of comparable value, all in compliance with Generally Accepted Accounting Principles ("GAAP").

37. A declaration of the Court is necessary pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, so that the parties may know their respective rights and obligations with respect to Profits from the exploitation of the Recaptured Copyrights after the Termination Dates.

### THIRD CLAIM FOR RELIEF

(Conversion – by Plaintiff Lisa R. Kirby, as Trustee for The Rosalind Kirby Trust ("Trustee") – Against all Defendants)

38. Plaintiff Trustee re-alleges and incorporates by reference paragraphs 1 through 37 inclusive, as though fully set forth herein.

39. Marvel's Predecessors took possession of Kirby's original artwork (the "Kirby Artwork") for purposes of publishing the Kirby Works. The Kirby Artwork is of great historical and artistic value and significance.

40. Kirby was the lawful owner of the Kirby Artwork. Kirby died on February 6, 1994, whereupon ownership of the Kirby Artwork passed to his spouse, Rosalind Kirby. Upon the death of Rosalind Kirby, ownership of the Kirby Artwork passed to The Rosalind Kirby Trust.

41. In or around 1982, Jack Kirby demanded that Marvel return all of the Kirby Artwork in its possession or control.

42. Plaintiff Trustee is informed and believes, and based thereon alleges that in or around 1984, the New York State Board of Equalization made inquiries as to sales tax due in connection with Marvel's purchase of comic book artwork.

43. Thereafter, commencing on or about October 16, 1986, Marvel purported to return to Kirby all of the Kirby Artwork in its possession or control. Marvel represented to Kirby that it had no other Kirby Artwork in its possession or control than that returned to Kirby, and Kirby and his successors, including Plaintiff Trustee, relied on Marvel's representations.

44. Plaintiff Trustee is informed and believes and based thereon alleges that Marvel retains in its possession certain Kirby Artwork that it did not return to Kirby, thereby exerting dominion over such Kirby Artwork and converting it to their own use. Plaintiff Trustee is informed and believes and based thereon alleges that Marvel concealed and continues to conceal that Marvel retained certain Kirby Artwork that it did not return to Kirby, and due to such ongoing concealment Plaintiff Trustee did not demand that Marvel return such Kirby Artwork.

45. The Kirby Trust is unaware of the ultimate disposition of the Kirby Artwork converted by Marvel because such knowledge is within the exclusive possession of Marvel.

46. As a proximate result of Marvel's conversion, the Kirby Trust has

been deprived of its rightful possession of the Kirby Artwork, including the opportunity to use, enjoy, sell, license or otherwise dispose of such artwork, all to its damage in an amount to be determined at trial.

47. Defendants' acts alleged hereinabove were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

## FOURTH CLAIM FOR RELIEF

(Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) –

Against all Defendants)

48. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 47, inclusive, as though fully set forth herein.

49. Plaintiffs are informed and believe and based thereon allege that on or around June 13, 2008, the major motion picture *The Incredible Hulk* was released, based on the Kirby Works. On or about May 1, 2009, the major motion picture *X-Men Origins: Wolverine* was released, based on the Kirby Works (collectively, *The Incredible Hulk* and *X-Men Origins: Wolverine* are referred to as the "Kirby Films").

50. Plaintiffs are informed and believe and based thereon allege that the Kirby Films were released pursuant to a license from Marvel or Marvel's predecessors to third party licensees, and that such licenses did not require the licensees to properly accredit Kirby as the author or co-author of the underlying works on which the Kirby Films were based.

51. Marvel has manufactured, distributed and/or licensed innumerable products associated with the Kirby Films, such as merchandising (the "Kirby Film Merchandise").

52. Plaintiffs are informed and believe and based thereon allege that in the Kirby Films and in the commercial advertising and promotion for the Kirby Films, Kirby was not properly identified by Marvel's licensees as the author or co-author of the underlying works on which the Kirby Films were based.

53.     Plaintiffs are informed and believe and based thereon allege that in the commercial advertising and promotion for the Kirby Film Merchandise, Kirby was also not properly identified by Marvel as the author or co-author of the underlying works on which the Kirby Films and the Kirby Film Merchandise were based.

54.     Plaintiffs are informed and believe and based thereon allege that Defendants thereby misrepresented in commercial advertising and promotion that Kirby is not the author or co-author of the Kirby Works underlying the Kirby Films and Kirby Film Merchandise.  Such false claims, representations and wrongful omissions misrepresented in commercial advertising and promotion the nature, characteristics and qualities of the Kirby Films and Kirby Film Merchandise.

55.     Plaintiffs are informed and believe and based thereon allege that such false or misleading descriptions, representations and omissions of fact regarding the Kirby Films and Kirby Film Merchandise in interstate commerce materially affected the purchasing decisions of consumers of such products.

56.     Such use of false or misleading descriptions or representations of fact in interstate commerce is in opposition to the protection of the public interest.

57.     Plaintiffs are informed and believe and based thereon allege that such false or misleading descriptions or representations were made by Marvel with a willful disregard for the public interest.

58.     Plaintiffs are in commercial competition with Marvel with respect to the sale and licensing of works authored or co-authored by Kirby, and of derivative works based thereon.

59.     Defendants' wrongful conduct has proximately caused and will continue to cause Plaintiffs substantial injury and damage including, without limitation, loss of customers, dilution of goodwill, injury to their business reputation, lost profits and diminution of the value of their interests in Kirby's works, derivative products and commercial activities and in Kirby's name and

reputation.

60. The ongoing harm this wrongful conduct will cause to Plaintiffs is both imminent and irreparable, and the amount of damage sustained by Plaintiffs will be difficult to ascertain if such wrongful conduct is allowed to continue unabated.

61. By reason of the foregoing, Defendants have violated and continue to violate the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

62. Plaintiffs are entitled to an injunction, during the pendency of this action and permanently, restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from misrepresenting that Kirby is not the author or co-author of the Kirby Works underlying the Kirby Films, the Kirby Film Merchandise and associated derivative products.

63. Plaintiffs have no adequate remedy at law with respect to these ongoing violations.

64. Plaintiffs are further entitled to recover from Defendants, under 15 U.S.C. § 1117(a), up to three times the damages they sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendants as a result of their wrongful acts and omissions alleged hereinabove, plus reasonable attorneys' fees and costs, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial.

WHEREFORE, Plaintiffs pray for relief as follows:

## PRAYER FOR RELIEF

### ON THE FIRST CLAIM FOR RELIEF

65. For a declaration as follows:

a. That pursuant to the Copyright Act, 17 U.S.C. § 304(c), Plaintiffs will validly terminate, on the respective Termination Dates, all prior grants, assignments or transfers of the renewal copyrights in and to each and/or all

of the Kirby Works to any of the Defendants and any of their predecessors-in-interest;

b.     That, with respect to Kirby Works *solely authored* by Kirby, Plaintiffs will exclusively own the Recaptured Copyrights thereto for their renewal terms as of their respective Termination Dates, and any prior assignments or licenses to third parties of the renewal copyrights to such Kirby Works, in whole or in part, by Marvel or Marvel's Predecessors will be terminated as of the respective Termination Dates;

c.     That, with respect to Kirby Works *co-authored* by Kirby, Plaintiffs will own a *pro rata* share of the copyrights thereto for their renewal terms as of their respective Termination Dates;

d.     That, with respect to such Co-Owned Kirby Works, Plaintiffs are entitled to a *pro rata* percentage of any and all Profits attributable thereto, in whole or in part; and

e.     That, with respect to such Co-Owned Kirby Works, both Plaintiffs and Defendants will each have the non-exclusive right to exploit the jointly owned copyrights thereto; that both Plaintiffs and Defendants will be subject to a duty to account to the other for a *pro rata* share of the Profits derived from such exploitation; and that neither Plaintiffs nor Defendants will have the authority to confer exclusive copyright licenses or grants to third parties with respect to such Co-Owned Kirby Works, or any element thereof.

<u>ON THE SECOND CLAIM FOR RELIEF</u>

66.     With respect to Plaintiffs' and Defendants' duty to account to one another for their Profits from Co-Owned Kirby Works, for a declaration as follows:

a.     That Profits should include Defendants' revenues from the exploitation of any and all New Derivative Works;

b.     That Profits should include Defendants' revenues from any

New Derivative Works, notwithstanding that the underlying license agreement(s) for such New Derivative Works were entered into prior to the respective Termination Dates;

        c.     That Profits include Defendants' revenues from New Derivative Works in foreign territories, when such revenues result from the predicate exercise *in the United States* of any right under the copyright to a Co-Owned Kirby Work, by any Defendant, their licensees or assigns;

        d.     That Profits include Defendants' revenues from the exploitation of the Co-Owned Kirby Works or any elements thereof in New Derivative WOrks; notwithstanding that such copyrights or copyrighted elements are also subject to trademark protection or comprise registered trademarks owned by Defendants, if any;

        e.     That there should be no *apportionment* of Profits since Plaintiffs are entitled to a *pro rata* share of all such Profits as joint owners of the Co-Owned Kirby Works;

        f.     Alternatively, that apportionment, if any, will apply only to Profits from the exploitation of the Co-Owned Kirby Works in New Derivative Works created by a Defendant, but not to Profits from the mere *licensing* of the Co-Owned Kirby Works by any of the Defendants;

        g.     Alternatively, that there will be no apportionment for any item or element, the cost of which is already deducted in computing Defendants' Profits;

        h.     That Profits include the Profits of any and all Defendants, their subsidiaries and divisions; and

        i.     That in determining Profits, only reasonable costs directly attributable to the exploitation of the Co-Owned Kirby Works, of the type customarily deducted in arms' length agreements to exploit copyrights of comparable value to that of the Co-Owned Kirby Works, should be deducted from

gross revenues, all in compliance with GAAP.

<u>ON THE THIRD CLAIM FOR RELIEF</u>

67. For the value of the property converted;

68. For interest at the legal rate on the foregoing sum pursuant to Section 3336 of the Civil Code;

69. For damages for the proximate and foreseeable loss resulting from Defendants' acts according to proof as shall be determined at trial;

70. For interest at the legal rate on the foregoing sum pursuant to Section 3287(a) of the Civil Code;

71. For damages for time and money properly expended in pursuit of the converted property in the sum of an amount to be determined at trial;

72. For punitive and exemplary damages.

<u>ON THE FOURTH CLAIM FOR RELIEF</u>

73. For an order preliminarily and thereafter permanently enjoining Defendants from making such false or misleading descriptions, representations, and omissions of fact in connection with the Kirby Films, Kirby Film Merchandise, and Defendants' licensing and commercial activities, and from engaging in any further violations of the Lanham Act;

74. For up to three times the damages Plaintiffs sustained and will sustain and any income, gains, profits, and advantages obtained by Defendants as a result of their violation of the Lanham Act in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

75. For such and other relief and remedies available under the Lanham Act, 15 U.S.C. §§ 1125 and 1117, which the Court may deem just and proper.

<u>ON ALL CLAIMS FOR RELIEF</u>

76. For Plaintiffs' costs of suit;

77. For interest at the highest lawful rate on all sums awarded Plaintiffs other than punitive damages;

78.  For reasonable attorneys' fees; and

79.  For such other and further relief as the Court may deem just and proper.


DATED: March 9, 2010          TOBEROFF & ASSOCIATES, P.C.


By _____
                    Marc Toberoff

Attorneys for Plaintiffs LISA R. KIRBY,
BARBARA J. KIRBY, NEAL L. KIRBY, and
SUSAN M. KIRBY

**JURY TRIAL DEMANDED**

Plaintiffs hereby request a trial by jury on each claim for relief alleged in the Complaint.

DATED: March 9, 2010                    TOBEROFF & ASSOCIATES, P.C.

By _____
                    Marc Toberoff

Attorneys for Plaintiffs LISA R. KIRBY, BARBARA J. KIRBY, NEAL L. KIRBY, and SUSAN M. KIRBY