Marc Toberoff (MT 4862)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: 310-246-3333
Fax: 310-246-3101
MToberoff@ipwla.com

Attorneys for Defendants Lisa R. Kirby, Barbara J.
Kirby, Neal L. Kirby and Susan M. Kirby

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------

MARVEL WORLDWIDE, INC.,
MARVEL CHARACTERS, INC. and
MVL RIGHTS, LLC,

                        Plaintiffs,

    -against-

LISA R. KIRBY, BARBARA J. KIRBY,
NEAL L. KIRBY and SUSAN M. KIRBY,

                        Defendants.

---------------------------------------------------------

Civil Action No. 10-141 (CM) (KF)

[Hon. Colleen McMahon]

[ECF Case]

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO JOIN
<u>INDISPENSABLE PARTIES</u>**

**TABLE OF CONTENTS**

I.  THIS COURT LACKS JURISDICTION OVER LISA AND NEAL KIRBY ..................................................................................................1

   A.  Mere Service of Termination Notices Does Not Constitute "Purposeful Availment" of the Benefits and Protections of New York Law ...................................................................................................1

   B.  Plaintiffs' "Inheritance" Theory and Misplaced Venue Arguments Are Also Unavailing ..................................................................................5

   C.  Lisa Kirby's Limited and Expired Publishing Contracts Do Not Confer General or Specific Jurisdiction........................................................6

II. PLAINTIFFS' ARGUMENTS THAT LISA AND NEAL KIRBY ARE NOT "NECESSARY" OR "INDISPENSABLE" PARTIES LACK MERIT ...................................................................................................................7

# TABLE OF AUTHORITIES

**Federal Cases**

*Arquest, Inc. v. Kimberly-Clark Worldwide, Inc.*,
2008 U.S. Dist. LEXIS 60987 (S.D.N.Y. July 31, 2008) ..................................................5

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,
223 F.3d 1082 (9th Cir. 2000) ........................................................................................5

*Bank of Am. v. Lembruger*,
385 F. Supp. 2d 200 (S.D.N.Y. 2005)..............................................................................8

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)......................................................................................................4, 6

*Carlson v. Cuevas*,
932 F. Supp. 76 (S.D.N.Y. 1996).....................................................................................5

*Casa Marie, Inc. v. Superior Court*,
988 F.2d 252 (1st Cir. 1993)............................................................................................9

*China Resource Prods. (USA) v. China Distribs.*,
1994 U.S. Dist. LEXIS 11407 (S.D.N.Y. Aug. 8, 1994)..................................................2

*CP Solutions PTE, Ltd. v. Gen. Elec. Co.*,
553 F.3d 156 (2d Cir. 2009)............................................................................................8

*Cutco Indus., Inc. v. Naguhton*,
806 F.2d 361 (2d Cir. 1986)............................................................................................4

*DNT Enters. v. Tech. Sys.*,
333 Fed. Appx. 611 (2d Cir. 2009).................................................................................2

*DiChiara v. Ample Faith Inv., Ltd.*,
2006 U.S. Dist. LEXIS 85972 (S.D.N.Y. 2006)..............................................................8

*DirecTV Latin Am., LLC v. Park 610, LLC*,
2010 U.S. Dist. LEXIS 6259 (S.D.N.Y. 2010)................................................................3

*Dudnikov v. Chalk & Vermilion Fine Arts*,
514 F.3d 1063 (10th Cir. 2008) ......................................................................................5

*Felix Cinematografica v. Penthouse International, Ltd.*,
99 F.R.D. 167 (S.D.N.Y. 1983) .....................................................................................10

*Fort Knox Music, Inc. v. Baptiste*,
139 F. Supp. 505 (S.D.N.Y. 2001)..................................................................................4

*Fuji Photo Film Co. v. Deep Creek Design*
1998 U.S. Dist. Lexis 19525 (S.D.N.Y. December 15, 1998).........................................10

*Galgay v. Bulletin Co.*,
504 F.2d 1062 (2d Cir. 1974)..........................................................................................3

*Global Disc. Travel Servs. LLC v. TWA*,
960 F.Supp. 701 (S.D.N.Y. 1997).................................................................................10

*John Wiley & Sons, Inc. v. Treeakarabenjakul*,
2009 U.S. Dist. LEXIS 52819 (S.D.N.Y. June 18, 2009) ...............................................1

*Lichtenstein v. Jewelart, Inc.*,
95 F.R.D. 511 (E.D.N.Y. 1982) .....................................................................................3

*Madden v. Int'l Ass'n of Heat & Frost Insul. & Asbestos Workers*,
889 F. Supp. 707 (S.D.N.Y. 1995)..................................................................................1

*Manko v. United States*,
87 F.3d 50 (2d Cir. 1996) ................................................................................................9

*Maranga v. Vira*,
386 F. Supp. 2d 299 (S.D.N.Y. 2005).............................................................................2

*Marvel Characters v. Simon*,
310 F.3d 280 (2d Cir. 2002)............................................................................................9

*Messerschmitt-Boelkow-Blohm v. Hughes Aircraft Co.*,
483 F. Supp. 49 (S.D.N.Y. 1979)....................................................................................8

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*,
84 F.3d 560 (2d Cir. 1996)..............................................................................................7

*Nat'l Tel. Directory Consultants v. Bellsouth Adver. & Publ'g Corp.*,
25 F. Supp. 2d 192 (S.D.N.Y. 1998)...............................................................................2

*Nat'l Union Fire Ins. Co. v. Int'I Wire Grp. Inc.*,
2003 WL 21277114 (S.D.N.Y. June 2, 2003) ...............................................................10

*Nelson v. Mass. Gen. Hosp.*,
2007 U.S. Dist. LEXIS 70455 (S.D.N.Y. Sept. 20, 2007)...............................................2

*PDK Labs, Inc. v. Friedlander*,
103 F.3d 1005 (2d Cir. 1997)..................................................................................................1

*Pearson Educ., Inc. v. Yi Shi*,
525 F. Supp. 2d 551 (S.D.N.Y. 2007).....................................................................................1

*Plunket v. Estate of Conan Doyle*,
2001 U.S. Dist. LEXIS 2001 (S.D.N.Y. Feb. 22, 2001).........................................................8

*Potomac Elec. Power Co. v. Babcock & Wilcox Co.*,
54 F.R.D. 486 (D. Md. 1972)................................................................................................10

*Prescript. Plan Serv. Corp. v. Franco*,
552 F.2d 493 (2d Cir. N.Y. 1977)...........................................................................................8

*RAR, Inc. v. Turner Diesel, Ltd.*,
107 F.3d 1272 (7th Cir. 1997) ................................................................................................7

*Societe Generale v. Fla. Health Scis. Ctr., Inc.*,
2003 U.S. Dist. LEXIS 21502 (S.D.N.Y. 2003).....................................................................3

*Spencer Trask Ventures, Inc. v. Archos S.A.*,
2002 U.S. Dist. LEXIS 4396 (S.D.N.Y. Mar. 15, 2002) .................................................. 3-4

*Toledo Peoria & Western Ry. Corp. v. Southern Ill. Railcar Co.*,
84 F. Supp. 2d 340 (N.D.N.Y. 2000).....................................................................................2

*Tycom Corp. v. Redactron Corp.*,
380 F. Supp. 1183 (D. Del. 1974)..........................................................................................9

*United States Theatre Corp. v. Gunwyn/Lansburgh Ltd. Partnership*,
825 F. Supp. 594 (S.D.N.Y. 1993).........................................................................................2

*Wilhelmshaven Acquisition Corporation v. Asher*,
810 F. Supp. 108 (S.D.N.Y. 1993).........................................................................................2

**State Cases**

*Abbate v. Abbate*,
82 A.D.2d 368 (N.Y. App. 1981) ..........................................................................................3

*Ehrenfeld v. Bin Mahfouz*,
9 N.Y.3d 501 (2007) ..............................................................................................................4

*Parke-Bernet Galleries, Inc. v. Franklyn*,
26 N.Y.2d 13 (1970) ..............................................................................................................1

**Federal Statutes, Rules and Regulations**

37 C.F.R. § 201.10(d) ..................................................................................................1

17 U.S.C. § 304(c) ............................................................................................... *passim*

F.R.C.P. 19............................................................................................................ *passim*

**State Statutes, Rules and Regulations**

N.Y. C.P.L.R. § 302............................................................................................... *passim*

**Other Authorities**

M. Nimmer & D. Nimmer,
3 *Nimmer on Copyright* § 11.03[A][2][a][2] ......................................................................6

Schwarzer, Tashima, Wagstaffe,
*Federal Civil Procedure Before Trial*, § 3:105.1 (2010)....................................................7

16-108 *Moore's Federal Practice - Civil* § 108.41 .............................................................7

H.R. Rep. No. 94-1476 (1976)..........................................................................................4

Rest. (2d) of Judgments § 54 ..........................................................................................9

Plaintiffs' Opposition fails to rebut Defendants' Motion to Dismiss or to meet head-on the prevailing legal analysis on which it is based. Instead, Plaintiffs substitute vague "equitable" arguments and innuendo unmoored to the Federal Rules of Civil Procedure, controlling case law and the sequential legal analysis governing such motions.

I. THIS COURT LACKS JURISDICTION OVER LISA AND NEAL KIRBY

A. **Mere Service of Termination Notices Does Not Constitute "Purposeful Availment" of the Benefits and Protections of New York Law**

Plaintiffs' argument that mailing the termination notices subjects Lisa and Neal Kirby to personal jurisdiction in the addressee's state is unavailing. For purposes of N.Y. C.P.L.R. § 302(a)(1), the only purported "transactional" contact with New York is the service of the notices to the last known address of a grantee's successors as required by the Copyright Act (17 U.S.C. § 304(c) and 37 C.F.R. § 201.10(d)). This hardly constitutes Lisa and Neal Kirby's "'project[ion] … into the local commerce'" "in order to participate actively in a business." *John Wiley & Sons, Inc. v. Treeakarabenjakul*, 2009 U.S. Dist. LEXIS 52819 at *13 (S.D.N.Y. June 18, 2009). The cases relied on by Plaintiffs, such as *Madden v. Int'l Ass'n of Heat & Frost Insul. & Asbestos Workers*, 889 F. Supp. 707, 709-10 (S.D.N.Y. 1995), are either rife with extensive *in-person* New York business or, as in *Wiley* (defendants shipped infringing books to New York for sale), concern obvious commercial business in New York. *See PDK Labs, Inc. v. Friedlander,* 103 F.3d 1005, 1111 (2d Cir. 1997) (defendant used New York agent "for many years to advance his interest in his [product]"); *Pearson Educ., Inc. v. Yi Shi*, 525 F. Supp. 2d 551, 556 (S.D.N.Y. 2007) (defendant shipped goods to New York customers); *Parke-Bernet Galleries, Inc. v. Franklyn,* 26 N.Y.2d 13 (1970) (defendant acted in New York auction).

While exaggerating that Defendants' notices were "purposeful," Plaintiffs never

1

finish the analysis, and ignore that the requisite service to grantee successors is hardly the voluntary invocation or "availment of the benefits and protections of New York law." *Nelson v. Mass. Gen. Hosp.*, 2007 U.S. Dist. LEXIS 70455 at *63 (S.D.N.Y. Sept. 20, 2007) (J. McMahon).  **Mere service of notice cancelling a contract does not confer personal jurisdiction under § 302(a)(1).**  *See Toledo Peoria & Western Ry. Corp. v. Southern Ill. Railcar Co.*, 84 F. Supp. 2d 340, 343 (N.D.N.Y. 2000) (rejecting as "outlandish" that "communicating a contract's cancellation or revocation" subjects an out-of-state defendant to personal jurisdiction); *DNT Enters. v. Tech. Sys.*, 333 Fed. Appx. 611, 613 n.1 (2d Cir. 2009) (no personal jurisdiction under § 302(a)(1) based on defendant's letter and e-mail cancelling contract to distribute its products in New York).

Communications into New York will only establish personal jurisdiction if they "purposely seek the benefits of New York law or local commerce." *Nat'l Tel. Directory Consultants v. Bellsouth Adver. & Publ'g Corp.*, 25 F. Supp. 2d 192, 197 (S.D.N.Y. 1998) (New York solicitations for nationwide marketing campaigns insufficient to establish jurisdiction).[1]  Defendants' termination notices do not do this.  The notices were sent to only 13 New York addresses, out of a total of 53 addresses (Tob. Reply Decl., ¶ 4); all three Plaintiffs are Delaware corporations, and none of them were served in New York (*id.*; Complaint, ¶¶ 5- 6); the notices were prepared in and mailed from California (Tob. Reply Decl., ¶ 4); and the notices have nationwide, not New York-specific, effect

---

[1] *See also Maranga v. Vira*, 386 F. Supp. 2d 299, 306 (S.D.N.Y. 2005) (no jurisdiction where communications not in furtherance of New York business); *United States Theatre Corp. v. Gunwyn/Lansburgh Ltd. Partnership*, 825 F. Supp. 594, 595-597 (S.D.N.Y. 1993) (same); *Wilhelmshaven Acquisition Corporation v. Asher*, 810 F. Supp. 108, 113 (S.D.N.Y. 1993) (same); *China Resource Prods. (USA) v. China Distribs.*, 1994 U.S. Dist. LEXIS 11407, at *17-28 (S.D.N.Y. Aug. 8, 1994) (no jurisdiction despite extensive communication to New York because defendant "did not participate in any activity that was centered in New York" nor engage in "specific New York business activity").


under the Copyright Act.

The fact that none of the Plaintiffs are incorporated in New York also weighs against a finding of personal jurisdiction.  *See DirecTV Latin Am., LLC v. Park 610, LLC*, 2010 U.S. Dist. LEXIS 6259, at *33–34 (S.D.N.Y. 2010) (rejecting communications to plaintiff's principal place of business in New York as grounds for personal jurisdiction because plaintiff was a Delaware company); *Societe Generale v. Fla. Health Scis. Ctr., Inc.*, 2003 U.S. Dist. LEXIS 21502, at *10 (S.D.N.Y. 2003).

Notably, far greater communications than mere notices have been held insufficient under § 302(a)(1) where, as here, they do not specifically relate to New York business.  *See, e.g., Galgay v. Bulletin Co.*, 504 F.2d 1062, 1064-66 (2d Cir. 1974) (no jurisdiction even though defendant negotiated contract with New York plaintiff, with New York choice of law clause, and had goods shipped from New York); *Lichtenstein v. Jewelart*, *Inc.*, 95 F.R.D. 511, 514 (E.D.N.Y. 1982) (no jurisdiction where defendant visited, mailed purchase orders and gave telephone instructions to New York plaintiff).

Plaintiffs imply the untenable:  that Lisa and Neal Kirby must choose between mailing of the termination notices, thereby subjecting themselves to the jurisdiction of any state where an addressee happens to be located, or refraining from mailing the notices, rendering them invalid.  *See Abbate v. Abbate*, 82 A.D.2d 368, 384 (N.Y. App. 1981) (if non-domiciliary "conduct within New York is 'purely ministerial' … personal jurisdiction under CPLR 302(a)(1) will not exist") (internal citations omitted); *Spencer Trask Ventures, Inc. v. Archos S.A.*, 2002 U.S. Dist. LEXIS 4396 at *11 (S.D.N.Y. Mar. 15, 2002) ("[J]urisdiction should not be asserted against a defendant based upon 'random' or 'fortuitous' contacts.  It is the 'nature and quality' not the number of New

3

York contacts" which determine jurisdiction.) (internal citations omitted).

Furthermore, the service of a legally-required notice is not the "transaction of business" under § 302(a)(1). *See Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501, 509 (2007) (Service of "prefiling demand letter" to New York plaintiff did not confer personal jurisdiction because it was required by English courts and did not "seek to consummate a New York transaction or to invoke our State's laws."). Plaintiffs erroneously argue that the statutory requirement to serve the termination notices is irrelevant based solely on franchise cases where the franchisee was required by *contract*, not federal statute, to report to the franchisor. *See* Opp. at 12; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 480 (1985); *Cutco Indus., Inc. v. Naguhton*, 806 F.2d 361, 368 (2d Cir. 1986).

The concerted legislative objective of the Copyright Act's termination provisions is to benefit authors and their families. *See* H.R. Rep. No. 94-1476 at 140 (1976). Since an author/heir is required under the Act to serve notice on a grantee's successor(s), but is not privy to a copyright's exact chain-of-title, she would naturally serve many entities exploiting the copyright. If mere service to out-of-state addressees conferred personal jurisdiction, this would subject the author/heir to lawsuits in multiple jurisdictions with no meaningful business contacts, and have an unwarranted chilling effect on this important statutory right. *See Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 505, 511 n.6 (S.D.N.Y. 2001) (stating the "legitimate concern that subjecting copyright, patent or trademark holders to personal jurisdiction for sending cease and desist letters would adversely affect the assertion of legal rights and discourage out of court settlements").

Plaintiffs do little to distinguish this case from the numerous cases which hold that a legal claim letter, or active negotiations of a legal claim, giving rise to a declaratory

4

relief action, do not constitute the "transaction of business" under § 302(a)(1). *See Arquest, Inc. v. Kimberly-Clark Worldwide, Inc.*, 2008 U.S. Dist. LEXIS 60987, at *27-29 (S.D.N.Y. July 31, 2008) (J. McMahon) (no specific jurisdiction in patent declaratory relief action despite cease and desist letters to New York, significant settlement negotiations in New York, and execution of eight Stand-Still Agreements in New York); *Carlson v. Cuevas*, 932 F. Supp. 76, 79 (S.D.N.Y. 1996) ("[A]n interstate communication of one's [property] rights, does not constitute a 'business transaction' under §301(a)(1)").

Plaintiffs' hyper-technical attempt to distinguish the notices as "self-executing" is unpersuasive. Firstly, the notices are not "self-executing," but legally ineffective unless filed with the U.S. Copyright Office prior to the termination date. 17 U.S.C. § 304(c)(4)(A). Since many of the notices do not take effect until 2017-2019, this has not been done. Tob. Reply Decl., ¶ 5. Secondly, the two out-of-circuit decisions relied on by Plaintiffs are readily distinguishable, in that the defendants' conduct was designed to damage the plaintiffs' competitive business in their state. *See* Opp. at 10-11; *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1069-73 (10th Cir. 2008) (defendant sent letter intending to cause and causing eBay to suspend plaintiff's auctions); *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1084-87 (9th Cir. 2000) (defendant complained to domain name registry, misappropriating and preventing plaintiff's use of its domain name). By contrast, Defendants are exercising their statutory rights.

**B.**     **Plaintiffs' "Inheritance" Theory and Misplaced Venue Arguments Are Also Unavailing**

Plaintiffs' tenuous arguments reach their apogee when they claim that Lisa and Neal Kirby "inherited" New York's alleged personal jurisdiction over their father. Opp. at 14. This "sins of the father" argument has zero support in either the law or logic and

5

should be rejected out of hand. Moreover, the copyright cases on which Plaintiffs rely offer no support for their "inheritance" theory, but instead focus on the unremarkable proposition that a stale infringement claim cannot be revived by a successor-in-interest. Opp. at 13. Lastly, Lisa and Neal are not asserting their father's termination rights, which expired upon his death, but their own termination rights. *See* 3-11 *Nimmer on Copyright* § 11.03[2][a][2]. Due process demands that this Court has personal jurisdiction over Lisa and Neal Kirby, and not their deceased father, before it may "impair or impede" their rights. *Burger King Corp.,* 471 U.S. at 471-72.

Throughout their opposition, Plaintiffs also erroneously assert "venue" arguments that have no place in personal jurisdiction analysis under § 302. *See, e.g.,* Opp. at 2 ("all the work that went into the writing, illustrating, editing … took place in New York"), 6 ("Marvel's 'choice of forum should not be lightly disturbed'"), 23, 24. Where the subject works happened to have been created in 1958-1963 is irrelevant to the issue of personal jurisdiction over Lisa and Neal Kirby, unless they participated in such transactions.

### C. Lisa Kirby's Limited and Expired Publishing Contracts Do Not Confer General or Specific Jurisdiction

Plaintiffs' straw man that Lisa Kirby "declaim[ed] any business contacts in New York" is false. Lisa Kirby testified correctly that she did not "systematically and continuously transact or solicit business in New York." Lisa Decl., ¶ 6. Plaintiffs greatly exaggerate her signing, as Trustee of ***The Rosalind Kirby Trust***, form releases for Marvel Characters, Inc. (***a Delaware company with its principal place of business in California***) to publish at its request a few pages of Kirby artwork, plus a short-lived expired contract for Marvel's limited publication of a comic based on Kirby work. Lisa Reply Decl., ¶¶ 2-7, Complaint ¶ 6. These minor contracts (including any New York choice of law clauses)

6

are irrelevant to "specific" jurisdiction as this action neither "arise[s] out of" nor is "related to" them. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (prior contracts between parties insufficient because they had no bearing on lawsuit).

As to "general" jurisdiction, these limited contracts can hardly be construed as "substantial, continuous and systematic" business contacts with New York. "General" jurisdiction demands a very *high* level of contacts. *See Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996) ("Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring … 'continuous and systematic general business contacts.'"); 16-108 *Moore's Federal Practice - Civil* § 108.41 ("[L]ower courts have evinced a reluctance to assert general jurisdiction over nonresident individual defendants … even when the contacts with the forum state are quite extensive."). Accordingly, this "broad basis of jurisdiction is usually limited to large companies doing a large amount of business locally on a regular basis." Schwarzer, Tashima, Wagstaffe, *Federal Civil Procedure Before Trial*, § 3:105.1 (2010).

## II. PLAINTIFFS' ARGUMENTS THAT LISA AND NEAL KIRBY ARE NOT "NECESSARY" OR "INDISPENSABLE" PARTIES LACK MERIT

Plaintiffs give short shrift to the requisite analysis for determining whether a party is "necessary" and if so, "indispensable" under FRCP 19(a) and (b), and falsely suggest that Rule 19 does not apply. Opp. at 19. Plaintiffs do little to contradict that Lisa and Neal Kirby, as co-owners of the termination interest, are "necessary," that, without them, this Court "cannot accord complete relief," and that "the disposition of the action in … [their] absence … may as a practical matter impair or impede… [their] ability to protect their interest." F.R.C.P. 19(a). Plaintiffs' authorities (Opp. at 20) are inapposite, as they

7

find parties unnecessary where they have no direct interest in the lawsuit. *See DiChiara v. Ample Faith Inv., Ltd.*, 2006 U.S. Dist. LEXIS 85972 at *28-29 (S.D.N.Y. 2006) (company did not "own[] the disputed equity interest"); *Bank of Am. v. Lembruger*, 385 F. Supp. 2d 200, 232-33 (S.D.N.Y. 2005) (companies not parties to the contract at issue).

Plaintiffs ignore, as they cannot refute, Defendants' key point that a ruling against Barbara and Susan Kirby would unfairly prevent Lisa and Neal Kirby from exploiting their copyright interest, because a majority is required under 17 U.S.C. § 304(c)(6)(C) for a new grant of such interest. *See* Motion at 13-15; *Plunket v. Estate of Conan Doyle*, 2001 U.S. Dist. LEXIS 2001 at *20-21 (S.D.N.Y. Feb. 22, 2001) (where "[i]t is evident that determining plaintiff's declaratory judgment claim could affect the interests in the Literary Properties now claimed by the heirs," such heirs were "indispensable" parties). [2] Because such Copyright Act requirements cannot be "lessened or avoided" by the Court, Lisa and Neal Kirby are "indispensable" under Rule 19(b), mandating dismissal. Additionally, if, as Plaintiffs argue, Lisa and Neal Kirby would be bound by a negative ruling in their absence, they would be prejudiced, and, even if not bound, a negative ruling still "might prejudice" them under Rule 19(b) as persuasive authority. *See Messerschmitt-Boelkow-Blohm v. Hughes Aircraft Co.*, 483 F. Supp. 49, 52-53 (S.D.N.Y. 1979) (dismissing because "[p]rejudice … would result from the collateral estoppel effect of a judgment," and "a judgment would have a prejudicial effect … even if not absolutely binding upon them since it would have persuasive effect in any subsequent litigation").

---

[2] Plaintiffs' reliance on *CP Solutions PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 160 (2d Cir. 2009) is misguided as the "missing" defendant was a subsidiary of a party before the Court, and could not be prejudiced as it "was dissolved and had no assets." In *Prescript. Plan Serv. Corp. v. Franco*, 552 F.2d 493, 497 (2d Cir. N.Y. 1977), "any judgment …would almost certainly be satisfied out of the Trust's, not the [non-resident's] assets."

8

Plaintiffs' argument that "all four Defendants have an identical interest and share the same counsel" also does not hold up under scrutiny. Defendants are equal but not "identical" co-owners under 17 U.S.C. § 304(c)(2)(B), and each have minds of their own. Because a majority is required to make any grant of the termination interest under § 304(c)(6)(C), there is a potential conflict between each co-owner should he/she disapprove a grant, or conflict should two co-owners disapprove a grant, nullifying it.[3] That Defendants are each *currently* represented by the same counsel is also unpersuasive, as each has the right to replace current counsel with separate counsel at any time.

Furthermore, if this Court proceeded with only two Kirby children, the parties before it could never settle this action. Any settlement would necessarily entail the re-grant or quitclaim to Plaintiffs of the copyright interest at issue, requiring a majority of the Kirbys under § 304(c)(6)(C). A settlement could not dispose of Barbara and Susan Kirby's termination interest by direct or indirect waiver (*e.g.*, by agreement that the works were "made-for-hire"). *Marvel Characters v. Simon*, 310 F.3d 280, 292 (2d Cir. 2002) (holding such a settlement agreement unenforceable under § 304(c)(5) as an "agreement to the contrary"). This impediment to settlement is contrary to strong public policies promoting settlement. *Manko v. United States*, 87 F.3d 50, 54 (2d Cir. 1996).

Plaintiffs tellingly *ignore* Rule 19(b)'s critical fourth factor: "whether the plaintiffs would have an adequate remedy if the action were dismissed for non-joinder."

---

[3] Plaintiffs argue that the Kirbys are privies that would be collaterally estopped by a judgment against one, without citing any authority that copyright co-owners are in privity. *See Casa Marie, Inc. v. Superior Court*, 988 F.2d 252, 265 n.9 (1st Cir. 1993) ("As a general rule, holders of concurrent interests in property…are not considered in privity."); Rest. (2d) of Judgments § 54 (same, "the very relationship of co-ownership is a source of continuing potential conflict"). Regardless, courts dismiss for failure to join an indispensable co-owner for the mere possibility that a judgment may bind the absent co-owner. *Tycom Corp. v. Redactron Corp.*, 380 F. Supp. 1183, 1189-90 (D. Del. 1974).

9

The question is whether "there is another forum available to plaintiffs with respect to whatever claims they may have." *Felix Cinematografica v. Penthouse International, Ltd.*, 99 F.R.D. 167, 172 (S.D.N.Y. 1983). The Central District of California, which indisputably has jurisdiction over *all* parties in a similar action, is a more than adequate forum to litigate this matter.[4] Two of the three Plaintiffs have their principal place of business in California, as does Plaintiffs' owner, Disney, and the third Plaintiff regularly conducts significant business in California. Notably, settlement discussions were with Disney's general counsel, and took place in Los Angeles. Decl. of Alan Braverman, ¶ 6.

As to Marvel's rush to file this action – *res ipsa loquitor*. The tenor of initial settlement talks was that neither side would file until they concluded. *Id.*; Tob. Decl., ¶5. Plaintiffs circumvent their negative conduct by exaggerating the talks (two meetings) before prematurely filing. *Id*. Plaintiffs' rushed filing is telling since the earliest termination is in late 2014, and, as to all major Kirby characters, not until 2017-2019. "[P]laintiffs ... should be encouraged to participate in settlement discussions without the fear that their good faith efforts will allow their adversary to commence litigation in a forum of their own choosing." *Fuji Photo Film Co. v. Deep Creek Design*, 1998 U.S. Dist. LEXIS 19525, at *4 (S.D.N.Y. December 15, 1998). *See Nat'l Union Fire Ins. Co. v. Int'l Wire Grp. Inc.*, 2003 WL 21277114 at *6 (S.D.N.Y. June 2, 2003) ("Courts in the Second Circuit have repeatedly refused to exercise jurisdiction over declaratory actions motivated by a desire to wrest the choice of forum from the real plaintiff.").

---

[4] Plaintiffs falsely distinguish cases holding that a parallel action provides an "adequate remedy" under Rule 19(b) by claiming they were "*earlier* instituted." Opp. at 23. But cases cited by Defendants state that the parallel action was filed *afterwards*. *See Global Disc. Travel Servs. LLC v. TWA*, 960 F. Supp. 701, 703 n.1 (S.D.N.Y. 1997); *Potomac Elec. Power Co. v. Babcock & Wilcox Co.*, 54 F.R.D. 486, 487-488 (D. Md. 1972).

Dated: New York, New York         TOBEROFF & ASSOCIATES, P.C.
April 6, 2010

By: ___s/Marc Toberoff_____
    Marc Toberoff (MT 4862)

2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: 310-246-3333
Fax: 310-246-3101

Attorneys for defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby

11

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served electronically by the Court's ECF system and by first class mail on those parties not registered for ECF pursuant to the rules of this Court.

Dated: April 6, 2010         TOBEROFF & ASSOCIATES, P.C.

By: ___s/Marc Toberoff_____
     Marc Toberoff (MT 4862)

2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: 310-246-3333
Fax: 310-246-3101

Attorneys for defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby