Marc Toberoff (MT 4862)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: 310-246-3333
Fax: 310-246-3101
MToberoff@ipwla.com

Attorneys for Defendants Lisa R. Kirby, Barbara J.
Kirby, Neal L. Kirby and Susan M. Kirby

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

MARVEL WORLDWIDE, INC.,
MARVEL CHARACTERS, INC. and
MVL RIGHTS, LLC,

                Plaintiffs,

   -against-

LISA R. KIRBY, BARBARA J. KIRBY,
NEAL L. KIRBY and SUSAN M. KIRBY,

                Defendants.

-----------------------------------------------------------

Civil Action No.  10-141 (CM) (KF)

[Hon. Colleen McMahon]

[ECF Case]


**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATIONS
OF ELI BARD AND JAMES W. QUINN REGARDING
<u>DEFENDANTS' MOTION TO DISMISS</u>**

Defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby, by and through their attorneys, hereby submit the following evidentiary objections to the declarations and evidence offered in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss.  Defendants respectfully object to and move to strike the designated portions of the declarations and other evidence set forth below because such portions violate the Federal Rules of Evidence ("FRE") and/or constitute improper testimony.

## I. Declaration of Eli Bard

| EVIDENCE | OBJECTION |
|---|---|
| 1. "Jack Kirby ("Kirby") was an artist whose drawings appeared in numerous comic books published by predecessors-in-interest of Marvel.  Upon information and belief, Kirby contributed to these works from at least 1939-1978, with some periods of absence." <br><br> Declaration of Eli Bard ("Bard Decl.") ¶ 3. | 1.  Lack of foundation, lack of personal knowledge.  FRE 602.  *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge).  Hearsay as the documents about which Eli Bard ("Bard") is testifying or impliedly testifying have not been established as |

1

| | |
|---|---|
| | business records, nor has Bard been properly qualified as a custodian of records for Plaintiffs. FRE 802, 803. Improper lay opinion pursuant to FRE 701, 702, as Bard is attempting to characterize Jack Kirby's ("Kirby") creation or co-creation of "numerous comic books" and characters as a mere "contribution." |
| 2. "During the years 1958 through 1963, Kirby contributed to numerous comic books published by Marvel that feature many famous characters."<br><br>Bard Decl. ¶ 4. | 2. Same as objections no. 1, above. |
| 3. "From 1939 and throughout the timeframe relevant to this litigation, Marvel and its predecessors-in-interest have maintained headquarters in New York. During the years 1958 through 1963, Marvel's principal place of business was located in New York and Marvel maintained no offices or other business outside of New York."<br><br>Bard Decl. ¶ 5. | 3. Lack of foundation, lack of personal knowledge. FRE 602. *Parks*, 2008 U.S. Dist. LEXIS 63019 at *3 ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."); *Flintkote Co. v. Gen. Accident Assur. Co. of Can.*, 410 F. Supp. 2d 875, 884 |

2

|  | (N.D. Cal. 2006) ("Defendants are correct that [the company's Vice President] may not testify about events as to which he lacks personal knowledge. FRE 602. The portions of the [Vice President's] declarations that cover the general history of the [company] prior to [his] arrival at the company are therefore inadmissible."). Bard also provides no supporting documentation for his testimony. FRE 1002. This testimony is also irrelevant to the present motion. FRE 401, 402. The location of Marvel's headquarters has no bearing on whether or not this Court has personal jurisdiction over Lisa Kirby or Neal Kirby. |
|---|---|
| 4. "Marvel's publishing business, including publication of the comic books at issue in this action, has always been run out of New York, and all creative and executive decision-making relating to these publications has been in New York." Bard Decl. ¶ 6. | 4. Lack of foundation, lack of personal knowledge. FRE 602. *Parks*, 2008 U.S. Dist. LEXIS 63019 at *3; *Flintkote Co.*, 410 F. Supp. 2d at 884 ("Defendants are correct that [the company's Vice President] may not testify about events as to which he lacks personal knowledge. FRE 602. The |

3

| | |
|---|---|
| | portions of the [Vice President's] declarations that cover the general history of the [company] prior to [his] arrival at the company are therefore inadmissible."). Bard also provides no supporting documentation for his testimony. FRE 1002. Improper lay opinion. FRE 701, 702. This testimony is also irrelevant to the present motion. FRE 401, 402. The location of Marvel's "publishing business" in New York has no bearing on whether this Court has personal jurisdiction over Lisa Kirby or Neal Kirby. |
| 5. "Upon information and belief, Kirby resided in New York and worked entirely in New York during the time period relevant to this action." Bard Decl. ¶ 7. | 5. Defendants object to the entirety of paragraph 7 of Bard's declaration as it is admittedly based on "information and belief." Lack of foundation, lack of personal knowledge. FRE 602. *Parks*, 2008 U.S. Dist. LEXIS 63019 at *3; *Bank Melli Iran*, 58 F.3d at 1412 (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge). |

4

|  | Improper lay opinion. FRE 701, 702. Legal conclusion. FRE 701. Bard also provides no supporting documentation for his testimony. FRE 1002. This testimony is also irrelevant to the present motion. FRE 401, 402. Where Jack Kirby, now deceased, previously resided has no bearing on whether this Court has personal jurisdiction over Lisa Kirby or Neal Kirby. |
|---|---|
| 6. "Upon information and belief, assignments were given to all artists, including Kirby, by Marvel's management in New York, all discussions about the creation of these publications occurred in New York, and all of the pages created by the artists, including Kirby, were delivered to Marvel in New York. T o my knowledge, none of these interactions took place outside of New York.  Indeed, all of the work that went into the writing, illustrating, editing, layout, proofreading and creation of the works at issue in this lawsuit took place in New York." Bard Decl. ¶ 8. | 6. Defendants object to the entirety of paragraph 8 of Bard's declaration as it is admittedly based on "information and belief." Lack of foundation, lack of personal knowledge. FRE 602. *Parks*, 2008 U.S. Dist. LEXIS 63019 at *3; *Bank Melli Iran*, 58 F.3d at 1412 (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge). Improper lay opinion. FRE 701, 702. Improper legal conclusion. FRE 701. Bard also provides no supporting documentation for his testimony. FRE 1002. Hearsay as to the purported |

5

|  | |
|---|---|
|  | contents of "discussions" amongst multiple individuals, including Jack Kirby, during an unspecified period of time.  FRE 802.  Hearsay as the documents about which Bard is testifying have not been established as business records, nor has Bard been properly qualified as a custodian of records for Plaintiffs.  FRE 802, 803.  This testimony is also irrelevant to the present motion.  FRE 401, 402.  Where and how Jack Kirby's works were created has no bearing on whether this Court has personal jurisdiction over Lisa Kirby or Neal Kirby. |
| 7. "Upon information and belief, based on Marvel's payroll practices and interviews Kirby himself gave in the early 1990s, Kirby was paid on a per-page basis and received his paychecks from the accounting department at Marvel's New York office.  Having lived and worked in New York, Kirby presumably paid income taxes to the State of New York in all the years from 1958 to 1963." | 7.  Plaintiffs object to the entirety of paragraph 9 of Bard's declaration as it is admittedly based on "information and belief."  Lack of foundation, lack of personal knowledge.  FRE 602.  *Parks*, 2008 U.S. Dist. LEXIS 63019 at *3; *Bank Melli Iran*, 58 F.3d at 1412 (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge). |

6

| | |
|---|---|
| Bard Decl. ¶ 9. | Improper lay opinion. FRE 701, 702. Improper legal conclusion. FRE 701. Bard also provides no supporting documentation for his testimony. FRE 1002. Hearsay as to the purported contents of "interviews" purportedly given by Jack Kirby "in the early 1990s." FRE 802. Hearsay as the documents about which Bard is testifying have not been established as business records, nor has Bard been qualified as a custodian of records. FRE 802, 803. Mr. Bard's speculation as to whether or not Mr. Kirby paid "income taxes to the State of New York in all the years from 1958 to 1963" is inadmissible. FRE 602. This testimony is also irrelevant to the present motion. FRE 401, 402. How and where Jack Kirby, now deceased, was paid and where and if he paid income tax has no bearing on whether this Court has personal jurisdiction over Lisa Kirby or Neal Kirby. |
| 8. "Defendant Lisa Kirby has entered into | 8. Lack of foundation, lack of personal |

7

| | |
|---|---|
| several agreements with Marvel entities located in New York, pursuant to which Marvel purchased certain works of Jack Kirby's artwork, including artwork relating to certain of the characters listed in one or more of the Termination Notices. Each of these agreements is executed by Lisa Kirby in her capacity as administrator of Jack Kirby's estate. All but one of the agreements contain New York choice-of-law and forum selection provisions. The one agreement that lacks such provisions contains no choice-of-law or forum-selection provisions at all. Pursuant to these agreements, Marvel paid for the subject artwork in New York and subsequently published works containing that artwork in New York." Bard Decl. ¶ 13. | knowledge. FRE 602. *Parks*, 2008 U.S. Dist. LEXIS 63019 at *3; *Bank Melli Iran*, 58 F.3d at 1412. Improper lay opinion and improper legal conclusion regarding the contents and legal meaning of these alleged agreements. FRE 701, 702. Bard also provides no supporting documentation for his testimony. FRE 1002. Hearsay as to the purported contents of these "several agreements." FRE 802. Hearsay as the documents about which Bard is testifying have not been established as business records, nor has Bard been properly qualified as a custodian of records for Plaintiffs. FRE 802, 803. This vague testimony also misleads by omitting that these form agreements were with Marvel Characters, Inc., ("MCI") a Delaware company that has its principal place of business in California, that the agreements concerned just a few pages of Kirby artwork and that they were signed by Lisa Kirby as Trustee of The Rosalind Kirby Trust. *See* Declaration |

8

|  | of Lisa Kirby ("Kirby Reply Decl."), ¶¶ 2-5. |
|---|---|
| 9. "Defendant Lisa Kirby also entered into several agreements with Marvel entities located in New York concerning Galactic Bounty Hunters, a comic book property based on concepts and artwork created by Kirby.  Lisa Kirby granted to Marvel the rights to print, publish and distribute comic book works based on this property.  Pursuant to the agreements with Lisa Kirby, Marvel employees, working at Marvel offices in New York, performed editing, proofreading, production and accounting services, as well as the coordination of sales, printing and distribution with respect to Galactic Bounty Hunters works.  The agreements contain New York choice-of-law and forum-selection provisions.  Six editions of the Galactic Bounty Hunters works and a hardcover compilation were published and placed on sale by Marvel between July 2006 and June 2008.  Payments under those agreements were made by Marvel from New York." | 9.  Lack of foundation, lack of personal knowledge.  FRE 602.  *Parks*, 2008 U.S. Dist. LEXIS 63019 at *3; *Bank Melli Iran*, 58 F.3d at 1412.  Improper lay opinion and improper legal conclusion regarding the contents and legal meaning of these purported "several agreements."  FRE 701, 702.  Bard also provides no supporting documentation for his testimony.  FRE 1002.  Hearsay as to the purported contents of these "several agreements."  FRE 802.  Hearsay as the documents about which Bard is testifying have not been established as business records, nor has Bard been properly qualified as a custodian of records for Plaintiffs.  FRE 802, 803.  Bard also offers impermissible lay opinion regarding Jack Kirby's contributions to the comic book property Galactic Bounty Hunter.  FRE 701.  This testimony also misleads in referring to "several agreements" and |

9

| | |
|---|---|
| Bard Decl. ¶ 14. | by exaggerating the scope of what in reality consisted of one limited publishing agreement dated February 21, 2006, which expired 12 months later, and was ostensibly renewed on June 24, 2008, only to be terminated by Marvel shortly thereafter.  *See* Kirby Reply Decl., ¶¶ 6-7. |
| 10. "Lisa Kirby sent various emails to Marvel in New York in connection with the production and renewal contracts relating to Galactic Bounty Hunters, as well as the negotiations and agreements for the sale of Jack Kirby's artwork to Marvel." <br><br>Bard Decl. ¶ 15. | 10.  Lack of foundation, lack of personal knowledge.  FRE 602.  *Parks*, 2008 U.S. Dist. LEXIS 63019 at *3; *Bank Melli Iran*, 58 F.3d at 1412.  Improper lay opinion and improper legal conclusion regarding the contents and legal meaning of these purported "various emails" sent over an unspecified period of time.  FRE 701, 702.  Bard also provides no supporting documentation for his testimony.  FRE 1002.  Hearsay as to the purported contents of these "various emails."  FRE 802.  Hearsay as the documents about which Bard is testifying have not been established as business records, nor has Bard been properly qualified as a |

10

|  | custodian of records for Plaintiffs. FRE 802, 803. This testimony also misleads in referring to "various emails to Marvel …in connection with… the negotiations and agreements for the sale of Jack Kirby's artwork to Marvel," when, in fact, there was hardly any negotiation. MCI, at its request, purchased a few pages of Kirby artwork for the same minimal per page rate in short-form contracts. *See* Kirby Reply Decl., ¶¶ 2-5. |
|---|---|
| 11. "Upon information and belief, over the last several years, various books examining the life and work of Jack Kirby have been published by New York publishers that include credits and acknowledgements to the estate of Kirby for the right to reprint certain images and material. Marvel believes in good faith that, in her capacity as administrator of Jack Kirby's estate, Lisa Kirby had contacts in New York relating to the publications of these books. Additionally, it would have been common practice for the publishers of these books to | 11. Plaintiffs object to the entirety of paragraph 16 of Bard's declaration as it is admittedly based on "information and belief." Lack of foundation, lack of personal knowledge. FRE 602. *Parks*, 2008 U.S. Dist. LEXIS 63019 at *3; *Bank Melli Iran*, 58 F.3d at 1412 (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge). Hearsay as to the purported contents of "various books" purportedly containing "credits and acknowledgements to the |

11

| | |
|---|---|
| have paid a fee to reprint the artwork in this fashion."<br><br>Bard Decl. ¶ 16. | estate of Kirby." FRE 802. Improper lay opinion as to what the "common practice" of book publishers is. FRE 701, 702. Improper legal conclusion as to the legal significance of any purported "contacts" Lisa Kirby has had with New York. FRE 701. Bard also provides no supporting documentation for his testimony. FRE 1002. |

## II.     Declaration of James W. Quinn

Defendants object generally to the declaration of James W. Quinn on the ground that it is irrelevant to the subject matter of the present motion pursuant to FRE 401, 403. In paragraphs 3 through 6 of his declaration, Mr. Quinn describes the alleged procedural history that led Magistrate Judge Fox, on March 22, 2010, to grant Defendants' motion to stay discovery in this matter until this Court holds its initial pretrial conference on April 16, 2010.  Mr. Quinn interjects arguments as to why discovery should be expedited on account of plaintiffs' desire to depose "witnesses of an advanced age," particularly Marvel's Chairman *Emeritus*, Stan Lee.  *See* Quinn Decl., ¶ 4.  Plaintiffs' argument for expedited discovery has no relation to whether this Court has personal jurisdiction over two necessary parties and should be stricken accordingly.

Any arguments Plaintiffs wish to make regarding scheduling should be reserved for the April 16, 2010 scheduling conference.  Plaintiffs already pressed their position with Magistrate Judge Fox.  Defendants responded that Plaintiffs seem to be using Mr.

Lee's age to prematurely take his deposition before Defendants have had the fair opportunity to take ample discovery relevant to such deposition.  Magistrate Fox agreed that, in light of Mr. Lee's busy schedule and numerous speaking engagements for Marvel across the United States, Plaintiffs' urgency regarding his health appeared to be overstated.

As noted in Defendants' February 18, 2010 letter to this Court,  Defendants are willing to expedite depositions for elderly witnesses, including Stan Lee, provided that they are able to obtain all relevant documents in sufficient time to prepare for such depositions, or be granted leave to depose these witnesses again after ample discovery has been undertaken.  This case involves the analysis of whether scores of comic books created between 1958 and 1963 were "works-made-for-hire," and, as such, will demand substantial historical research, which is underway, and discovery about the comic book industry fifty years ago.  The discovery schedule in this case should provide a reasonable amount of time for the parties to gather evidence for this fact-intensive inquiry.

Dated:  New York, New York
        April 6, 2010                     TOBEROFF & ASSOCIATES, P.C.

                                          By:  s/Marc Toberoff
                                               _____
                                               Marc Toberoff (MT 4862)

                                          2049 Century Park East, Suite 2720
                                          Los Angeles, CA 90067
                                          Tel: 310-246-3333

                                          Attorneys for defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served electronically by the Court's ECF system and by first class mail on those parties not registered for ECF pursuant to the rules of this Court.

Dated: April 6, 2010                         TOBEROFF & ASSOCIATES, P.C.

By:  <u>  s/Marc Toberoff                              </u>
         Marc Toberoff (MT 4862)

2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: 310-246-3333
Fax: 310-246-3101

Attorneys for defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby