Marc Toberoff (MT 4862)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: 310-246-3333
Fax: 310-246-3101
MToberoff@ipwla.com

Attorneys for Defendants Lisa R. Kirby, Barbara J.
Kirby, Neal L. Kirby and Susan M. Kirby

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

MARVEL WORLDWIDE, INC.,
MARVEL CHARACTERS, INC. and
MVL RIGHTS, LLC,

                                        Plaintiffs,

        -against-

LISA R. KIRBY, BARBARA J. KIRBY,
NEAL L. KIRBY and SUSAN M. KIRBY,

                                        Defendants.

-----------------------------------------------------------

LISA R. KIRBY, BARBARA J. KIRBY,
NEAL L. KIRBY and SUSAN M. KIRBY,

                                        Counterclaimants,

        -against-

MARVEL ENTERTAINMENT, INC.,
MARVEL WORLDWIDE, INC.,
MARVEL CHARACTERS, INC., MVL
RIGHTS, LLC, THE WALT DISNEY
COMPANY and DOES 1 through 10,

                                        Counterclaim-Defendants.

-----------------------------------------------------------

Civil Action No.  10-141 (CM) (KF)

**DEFENDANTS' ANSWER
& COUNTERCLAIMS**

<u>DEMAND FOR JURY TRIAL</u>

[Hon. Colleen McMahon]

        [ECF Case]

Defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby (collectively "Defendants" or the "Kirbys"), by and through their attorneys, hereby answer plaintiffs' Complaint, filed January 8, 2010:

1.      Defendants admit only that plaintiffs have brought this civil action for declaratory relief as set forth in the Complaint, but otherwise deny the allegations in paragraph 1.

2.      Defendants deny the allegations in paragraph 2, except admit that plaintiffs are seeking a judgment declaring the termination notices to be invalid and of no legal force or effect.

3.      Defendants admit only that plaintiffs purport to assert that this Court has subject matter jurisdiction as alleged in paragraph 3, but otherwise deny the allegations in paragraph 3.

4.      Defendants admit only that plaintiffs purport to assert that venue is proper in this district as alleged in paragraph 4, but otherwise deny the allegations in paragraph 4.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis deny the same.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis deny the same.

7.      Admitted.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Defendants lack knowledge or information sufficient to form a belief as to the

1

truth of the allegations contained in paragraph 11, and on that basis deny the same.

12.     Defendants admit the allegations in paragraph 12, except deny that the notices were served on September 17, 2009 and that the 45 notices have been filed in the Copyright Office.

13.     Defendants admit the allegations in paragraph 13 only to the extent such allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

14.     Defendants admit the allegations in paragraph 14 only to the extent such allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

15.     Defendants re-allege and incorporate by reference paragraphs 1-14 inclusive, as though fully set forth herein.

16.     Denied.

17.     Denied.

18.     Defendants deny the allegations contained in paragraph 18, except admit that plaintiffs seek a declaratory judgment pursuant to 28 U.S.C.§ 2201.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

19.     The Complaint fails to state a claim upon which the relief sought or any relief could be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

20.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches,

waiver, acquiescence and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

21.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Amend)

22.     The Complaint and each purported claim therein fails to state the claims for relief with sufficient particularity to permit Defendants to discern and raise all appropriate defenses, and Defendants therefore reserve their rights to amend or supplement this answer with additional defenses.

## FIFTH AFFIRMATIVE DEFENSE

### (Unknown Defenses)

23.     The answering Defendants believe, and based upon such information and belief allege that the Defendants may have additional affirmative defenses available to them, which are not now fully known and which these answering Defendants are not fully aware.  The Defendants accordingly reserve the right to assert any additional affirmative defenses after the same have been ascertained.

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

24.     The Complaint and each purported claim therein is barred, in whole or in part, by the equitable doctrine of unjust enrichment.

## SEVENTH AFFIRMATIVE DEFENSE

### (Illegality)

25.     Plaintiffs are not entitled to any relief with respect to any of the claims in the Complaint to the extent of any illegality of any matters set forth in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Comply With FRCP)

26.     Defendants are not required to separately admit or deny each averment contained in each paragraph of the Complaint due to plaintiffs' failure to comply with Rules 8(a) and 8(e) of the Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

27.     The Complaint fails to allege personal jurisdiction over any of the Defendants and this Court lacks personal jurisdiction over Defendants Lisa R. Kirby and Neal L. Kirby, who are necessary and indispensable parties to this action.

## TENTH AFFIRMATIVE DEFENSE

### (*Res Judicata*)

28.     The Complaint and each purported claim therein is barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Duress)

29.     Plaintiffs' claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of duress.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

30.     Plaintiffs' claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of the Statute of Frauds.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

31.     Plaintiffs' claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because the contract(s) lacked consideration.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Misrepresentation)

32.     Plaintiffs' claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of the misrepresentations of plaintiffs' and/or their predecessors-in-interest.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Defendants' Compliance with 17 U.S.C. §304(c))

33.     The termination of the grants of copyrights, pursuant to Defendants' Notices of Termination, are effective due to Defendants' compliance with 17 U.S.C. § 304(c) and 37 C.F.R. § 201.10.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Defendants' Termination Notices Not Invalidated By Technical Errors)

34.     Under 17 U.S.C. § 304(c) and 37 C.F.R. § 201.10, Defendants' Termination Notices are not invalidated or curtailed due to technical errors or omissions, if any, since Defendants' intent to terminate all prior grants by Jack Kirby of his copyright interests in all works listed in the Notices is made clear to Plaintiffs in the Termination Notices timely served on Plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Termination Interests Under 17 U.S.C. § 304(c) Cannot Be Waived)

35.     Defendants could not have waived or effectively waived, directly or indirectly, any of their termination rights or interests under 17 U.S.C. § 304(c) because such termination rights or interests are inalienable and persist "notwithstanding any agreement to the contrary," and cannot be waived.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Not "Works-Made–For-Hire")

36.     The works created or co-created by Jack Kirby, referred to in the Complaint and/or in the Termination Notices do not constitute "works-made-for-hire," and cannot be invalidated on that basis.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

37.     The Complaint and each purported claim therein is barred, in whole or in part, by plaintiffs' failure to bring such claims within the governing statute of limitations.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Statute of Limitations Applicable To 17 U.S.C. §304(c) Termination)

38.     Since Defendants complied with the timing, notice and other prerequisites to the termination of prior copyright grants under 17 U.S.C. § 304(c), no statute of limitations runs against Defendants' Terminations Notices, nor is the statute of limitations triggered by plaintiffs' denial of the validity of such terminations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Against Public Policy)

39.     Any contract alleged in the Complaint which is contrary to public policy is unenforceable,  and any relief requested in the Complaint which is contrary to public policy should not be granted.

FOR THESE REASONS, Defendants pray that the Court dismiss all of plaintiffs' claims and find for Defendants on all counts, and that Defendants be awarded costs, including reasonable attorneys' fees under Section 505 of the United States Copyright Act, and pray for such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

## JURISDICTION AND VENUE

1.     This is a civil action seeking declaratory relief arising out of counterclaimants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby's ("Counterclaimants") termination, pursuant to the United States Copyright Act of 1976, 17 U.S.C. § 304(c), of prior grants of copyright in and to the original characters and works created and/or co-created by Jack Kirby (a.k.a. Jacob Kurtzberg) ("Kirby"), known as "The Fantastic Four," "Iron Man," "Ant-Man," "X-Men," "The Incredible Hulk," "The

Avengers," "Thor," "Nick Fury," "Spider-Man," "Journey Into Mystery," "Rawhide Kid," "Strange Tales," "Tales of Suspense," "Amazing Adventures" and "Tales to Astonish."

2.      This Court has subject matter jurisdiction over the claims set forth in these Counterclaims pursuant to the United States Copyright Act (hereinafter, the "Copyright Act"), 17 U.S.C. § 101 *et al.*, pursuant to the Lanham Act, 15 U.S.C. §§ 1121 and 1125(a) and (c), and 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court has supplemental jurisdiction over the related state claims herein under 18 U.S.C. § 1367, in that these claims form part of the same case and controversy as the federal claims herein, and because such claims derive from a common nucleus of operative facts.

3.      This Court has personal jurisdiction over the Counterclaim-Defendants in that Counterclaim-Defendants are regularly doing business in the State of New York and in this district and maintain contacts within the State of New York and this district.

4.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a), because all of the Counterclaim-Defendants are conducting business in this district and are subject to personal jurisdiction in this district.

## PARTIES

5.      Counterclaimant LISA R. KIRBY (hereinafter "Lisa Kirby") is an individual and a citizen of and resides in the State of California, in the County of Ventura, and is and at all times has been a citizen of the United States.  Lisa Kirby is the daughter of Jack Kirby.

6.       Counterclaimant BARBARA J. KIRBY (hereinafter "Barbara Kirby") is an individual and a citizen of and resides in the State of New York, in the County of Putnam, and is and at all times has been a citizen of the United States.  Barbara Kirby is the daughter of Jack Kirby.

7.      Counterclaimant NEAL L. KIRBY (hereinafter "Neal Kirby") is an

individual and a citizen of and resides in the State of California, in the County of Orange, and is and at all times has been a citizen of the United States.  Neal Kirby is the son of Jack Kirby.

8.      Counterclaimant SUSAN M. KIRBY (hereinafter "Susan Kirby") is an individual and a citizen of and resides in the State of New York, in the County of Putnam, and is and at all times has been a citizen of the United States.  Susan Kirby is the daughter of Jack Kirby.

9.      Counterclaimants are informed and believe and based thereon allege that Counterclaim-Defendant THE WALT DISNEY COMPANY (hereinafter "Disney") is a corporation organized and existing under the laws of the State of Delaware, which has its principal place of business in Los Angeles County, California, and which regularly conducts significant business in the State of New York.

10.     Counterclaimants are informed and believe and based thereon allege that Counterclaim-Defendant MARVEL ENTERTAINMENT, INC. (hereinafter, collectively with defendants MARVEL WORLDWIDE, INC., MARVEL CHARACTERS, INC., and MVL RIGHTS, LLC, "Marvel") is a corporation organized and existing under the laws of the State of Delaware and which regularly conducts significant business in the State of New York.  Counterclaimants are informed and believe and based thereon allege that Marvel was recently purchased by Disney, on December 31, 2009.

11.     Counterclaimants are informed and believe and based thereon allege that Counterclaim-Defendant MARVEL WORLDWIDE, INC. is a corporation organized and existing under the laws of the State of Delaware, which has its principal place of business in New York, New York, and which regularly conducts significant business in the State of New York.

12.     Counterclaimants are informed and believe and based thereon allege that Counterclaim-Defendant MARVEL CHARACTERS, INC. is a corporation organized and existing under the laws of the State of Delaware, which has its principal place of

business in Los Angeles County, California, and which regularly conducts significant business in the State of New York.

13.     Counterclaimants are informed and believe and based thereon allege that Counterclaim-Defendant MVL RIGHTS, LLC is a corporation organized and existing under the laws of the State of Delaware, which has its principal place of business in Los Angeles County, California, and which regularly conducts significant business in the State of New York.

14.     Counterclaimants are informed and believe and based thereon allege that Marvel is the relevant successor-in-interest to the following entities:  Timely Comics; Atlas Comics; Atlas Magazines, Inc.; Magazine Management Company, Inc.; Canam Publishers Sales Corporation; Non-Pareil Publishing Corporation; Vista Publications, Inc.; Zenith Publishing Corporation; Bard Publishing Corporation; Warwick Publications, Inc.; Male Publishing Corp.; Miss America Publishing Corporation; Chipiden Publishing Corporation; Marvel Comics Group; and Marvel Entertainment Group, Inc. ("Marvel's Predecessor(s)").

15.     Counterclaimants are informed and believe and based thereon allege that Counterclaim-Defendants MARVEL ENTERTAINMENT, INC., MARVEL WORLDWIDE, INC., MARVEL CHARACTERS, INC., MVL RIGHTS, LLC and THE WALT DISNEY COMPANY (collectively, "Counterclaim-Defendants") are the alter-egos of each other and there exists a unity of interest and ownership among such Counterclaim-Defendants such that any separateness has ceased to exist with respect to the works authored or co-authored by Kirby that are the subject hereof.

16.     Counterclaimants are informed and believe and based thereon allege that the fictitiously named Counterclaim-Defendants captioned hereinabove as Does 1 through 10, inclusive, and each of them, were in some manner responsible or legally liable for the actions, damages, events, transactions and circumstances alleged herein. The true names and capacities of such fictitiously named Counterclaim-Defendants,

whether individual, corporate, associate, or otherwise are presently unknown to Counterclaimants, and Counterclaimants will amend these Counterclaims to assert the true names and capacities of such fictitiously named Counterclaim-Defendants when the same have been ascertained.  For convenience, each reference herein to a named Counterclaim-Defendant shall also refer to the Doe Counterclaim-Defendants and each of them.

17.     Counterclaimants are informed and believe and based thereon allege that each of the Counterclaim-Defendants was the agent, partner, servant, employee, or employer of each of the other Counterclaim-Defendants herein, and that at all times herein mentioned, each of the Counterclaim-Defendants was acting within the course and scope of such employment, partnership and/or agency and that each of the Counterclaim-Defendants is jointly and severally responsible for the damages hereinafter alleged.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18.     Jack Kirby is widely considered to be one of the most talented and prolific comic book artists/authors of all time.  Beginning in 1936, and continuing almost uninterrupted until his death in 1994, Kirby conceived, drew and authored numerous comic books that were ultimately published by a wide variety of publishers, including Marvel.

19.     Between 1958 and 1963, Jack Kirby authored or co-authored numerous original comic book stories featuring a variety of characters, including "The Fantastic Four," "X-Men," "Iron Man," "Spider-Man," "The Incredible Hulk," "Thor," "The Avengers," "Nick Fury" and "Ant-Man," that were purchased by Marvel's Predecessors and published in their following periodicals:  *Amazing Adventures*, Vol. 1, Nos. 1-6; *Amazing Fantasy,* Vol. 1, No. 15; *The Amazing Spider-Man*, Vol. 1, Nos. 1-7; *The Avengers,* Vol. 1, Nos. 1-2; *The Fantastic Four*, Vol. 1, Nos. 1-21; *The Fantastic Four Annual*, No. 1; *Journey Into Mystery,* Vol. 1, Nos. 51-98; *The Incredible Hulk,* Vol. 1, Nos. 1-6; *The Rawhide Kid*, Vol. 1, Nos. 17-35; *Sgt. Fury and His Howling*

11

*Commandoes*, Vol. 1, Nos. 1-4; *Strange Tales*, Vol. 1, Nos. 67-115; *Tales of Suspense*, Vol 1., Nos. 1, 3-48; *Tales to Astonish*, Vol. 1, Nos. 1, 3-50; and *The X-Men*, Vol. 1, Nos. 1-2  (hereinafter, the "Kirby Works").

20.     For much of this period, the comic book division of Marvel's Predecessors was on the brink of bankruptcy, due in large part to criticism in Fredric Wertham's book, "Seduction of the Innocent," the ensuing 1954 hearings of the Senate Subcommittee on Juvenile Delinquency, and the resulting censorship imposed on the comic book industry by the introduction of the "Comic Code Authority" in 1954.  Shortly thereafter, the comic book market underwent a severe contraction.

21.     In the period relevant to this action, Marvel's Predecessors had a tiny office, very few employees, and fed the printing presses of related entities with comic book material purchased for publication from "freelancers" to which they had little or no obligation.

22.     During this period, Kirby was not an employee of any of Marvel's Predecessors and was not paid a fixed salary or wage by any of them.  Marvel's Predecessors were not financially obligated to Kirby, kept their options open, and thus never committed to any written agreement pursuant to which Kirby was to create his works.  Like many others during this difficult economic time, Kirby worked solely on a freelance basis out of his own home, with his own instruments and materials and thereby bore the financial risk of creating his copyrighted materials.  At completion, such material was submitted to Marvel's Predecessors, and if they accepted it for publication, they purchased Kirby's material at a per-page rate.

23.     The Kirby Works were not created as "works-made-for-hire" for Marvel's Predecessors.

24.     A decade later, on or about May 30, 1972, at the request of Marvel's Predecessors, Kirby entered into an agreement with Magazine Management Co., Inc. whereby he assigned his copyrights in the Kirby Works to Magazine Management Co.,

Inc. for additional compensation (hereinafter, the "1972 Grant").  Marvel is the alleged successor-in-interest to Magazine Management Co., Inc.

25.     On September 16, 2009, Counterclaimants served by first class mail, postage prepaid, notices of  termination, pursuant to the Copyright Act, 17 U.S.C. § 304(c) (hereinafter, the "Termination Notices") on each of the Counterclaim-Defendants and a number of their subsidiaries, licensees and affiliates, terminating the 1972 Grant and any prior implied grant to Marvel's Predecessors of the renewal copyright to the Kirby Works listed in the Termination Notices, including any character, story element or indicia reasonably associated with the Kirby Works, all as set forth in the Termination Notices.

26.     Counterclaimants are informed and believe and based thereon allege that the copyrights to all the Kirby Works listed in the Termination Notices were renewed by Marvel or Marvel's Predecessors.

27.     The Termination Notices were drafted and served on Counterclaim-Defendants, all in full compliance with the Copyright Act, 17 U.S.C. § 304(c), and the regulations promulgated thereunder by the Register of Copyrights, 37 C.F.R. § 201.10.

28.     The Termination Notices will terminate on their respective effective dates (hereinafter, the "Termination Dates") all operative prior grants or purported grants of the renewal copyrights in and to the Works for their extended renewal terms. On the Termination Dates, Counterclaimants will recapture ownership of Kirby's original copyright interest in and to the Kirby Works for their respective extended copyright renewal terms (hereinafter, the "Recaptured Copyrights").

## FIRST CLAIM FOR RELIEF

(Declaratory Relief That the Notices of Termination Are Effective Pursuant to 17 U.S.C. § 304(c) - Against All Counterclaim-Defendants)

29.     Counterclaimants re-allege and incorporate by reference paragraphs 1 through 28 inclusive, as though fully set forth herein.

13

30.       By reason of the foregoing facts, an actual and justiciable controversy has arisen and now exists between Counterclaimants and Counterclaim-Defendants under federal copyright law, 17 U.S.C. §§ 101 *et seq.*, concerning their respective rights and interests in and to the copyrights to various Kirby Works, for which Counterclaimants desire a declaration of rights.

31.       Counterclaimants contend and Counterclaim-Defendants deny that:

a.       The Termination Notices are effective and will terminate on their respective Termination Dates the 1972 Grant and any other operative grants, assignments or transfers by Kirby of copyrights for the renewal terms in and to each and/or all of the Kirby Works (as defined in paragraph 19 hereinabove) to any of Marvel's Predecessors, and will likewise terminate any assignments or licenses of such copyrights by Marvel or the Marvel Predecessors to third parties;

b.       With respect to those Kirby Works solely authored by Kirby, Counterclaimants will own the Recaptured Copyrights for their renewal terms as of their respective Termination Dates;

c.       With respect to those Kirby Works co-authored  by Kirby (hereinafter "Co-Owned Kirby Works"), Counterclaimants will own Kirby's undivided co-authorship share of the copyright to such works for their renewal terms as of their respective Termination Dates;

d.       With respect to Co-Owned Kirby Works, Counterclaimants will be entitled to a *pro rata* percentage of any and all proceeds, compensation, monies, profits, gains and advantages from the exploitation of, or attributable to, in whole or in part, such Co-Owned Kirby Works (hereinafter, sometimes referred to as "Profits"); and

e.       With respect to Co-Owned Kirby Works, as of the respective Termination Dates, Counterclaim-Defendants will jointly own the copyrights to such works for their renewal terms; both Counterclaimants and Counterclaim-Defendants will have the non-exclusive right to exploit such jointly owned copyrights, subject to a duty to

14

account to one another for a *pro rata* share of the Profits derived from such exploitation; and neither Counterclaimants nor Counterclaim-Defendants will have the authority to confer exclusive licenses or grants to third parties with respect to such jointly owned copyrights, and/or any element thereof.

32.     A declaration of the Court is necessary pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, so that the parties may know their respective rights and obligations with respect to the Termination Notices and the copyright interests thereby recaptured by Counterclaimants.

## SECOND CLAIM FOR RELIEF

(Declaratory Relief Regarding the Principles to be Applied in an Accounting of Profits from the Exploitation of Co-Owned Copyrights - Against All Counterclaim-Defendants)

33.     Counterclaimants re-allege and incorporate by reference paragraphs 1 through 32 inclusive, as though fully set forth herein.

34.     By reason of the foregoing facts, an actual and justiciable controversy has arisen and now exists between Counterclaimants and Counterclaim-Defendants concerning how Profits from Co-Owned Kirby Works should be defined for purposes of Counterclaim-Defendants' and Counterclaimants' duty to account to one another for their respective exploitation of such works after their respective Termination Dates.

35.     Counterclaimants contend and Counterclaim-Defendants deny that:

a.     Profits should include revenues from the exploitation of new derivative works based, in whole or in part, on Co-Owned Kirby Works and produced and/or completed on or after the respective Termination Dates, including but not limited to works produced and/or completed prior to such Termination Dates, but which are modified after such Termination Dates so as to comprise new derivative works under the Copyright Act (hereinafter collectively, "New Derivative Works");

b.     Profits should include profits from New Derivative Works, notwithstanding that the underlying license agreement(s) for such New Derivative Works

were entered into prior to the respective Termination Dates;

      c.    Profits should include Counterclaim-Defendants' revenues from the exploitation on or after the respective Termination Dates of New Derivative Works in foreign territories, when such revenues result from the predicate exercise *in the United States* of any right under the copyright to a Co-Owned Kirby Work, by any Counterclaim Defendant, its licensees or assign;

      d.    Profits should include Counterclaim-Defendants' revenues from the exploitation of the copyright to a Co-Owned Kirby Work, or any elements thereof; notwithstanding that such copyright or copyrighted element is also subject to trademark protection or contains a registered trademark(s), if any, owned by any of the Counterclaim-Defendants;

      e.    There should be no *apportionment* of Profits from the exploitation of a Co-Owned Kirby Work subject to an accounting, because such an accounting between joint copyright owners is governed by state law, which provides that each co-owner is entitled to a *pro rata* share of the Profits derived from co-owned property, irrespective of any "improvements" unilaterally made by another co-owner;

      f.    Alternatively, if *apportionment* is ordered, it should apply only to Profits from the exploitation of a New Derivative Work *created by a Counterclaim Defendant*, but not to Profits from the mere *licensing* of a Co-Owned Kirby Work(s), because the compensation for such licensing inherently reflects market value *apportionment*;

      g.    Alternatively, if *apportionment* is ordered, there should be no *apportionment* for any item or element, the cost of which is already deducted in computing Counterclaim-Defendants' Profits, because this would be "double counting";

      h.    Profits should include the Profits of the Marvel Counterclaim-Defendants and/or their parent, Disney, and the Profits of any entity owned by either of them, and Counterclaim-Defendants should be enjoined from reducing or diluting

16

Counterclaimants' share of Profits by intra-corporate licensing between them or closely held or related entities; and

   i. In determining Profits, deductible costs should include only reasonable costs directly attributable to the exploitation of New Derivative Works, of the type customarily deducted in arms' length agreements to exploit copyrights of comparable value, all in compliance with Generally Accepted Accounting Principles ("GAAP").

  36. A declaration of the Court is necessary pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, so that the parties may know their respective rights and obligations with respect to an accounting of Profits from the exploitation of the Recaptured Copyrights after the Termination Dates.

## THIRD CLAIM FOR RELIEF

(Conversion – By Counterclaimants Barbara J. Kirby and Susan M. Kirby

("Barbara and Susan") – Against all Counterclaim-Defendants)

  37. Counterclaimants Barbara and Susan re-allege and incorporate by reference paragraphs 1 through 36 inclusive, as though fully set forth herein.

  38. Marvel's Predecessors took possession of Kirby's original artwork (the "Kirby Artwork") for purposes of publishing the Kirby Works.  The Kirby Artwork is of great historical and artistic value and significance.

  39. Kirby was the lawful owner of the Kirby Artwork.  Kirby died on February 6, 1994, whereupon ownership of the Kirby Artwork passed to his spouse, Rosalind Kirby.  Upon the death of Rosalind Kirby, ownership of the Kirby Artwork passed to The Rosalind Kirby Trust, of which Counterclaimants Barbara and Susan are beneficiaries.

  40. In or around 1982, Jack Kirby demanded that Marvel return all of the Kirby Artwork in its possession or control.

  41. Counterclaimants Barbara and Susan are informed and believe, and

based thereon allege that in or around 1984, the New York State Board of Equalization made inquiries as to sales tax due in connection with Marvel's purchase of comic book artwork.

42.    Thereafter, in or around October, 1986, Marvel purported to return to Kirby all of the Kirby Artwork in its possession or control.  Marvel represented to Kirby that it had no other Kirby Artwork in its possession or control than that returned to Kirby, and Kirby and his successors, including Counterclaimants, relied on Marvel's representations.

43.    Counterclaimants Barbara and Susan are informed and believe and based thereon allege that Marvel retains in its possession certain Kirby Artwork that it did not return to Kirby, thereby exerting dominion over such Kirby Artwork and converting it to their own use.  Counterclaimants are informed and believe and based thereon allege that Marvel concealed and continues to conceal that Marvel retained certain Kirby Artwork that it did not return to Kirby, and due to such ongoing concealment Counterclaimants did not demand that Marvel return such Kirby Artwork.

44.    Counterclaimants Barbara and Susan are further informed and believe and based thereon allege that during the period in which Marvel had physical possession of the Kirby Artwork, individual pieces of Kirby Artwork were taken by Marvel's employees and/or agents with Marvel's knowledge, consent or acquiescence.

45.    Counterclaimants Barbara and Susan are unaware of the ultimate disposition of the Kirby Artwork converted by Marvel or its employees, because such knowledge is within the exclusive possession of Marvel.

46.    Counterclaimants Barbara and Susan are informed and believe and based thereon allege that pieces of Kirby Artwork, which were not returned either to Kirby or another person who participated in the creation of such Kirby Artwork, have recently been publicly sold with Marvel's knowledge, consent or acquiescence.

47.    As a proximate result of Marvel's conversion, Counterclaimants Barbara

and Susan have been deprived of their rightful possession of the Kirby Artwork, including the opportunity to use, enjoy, sell, license or otherwise dispose of such artwork, all to their damage in an amount to be determined at trial.

48.      Counterclaim-Defendants' acts alleged hereinabove were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

### FOURTH CLAIM FOR RELIEF

(In the Alternative: Breach of Contract - By Counterclaimants Barbara and Susan –
Against all Counterclaim-Defendants)

49.      Counterclaimants Barbara and Susan re-allege and incorporate by reference paragraphs 1 through 48 inclusive, as though fully set forth herein.

50.      On or about October 31, 1986, Jack Kirby and Marvel entered into an agreement whereby Marvel promised to return to Kirby any and all of the Kirby Artwork in their possession, custody or control.

51.      Jack Kirby performed all conditions required to be performed under the terms and conditions of the October 31, 1986 agreement.

52.      Kirby died on February 6, 1994, whereupon his rights under the October 31, 1986 agreement passed to his spouse, Rosalind Kirby.  Upon the death of Rosalind Kirby, Kirby's rights under the October 31, 1986 agreement passed to The Rosalind Kirby Trust, of which Susan Kirby and Barbara Kirby are beneficiaries.

53.      Counterclaimants Barbara and Susan are informed and believe and based thereon allege that Counterclaim-Defendants have breached the October 31, 1986 agreement by failing to perform their duties and obligations under the agreement, including their failure to return to Jack Kirby all of his original artwork in their possession, custody or control.

54.      As a direct and proximate result of Counterclaim-Defendants' breach of the October 31, 1986 agreement, Counterclaimants Barbara and Susan have suffered

damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

(Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) – By Counterclaimants

Barbara and Susan – Against all Counterclaim-Defendants)

55.     Counterclaimants Barbara and Susan re-allege and incorporate by reference paragraphs 1 through 54, inclusive, as though fully set forth herein.

56.     Counterclaimants Barbara and Susan are informed and believe and based thereon allege that on or around June 13, 2008, the major motion picture *The Incredible Hulk*, based on the Kirby Works, was released.  On or about May 1, 2009, the major motion picture *X-Men Origins: Wolverine*, based on the Kirby Works ,was released (collectively, *The Incredible Hulk* and *X-Men Origins: Wolverine* are referred to as the "Kirby Films").

57.     Counterclaimants Barbara and Susan are informed and believe and based thereon allege that the Kirby Films were released pursuant to a license from Marvel or Marvel's predecessors to third party licensees, and that such licenses did not require the licensees to properly credit Kirby as the author or co-author of the underlying works on which the Kirby Films were based.

58.     Marvel has manufactured, distributed and/or licensed innumerable products associated with the Kirby Films, such as merchandising (the "Kirby Film Merchandise").

59.     Counterclaimants Barbara and Susan are informed and believe and based thereon allege that in the Kirby Films and in the commercial advertising and promotion for the Kirby Films, Kirby was not properly identified by Marvel's licensees as the author or co-author of the underlying works on which the Kirby Films were based.

60.     Counterclaimants Barbara and Susan are informed and believe and based thereon allege that in the commercial advertising and promotion for the Kirby Film Merchandise, Kirby was also not properly identified by Marvel as the author or co-author

20

of the underlying works on which the Kirby Films and the Kirby Film Merchandise were based.

61.     Counterclaimants Barbara and Susan are informed and believe and based thereon allege that Counterclaim-Defendants thereby misrepresented in commercial advertising and promotion that Kirby is not the author or co-author of the Kirby Works underlying the Kirby Films and Kirby Film Merchandise.  Such false claims, representations and wrongful omissions misrepresented in commercial advertising and promotion the nature, characteristics and qualities of the Kirby Films and Kirby Film Merchandise.

62.     Counterclaimants Barbara and Susan are informed and believe and based thereon allege that such false or misleading descriptions, representations and omissions of fact regarding the Kirby Films and Kirby Film Merchandise in interstate commerce materially affected the purchasing decisions of consumers of such products.

63.     Such use of false or misleading descriptions or representations of fact in interstate commerce is in opposition to the protection of the public interest.

64.     Counterclaimants Barbara and Susan are informed and believe and based thereon allege that such false or misleading descriptions or representations were made by Marvel with a willful disregard for the public interest.

65.     Counterclaimants Barbara and Susan are effectively in commercial competition with Marvel with respect to the sale and licensing of works authored or co-authored by Kirby, and of derivative works based thereon.

66.     Counterclaim-Defendants' wrongful conduct has proximately caused and will continue to cause Counterclaimants Barbara and Susan substantial injury and damage including, without limitation, loss of customers, dilution of goodwill, injury to their business reputation, lost profits and diminution of the value of their interests in Kirby's works, derivative products and commercial activities and in Kirby's name and reputation.

67.     The ongoing harm this wrongful conduct will cause to Counterclaimants Barbara and Susan is both imminent and irreparable, and the amount of damage sustained by such Counterclaimants will be difficult to ascertain if such wrongful conduct is allowed to continue unabated.

68.     By reason of the foregoing, Counterclaim-Defendants have violated and continue to violate the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

69.     Counterclaimants Barbara and Susan are entitled to an injunction, during the pendency of this action and permanently, restraining Counterclaim-Defendants, their officers, agents and employees, and all persons acting in concert with them, from misrepresenting that Kirby is not the author or co-author of the Kirby Works underlying the Kirby Films, the Kirby Film Merchandise and associated derivative products.

70.     Counterclaimants Barbara and Susan have no adequate remedy at law with respect to these ongoing violations.

71.     Counterclaimants Barbara and Susan are further entitled to recover from Counterclaim-Defendants, under 15 U.S.C. § 1117(a), up to three times the damages they sustained and will sustain, and any income, gains, profits, and advantages obtained by Counterclaim-Defendants as a result of their wrongful acts and omissions alleged hereinabove, plus reasonable attorneys' fees and costs, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial.

WHEREFORE, Counterclaimants pray for relief as follows:

## PRAYER FOR RELIEF

### ON THE FIRST CLAIM FOR RELIEF

72.     For a declaration as follows:

a.     That pursuant to the Copyright Act, 17 U.S.C. § 304(c), Counterclaimants will validly terminate, on the respective Termination Dates, all prior grants, assignments or transfers of the renewal copyrights in and to each and/or all of the Kirby Works to any of the Counterclaim-Defendants and any of their predecessors-in-

interest;

b.      That, with respect to Kirby Works *solely authored* by Kirby, Counterclaimants will exclusively own the Recaptured Copyrights thereto for their renewal terms as of their respective Termination Dates, and any prior assignments or licenses to third parties of the renewal copyrights to such Kirby Works, in whole or in part, by Marvel or Marvel's Predecessors will be terminated as of the respective Termination Dates;

c.      That, with respect to Kirby Works *co-authored* by Kirby, Counterclaimants will own a *pro rata* share of the copyrights thereto for their renewal terms as of their respective Termination Dates;

d.      That, with respect to such Co-Owned Kirby Works, Counterclaimants are entitled to a *pro rata* percentage of any and all Profits attributable thereto, in whole or in part; and

e.      That, with respect to such Co-Owned Kirby Works, both Counterclaimants and Counterclaim-Defendants will each have the non-exclusive right to exploit the jointly owned copyrights thereto; that both Counterclaimants and Counterclaim-Defendants will be subject to a duty to account to the other for a *pro rata* share of the Profits derived from such exploitation; and that neither Counterclaimants nor Counterclaim-Defendants will have the authority to confer exclusive copyright licenses or grants to third parties with respect to such Co-Owned Kirby Works, or any element thereof.

<u>ON THE SECOND CLAIM FOR RELIEF</u>

73.      With respect to Counterclaimants' and Counterclaim-Defendants' duty to account to one another for their Profits from Co-Owned Kirby Works, for a declaration as follows:

a.      That Profits should include Counterclaim-Defendants' revenues from the exploitation of any and all New Derivative Works;

b.    That Profits should include Counterclaim-Defendants' revenues from any New Derivative Works, notwithstanding that the underlying license agreement(s) for such New Derivative Works were entered into prior to the respective Termination Dates;

c.    That Profits include Counterclaim-Defendants' revenues from New Derivative Works in foreign territories, when such revenues result from the predicate exercise *in the United States* of any right under the copyright to a Co-Owned Kirby Work, by any Counterclaim-Defendant, their licensees or assigns;

d.    That Profits include Counterclaim-Defendants' revenues from the exploitation of the Co-Owned Kirby Works or any elements thereof in New Derivative Works; notwithstanding that such copyrights or copyrighted elements are also subject to trademark protection or comprise registered trademarks owned by Counterclaim-Defendants, if any;

e.    That there should be no *apportionment* of Profits since Counterclaimants are entitled to a *pro rata* share of all such Profits as joint owners of the Co-Owned Kirby Works;

f.    Alternatively, that apportionment, if any, will apply only to Profits from the exploitation of the Co-Owned Kirby Works in New Derivative Works created by a Counterclaim-Defendant, but not to Profits from the mere *licensing* of the Co-Owned Kirby Works by any of the Counterclaim-Defendants;

g.    Alternatively, that there will be no apportionment for any item or element, the cost of which is already deducted in computing Counterclaim-Defendants' Profits;

h.    That Profits include the Profits of any and all Counterclaim-Defendants, their subsidiaries and divisions; and

i.    That in determining Profits, only reasonable costs directly attributable to the exploitation of the Co-Owned Kirby Works, of the type customarily

deducted in arms' length agreements to exploit copyrights of comparable value to that of the Co-Owned Kirby Works, should be deducted from gross revenues, all in compliance with GAAP.

<u>ON THE THIRD CLAIM FOR RELIEF</u>

74.     For the value of the property converted or, in the alternative, the return of the property in Counterclaim-Defendants' possession, custody or control;

75.     For damages for the proximate and foreseeable loss resulting from Counterclaim-Defendants' acts according to proof as shall be determined at trial;

76.     For interest at the legal rate on the foregoing sums;

77.     For damages for time and money properly expended in pursuit of the converted property in the sum of an amount to be determined at trial; and

78.     For punitive and exemplary damages.

<u>ON THE FOURTH CLAIM FOR RELIEF</u>

79.     For compensatory damages in an amount to be proven at trial; and

80.     For specific performance of the October 31, 1986 contract, including the return of all of Jack Kirby's original artwork in Counterclaim-Defendants' possession, custody or control.

<u>ON THE FIFTH CLAIM FOR RELIEF</u>

81.     For an order preliminarily and thereafter permanently enjoining Counterclaim-Defendants from making such false or misleading descriptions, representations, and omissions of fact in connection with the Kirby Films, Kirby Film Merchandise, and Counterclaim-Defendants' licensing and commercial activities, and from engaging in any further violations of the Lanham Act;

82.     For up to three times the damages Counterclaimants Barbara and Susan sustained and will sustain and any income, gains, profits, and advantages obtained by Counterclaim-Defendants as a result of their violation of the Lanham Act in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; and

25

83.      For such and other relief and remedies available under the Lanham Act, 15 U.S.C. §§ 1125 and 1117, which the Court may deem just and proper.

<u>ON ALL CLAIMS FOR RELIEF</u>

84.      For Counterclaimants' costs of suit;

85.      For interest at the highest lawful rate on all sums awarded Counterclaimants other than punitive damages;

86.      For reasonable attorneys' fees; and

87.      For such other and further relief as the Court may deem just and proper.


Dated:  New York, New York
         April 28, 2010                    TOBEROFF & ASSOCIATES, P.C.

                                                 s/Marc Toberoff
                                           By: _____
                                                 Marc Toberoff (MT 4862)

                                           2049 Century Park East, Suite 2720
                                           Los Angeles, CA 90067
                                           Tel: 310-246-3333

                                           Attorneys for defendants Lisa R. Kirby, Barbara J.
                                           Kirby, Neal L. Kirby and Susan M. Kirby

**JURY TRIAL DEMANDED**

Defendants and Counterclaimants hereby request a trial by jury on each claim for relief alleged in the Complaint and Counterclaims.

Dated:  New York, New York
       April 28, 2010

                               TOBEROFF & ASSOCIATES, P.C.

                                     s/Marc Toberoff
                              By: _____
                                  Marc Toberoff (MT 4862)

                                2049 Century Park East, Suite 2720
                                Los Angeles, CA 90067
                                Tel: 310-246-3333

                                Attorneys for defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was served electronically by the Court's ECF system and by first class mail on those parties not registered for ECF pursuant to the rules of this Court.

Dated:  New York, New York
      April 28, 2010

TOBEROFF & ASSOCIATES, P.C.

By: _____
     s/Marc Toberoff
     Marc Toberoff (MT 4862)

2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: 310-246-3333

Attorneys for defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby