*Memonton*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARVEL WORLDWIDE, INC.,
MARVEL CHARACTERS, INC. and
MVL RIGHTS, LLC,

             Plaintiffs,

  - against-

LISA R. KIRBY, BARBARA J. KIRBY,
NEAL L. KIRBY and SUSAN N. KIRBY,

             Defendants.

-------------------------------------------------------x

LISA R. KIRBY, BARBARA J. KIRBY,
NEAL L. KIRBY and SUSAN N. KIRBY,

             Counterclaim-Plaintiffs,

  - against-

MARVEL ENTERTAINMENT, INC.,
MARVEL WORLDWIDE, INC.,
MARVEL CHARACTERS, INC., MVL
RIGHTS, LLC, THE WALT DISNEY
COMPANY and DOES 1 through 10,

             Counterclaim-Defendants.

-------------------------------------------------------x

Civil Action No. 10 Civ. 141 (CM) (KNF)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __ _____
DATE FILED: __6|2|10

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiffs Marvel Worldwide, Inc., Marvel Characters, Inc. and MVL Rights, LLC

(collectively "Plaintiffs"), Counterclaim-Defendants Marvel Entertainment, Inc. and The Walt

Disney Company, and Defendants Lisa R. Kirby, Barbara J. Kirby, Neil L. Kirby and Susan J.

Kirby (collectively, the "Kirby Heirs" or "Defendants"), by and through their respective counsel

of record, hereby stipulate to and jointly request that the Court enter this Protective Order governing this action as follows:

1.    For purposes of this Order, a "Writing" means any tangible expression or communication — however created, recorded, embodied, maintained, filed, or stored in any medium, mode, form, or technology — including, without limitation, as defined by Rule 1001 of the Federal Rules of Evidence.

2.    For the purposes of this Order, a "Document Production" means the production of any Writing by any party or non-party witness pursuant to any procedure set forth in the Federal Rules of Civil Procedure, including, without limitation, any initial disclosure pursuant to Rule 26(a)(1), any deposition notice pursuant to Rule 30, any request for production of documents pursuant to Rule 34, and any subpoena pursuant to Rule 45.

3.    Except as provided in Paragraph 12 below, each Writing produced by any party or non-party witness in any Document Production -- whether or not designated "CONFIDENTIAL" pursuant to Paragraph 3(a) below — shall be used solely for purposes of the prosecution and defense of the above-captioned action and shall not be used for business or competitive purposes or for purposes of other litigations or for any other purpose.

(a)    Except as provided in Paragraph 12 below, the additional provisions of this Order shall apply to (1) any Writing produced in any Document Production by any party or non-party witness marked as "CONFIDENTIAL," and (2) any Writing produced in any Document Production by any party or non-party witness which any other party requests be marked as "CONFIDENTIAL" and so notifies all other parties within twenty-one days (21) days of its production, in which case the original and all copies of the Writing shall be promptly marked "CONFIDENTIAL." Documents may be marked "CONFIDENTIAL" if the marking or

2

requesting party reasonably believes the information in the documents is not already public and the documents: (i) contain confidential proprietary information, including financial reports, records and projections; (ii) include financial and developmental information that would assist a competitor; (iii) are unpublished creative materials, such as scripts, artwork and the like whose disclosure could reasonably harm competitive advantage, or foster a competitive disadvantage, or could impair or disrupt a future or current business relationship; (iv) are non-public, private agreements, and/or Writings disclosing the terms of such agreements and documentation relating to the negotiation thereof; (v) contain information which the party is contractually or otherwise by law required to maintain as confidential (*e.g.*, due to a non-disclosure agreement); (vi) are commercially sensitive such that their disclosure could reasonably harm competitive advantage, or foster a competitive disadvantage; or (vii) contain information that if disclosed could impair or disrupt future or current business relationships. Any such Writing, and every copy thereof, is referred to herein as a "Protected Writing."

    4.      The following persons are collectively referred to herein as "Covered Recipients":

    a.  A party to this action, each of her or its agents and employees, and all of such party's parents, subsidiaries and affiliates;

    b.  Counsel for a party to this action and such counsel's support employees;

    c.  A deposition or trial witness who testifies in this action, or any other person reasonably believed by counsel for any party to this action to have relevant knowledge or information, that person's counsel, and such counsel's support employees;

    d.  An expert witness, consultant, or investigator engaged by a party to this action and that person's support employees;

    e.  The Court and its support employees;

3

f.  A mediator, arbitrator, or other settlement officer who renders service in this action, and that person's support employees;

g.  A court reporter transcribing any proceeding in this action and that person's support employees; and

h.  Any other person as to whom all parties agree in writing.

5.      Except as expressly permitted by this Order, neither a Protected Writing nor any of its contents shall ever be viewed by or disclosed to, directly or indirectly, any person who is not a Covered Recipient.  Except as required by law or pursuant to subpoena, no Covered Recipient shall ever disclose to any person who is not a Covered Recipient, directly or indirectly, the existence or contents of any Protected Writing.  A Protected Writing may be viewed by or disclosed to a Covered Recipient solely for purposes of and as is necessary for these related actions.

6.      Notwithstanding any other provision herein, a Protected Writing may be filed or lodged with the Court or offered as evidence at trial in this action without placing the Protected Writing under seal, unless the Court grants an order permitting the Protected Writing to be filed under seal.  Counsel for any party that intends to publicly file or lodge with the Court any Protected Writing, or to offer any Protected Writing as evidence at trial, shall, prior to such use, endeavor in good faith to notify counsel for all other parties and (as applicable) any non-party witness that produced the Protected Writing of such intended use sufficiently early to permit any party to file and obtain a ruling on a motion for a sealing order, but in no event less than five (5) business days prior to any such public filing.  Nothing in this paragraph shall affect the right of a party to file or lodge with the Court a Protected Writing under seal.

4

7.      Except solely for a Covered Recipient who is (1) a party to this action, his or her or its counsel, or such counsel's support employee, (2) a witness during deposition or at trial, (3) a court reporter transcribing any proceeding in this action or that person's support employee, or (4) the Court or its support employee, prior to the disclosure of any Protected Writing or any of its contents to a Covered Recipient, that Covered Recipient shall be given a copy of this Order and shall execute a Certificate of Compliance in the form of Exhibit A hereto.

8.      If a Protected Writing is marked and attached as an exhibit to a deposition transcript, then that portion of the transcript discussing or disclosing information contained in the Protected Writing shall be designated as "Confidential" pursuant to the terms of this Order.

9.      Except as provided in Paragraph 12 below, no copy shall be made of any Protected Writing except for use in and as is necessary for this action. Promptly following the conclusion of this action, the original and all copies of each Protected Writing shall be destroyed or returned to counsel for the party or non-party witness that produced it, provided, however, that counsel for any party to this action may permanently retain one copy of each Protected Writing, and the original and one copy of each pleading, brief, deposition transcript, and exhibit which attaches or includes any Protected Writing, for insurance, tax, risk management, or archival purposes.

10.     If any party to this action believes that any Writing designated by another party (the "Designating Party") hereunder as CONFIDENTIAL does not reasonably merit such designation (the "Objecting Party") it may inform the Designating Party of such by written notice stating with particularity for each challenged Writing the grounds why such designation is improper hereunder. The parties will promptly confer regarding such notice in a good faith effort to resolve the matter. However, if an agreement is not reached within seven (7) days from

5

the Designating Party's receipt of such notice, the Designating Party may within twenty-one (21) days from its receipt of the notice serve on the Objecting Party its portion of a joint stipulation on a motion for a protective order regarding the designation(s) in question. The challenged CONFIDENTIAL designation(s) will be deemed to be removed from the information and/or document(s) in question only if: (a) the Designating Party fails within such time period to serve its portion of a joint stipulation on a motion for a protective order or (b) if upon such motion the challenged designation(s) is/are not upheld by the Court.

      11.    The Court will retain jurisdiction over all persons necessary to enforce this Order, and to modify this Order upon the application and demonstration of good cause by any person, even after the termination of this action. The Court may impose a monetary sanction against any person who willfully violates this Order in an amount which the Court deems appropriate. Additionally, if any person threatens to violate any provision of this Order, then any potentially aggrieved person may apply to the Court for injunctive relief and the respondent shall not assert as a defense that the potentially aggrieved person has an adequate remedy at law.

      12.    Notwithstanding any other provision herein, and without prejudice to the right of any person to seek any additional protective order, this Order is not intended to be and shall not be construed as (1) a ruling on the admissibility of any Writing, (2) a waiver of any objection to the production or use of any Writing on grounds of confidentiality or otherwise, (3) a ruling requiring the production of any Writing, (4) a limitation on the right of any party to disclose a Protected Writing to any person who authored that Writing, or (5) a limitation on the right of any party or non-party witness to use in this action or otherwise any Writing that she or it authored or obtained in any manner other than through a Document Production, even if an original or duplicate of that Writing is produced in a Document Production.

6

Respectfully submitted,

Dated: May 3X, 2010                    By: _____

WEIL, GOTSHAL & MANGES LLP

James W. Quinn
R. Bruce Rich
Randi W. Singer
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

PAUL, HASTINGS, JANOFSKY & WALKER
LLP

Jodi A. Kleinick
75 East 55th Street
New York, NY 10022
Tel.: (212) 318-6000
Fax: (212) 319-4090

HAYNES AND BOONE, LLP

David Fleischer
1221 Avenue of the Americas, 26th floor
New York, NY 10020
(212) 659-7300

*Attorneys for Plaintiffs and Counterclaim-
Defendants*

Dated: May 28 2010                    By: _____

TOBEROFF & ASSOCIATES, P.C.

Marc Toberoff
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel.: (310) 246-3333
Fax: (310) 246-3101

*Attorneys for Defendants*

7

The Court agrees to this order in order to facilitate discovery. The parties must understand that the court reserves the right to conclude that particular materials designated "confidential" are in fact nothing of the sort, and to "declassify" any document in any decision or at any trial of this matter unless a party can demonstrate to the court's satisfaction why it should remain out of public view

SO ORDERED

Colleen McMahon, U.S.D.J.

8

## CERTIFICATE OF COMPLIANCE

I, _____, certify that I have received a copy of the Protective Order

entered by the United States District Court for the Southern District of New York (the "Court")

in the action entitled, "*Marvel Worldwide, et al v. Lisa R. Kirby et al,*" Case No. 10-Civ-141 (the

"Protective Order").

I further certify that I have read and understand each provision of the Protective Order,

that I agree to be bound by each of those provisions, and that I irrevocably submit to the

jurisdiction of the Court for the purpose of securing compliance with the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


DATED:                                               _____