Marc Toberoff (MT 4862)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: 310-246-3333
Fax: 310-246-3101
MToberoff@ipwla.com

Attorneys for Defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

MARVEL WORLDWIDE, INC.,
MARVEL CHARACTERS, INC. and
MVL RIGHTS, LLC,

                        Plaintiffs,

    -against-

LISA R. KIRBY, BARBARA J. KIRBY,
NEAL L. KIRBY and SUSAN M. KIRBY,

                        Defendants.
-----------------------------------------------------------

LISA R. KIRBY, BARBARA J. KIRBY,
NEAL L. KIRBY and SUSAN M. KIRBY,

                        Counterclaimants,

    -against-

MARVEL ENTERTAINMENT, INC.,
MARVEL WORLDWIDE, INC.,
MARVEL CHARACTERS, INC., MVL
RIGHTS, LLC, THE WALT DISNEY
COMPANY and DOES 1 through 10,

                        Counterclaim-Defendants.
-----------------------------------------------------------

Civil Action No. 10-141 (CM) (KF)

**DEFENDANTS' OBJECTION TO THE DECLARATION OF ELI BARD**

[Hon. Colleen McMahon]

[ECF Case]

Defendants and Counterclaim-Plaintiffs Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby ("Kirbys" or "Counterclaimants"), respectfully object to the declaration of Eli Bard ("Bard") submitted in support of Plaintiffs/ Counterclaim Defendants Marvel Worldwide, Inc., Marvel Characters, Inc., MVL Rights LLC, The Walt Disney Company and Marvel Entertainment, Inc.'s motion to dismiss.

## I.    This Court Cannot Consider Extrinsic Materials on a 12(b)(6) Motion

Materials outside the pleadings are not considered in a motion to dismiss under F.R.C.P. 12(b)(6). *Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer*, 937 F.2d at 773.  Counterclaim-Defendants' 12(b)(6) motion wrongfully relies upon extrinsic evidence in the form of a purported screen-capture from the motion picture *The Incredible Hulk*.  The purported screen-capture, proffered as Exhibit A to Bard's declaration, is extrinsic to the Kirbys' counterclaims, and it does not fall within any exception to the principle excluding such extrinsic material from Rule 12(b)(6) motions. It therefore should be disregarded.

## II.   The Purported Screen-Capture is Inadmissible because It Violates the Completeness Rule and Best Evidence Rule

Notwithstanding the inadequacy of Bard, a Disney employee, to authenticate the screen capture from a Universal Pictures film, the exhibit is further inadmissible by itself, without the context of the film under the Completeness Rule. The Completeness Rule requires admission of the entirety of partially received documents "when necessary to

1

explain the admitted portion, to place it into context, to ensure a fair and impartial understanding of the admitted portion, or to correct a misleading impression that might arise from excluding it." *United States v. Rivera*, 61 F.3d 131, 135–36 (2d Cir. 1995) (citing Fed. R. Evid. 106).  The film as a whole is necessary to place the screen-capture into context   For example, whether the credit, if given, appeared in the main credits or was lost in "the crawl" at the film's end.

For the same reasons, the isolated screen-capture is inadmissible under the Best Evidence Rule.  Fed. R. Evid. 1002, 1003.

### III. No Request for Judicial Notice was Submitted for Any of the Exhibits Attached to Bard's Declaration

A court may not take judicial notice on its own, without providing all parties an opportunity to be heard.  *Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co.*, 993 F.2d 269, 273 (1st Cir. 1993).  A party requesting judicial notice must therefore formally prepare a request for judicial notice, with appropriate copies, and give the bases upon which the court may take notice.  *See* Fed. R. Evid. 201(d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information.").

No such request for judicial notice was filed by Plaintiffs/Counterclaim-Defendants.  Instead, Counterclaim-Defendants merely attached exhibits to a declaration without any indication as to the basis for judicial notice.

Courts may take judicial notice of documents filed in other courts, but "not for the truth of the matters asserted in the other litigation." *Kramer*, 937 F.2d at 774.  Documents that may be judicially noticed are nonetheless inadmissible if they constitute hearsay. Fed. R. Evid. 801(c), 802; *Kramer*, 937 F.2d at 774.  The exhibits attached to Bard's

2

declaration therefore cannot be considered to the extent that Plaintiffs/ Counterclaim-Defendants rely upon them for the truth of matters asserted therein.

Exhibit D, an 8-K form filed by Marvel with the SEC, is particularly problematic. The 8-K form reports that Marvel Entertainment, Inc. issued a press release announcing the consummation of a reorganization plan for Marvel Entertainment Group and the merger of the Marvel Entertainment Group into Marvel Entertainment. Counterclaim-Defendants proffer it only to prove the existence of the consummation of a reorganization plan. Defs. Mot. at 11:3–4. Filings with the SEC are judicially noticeable, but their contents are hearsay and are inadmissible to prove the truth of matters asserted in the filings. *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996); *Savage & Assocs. v. Mandl* (*In re Teligent Inc.*), 380 B.R. 324, 329 n.2 (Bankr. S.D.N.Y. 2008) (citing *Lovelace*). The document constitutes inadmissible double hearsay as to Marvel's consummation of a reorganization plan.

Exhibit E, a Restated Certificate of Incorporation of Marvel Entertainment, Inc., filed with the Delaware Secretary of State in 2006, is equally objectionable. Counterclaim-Defendants proffer this document to prove that Marvel Entertainment, Inc. was not formed until 1993. *Id.* at 20:9–13. Counterclaim Defendants try to prove this fact on the basis of a statement contained within Exhibit E that a certificate of incorporation was filed with Delaware's Secretary of State in 1993. This is plainly also inadmissible hearsay. Exhibit E must not be admitted for this purpose.

## **CONCLUSION**

For the foregoing reasons, Counterclaimants respectfully request that this Court sustain Counterclaimants' objections to Eli Bard's Declaration.

Dated: New York, New York  TOBEROFF & ASSOCIATES, P.C.
June 10, 2010

By: _s/Marc Toberoff_
Marc Toberoff (MT 4862)

2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: 310-246-3333

Attorneys for Defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served electronically by the Court's ECF system and by first class mail on those parties not registered for ECF pursuant to the rules of this court.

Dated: June 10, 2010               TOBEROFF & ASSOCIATES, P.C.

By: ___s/Marc Toberoff_____
      Marc Toberoff (MT 4862)

2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: 310-246-3333

Attorneys for Defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby

5