UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
MARVEL WORLDWIDE, INC., :
MARVEL CHARACTERS, INC. and :
MVL RIGHTS, LLC, :
:
    Plaintiffs, : Civil Action No. 10 Civ. 141 (CM) (KNF)
:
 - against- :
:
LISA R. KIRBY, BARBARA J. KIRBY, :
NEAL L. KIRBY and SUSAN N. KIRBY, :
:
    Defendants. : **MARVEL'S REPLY MEMORANDUM**
-------------------------------------------------------------x **OF LAW IN FURTHER SUPPORT**
: **OF MOTION TO DISMISS**
LISA R. KIRBY, BARBARA J. KIRBY, : **DEFENDANTS'COUNTERCLAIMS**
NEAL L. KIRBY and SUSAN N. KIRBY, : **PURSUANT TO RULE 12(b)(6)**
:
    Counterclaim-Plaintiffs, :
:
 - against- :
:
MARVEL ENTERTAINMENT, INC., :
MARVEL WORLDWIDE, INC., :
MARVEL CHARACTERS, INC., MVL :
RIGHTS, LLC, THE WALT DISNEY :
COMPANY and DOES 1 through 10, :
:
    Counterclaim-Defendants. :
-------------------------------------------------------------x

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| James W. Quinn | Jodi A. Kleinick |
| R. Bruce Rich | 75 East 55th Street |
| Randi W. Singer | New York, NY 10022 |
| 767 Fifth Avenue | Tel.: (212) 318-6000 |
| New York, NY 10153 | Fax: (212) 319-4090 |
| Tel: (212) 310-8000 | |
| Fax: (212) 310-8007 | HAYNES AND BOONE, LLP |
| | David Fleischer |
| | 1221 Avenue of the Americas, 26th Floor |
| | New York, NY 10020 |
| | Tel: (212) 659-7300 |
| | Fax: (212) 884-9567 |

*Attorneys for Plaintiffs/Marvel*

## TABLE OF CONTENTS

**Page**

ARGUMENT .......................................................................................................................... 1

I. THE "MIRROR IMAGE" COUNTERCLAIM SHOULD BE DISMISSED ................... 1

II. DEFENDANTS' ACCOUNTING COUNTERCLAIM SHOULD BE DISMISSED AS UNRIPE FOR JUDICIAL REVIEW ....................................................... 2

III. DEFENDANTS HAVE FAILED TO STATE VIABLE CLAIMS FOR EITHER CONVERSION OR BREACH OF CONTRACT ............................................................ 3

IV. DEFENDANTS HAVE FAILED TO STATE A FALSE ADVERTISING CLAIM ................................................................................................................................ 7

V. ALL CLAIMS AGAINST DISNEY AND MARVEL ENTERTAINMENT SHOULD BE DISMISSED ................................................................................................ 9

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

Page

## CASES

*Aequitron Med., Inc. v. CBS, Inc.*, No. 93 Civ. 950 (SS), 1994 WL 30414 (S.D.N.Y. Feb. 2, 1994) ................................................................................................6

*Amorosa v. Ernst & Young, LLP*, 672 F. Supp. 2d 493 (S.D.N.Y. 2009) ........................................7

*Antidote Int'l Films, Inc. v. Bloomsbury Publ'g, PLC*, 467 F. Supp. 2d 394 (S.D.N.Y. 2006)..................................................................................................................8

*In re Application for Judicial Approval of Resignation of Chase Manhattan Bank as Tr.*, 773 N.Y.S.2d 529 (N.Y. Sur. Ct. 2003) .............................................................6

*Arista Records LLC v. Usenet.com, Inc.*, No. 07 Civ. 8822(HB), 2008 WL 4974823 (S.D.N.Y. Nov. 24, 2008) .................................................................................2

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ...................................................................................1, 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................1, 4

*Bertin v. United States*, 478 F.3d 489 (2d Cir. 2007) .......................................................................5

*Boerger v. Levin*, 812 F. Supp. 564 (E.D. Pa. 1993) .......................................................................3

*Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236 (S.D.N.Y. 2000) ................................................3

*Clauson v. Eslinger*, 455 F. Supp. 2d 256 (S.D.N.Y. 2006) ............................................................8

*Conley v. Gibson*, 355 U.S. 41 (1957) .............................................................................................1

*Dastar v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) ..................................................7

*Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, No. 08 Civ. 1533 (BSJ)(JCF), 2010 WL 1789714 (S.D.N.Y. May 3, 2010) ........................................................................8

*Grosz v. Museum of Modern Art*, No. 09 Civ. 3706(CM)(THK), 2010 WL 88003 (S.D.N.Y. Mar. 3, 2010) ......................................................................................................5

*Guippone v. BH S&B Holdings LLC*, 681 F. Supp. 2d 442 (S.D.N.Y. 2010) ................................10

*Jock v. Sterling Jewelers, Inc.*, 677 F. Supp. 2d 661 (S.D.N.Y. 2009)............................................3

*Lapine v. Seinfeld*, No. 08 Civ. 128 (LTS)(RLE), 2009 WL 2902584 (S.D.N.Y. Sept. 10, 2009).................................................................................................7

*Marvel Worldwide, Inc. v. Kirby*, No. 10 Civ. 141(CM), 2010 WL 1655253
 (S.D.N.Y. Apr. 14, 2010)..........................................................................................................6

*Moll v. U.S. Life Title Ins. Co. of N.Y.*, 700 F. Supp. 1284 (S.D.N.Y. 1988) ...................................5

*N.Y. Civil Liberties Union v. Grandeau*, 528 F.3d 122 (2d Cir. 2008)............................................2

*Nat'l Group for Commc'ns & Computers, Ltd. v. Lucent Techs. Inc.*,
 420 F. Supp. 2d 253 (S.D.N.Y. 2006)......................................................................................5

*Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803 (2003) .........................................2

*New York v. Nat'l Serv. Indus.*, 460 F.3d 201 (2d Cir. 2006)........................................................10

*Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217 (2d Cir. 2008) ......................................................3

*Saks v. Damon Raike & Co.*, 7 Cal. App. 4th 419 (Cal. Ct. App. 1992) .........................................6

*Saye v. Old Hill Partners, Inc.*, 478 F. Supp. 2d 248 (D. Conn. 2007) ...........................................3

*Siegel v. Warner Bros. Entm't, Inc.*, 542 F. Supp. 2d 1098 (C.D. Cal. 2008) .................................9

*Simmonds v. I.N.S.*, 326 F.3d 351 (2d Cir. 2003) ............................................................................3

*Sirohi v. Trs. of Columbia Univ.*, No. 97-7912, 1998 WL 642463
 (2d Cir. Apr. 16, 1998)..............................................................................................................4

*Estate of Stober*, 108 Cal. App. 3d 591 (Cal. Ct. App. 1980)..........................................................6

*In re Tabibian*, 289 F.2d 793 (2d Cir. 1961) ...................................................................................7

*Thomas Publ'g Co., LLC v. Tech. Eval. Ctrs., Inc.*, No. 06 Civ. 14212 (RMB),
 2007 WL 2193964 (S.D.N.Y. July 27, 2007) ..........................................................................7

*Tomas v. Gillespie*, 385 F. Supp. 2d 240 (S.D.N.Y. 2005).............................................................3

*Trevino v. Merscorp., Inc.*, 583 F. Supp. 2d 521 (D. Del. 2008).....................................................9

*United States ex rel. Ellis v. Sheikh*, 583 F. Supp. 2d 434 (W.D.N.Y. 2008)..............................4, 5

*Vallejo v. Investronica, Inc.*, 2 F. Supp. 2d 330 (W.D.N.Y. 1998)...............................................4, 5

*Walden Terrace, Inc. v. Broadwall Mgmt. Corp.*, 213 A.D.2d 630 (2d Dep't 1995).....................4

*Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74 (2d Cir. 2003) ........................................5

**STATUTES**

Fed. R. Evid. 201(c) ............................................................................................................... 7

**UNREPORTED CASES**

*Classic Media, Inc. v. Mewborn*, No. 05-452 (C.D. Cal. Filed Sept. 29, 2005) ............................... 8

Counterclaim-Defendants ("Marvel") respectfully submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss Defendants' Counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### ARGUMENT

Marvel's opening brief demonstrated why all of Defendants' counterclaims should be dismissed. Defendants now admit that they had no right to name Disney in certain of their counterclaims, but stubbornly persist with their remaining meritless counterclaims. *See* Memorandum of Law in Opposition to Counterclaim-Defendants' Motion to Dismiss ("Opp.") at 25 n.7. Perhaps Defendants' intransigence is due to their reliance on the wrong pleading standard, by which they contend that "[i]t is only where the facts, even if true, do not establish liability that the complaint may be dismissed." *Id.* at 3. That standard, announced in *Conley v. Gibson*, 355 U.S. 41 (1957), was expressly retired in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (noting *Conley*'s "famous observation has earned its retirement"). Under *Twombly*, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Defendants have not come close to satisfying this requirement.

### I.   THE "MIRROR IMAGE" COUNTERCLAIM SHOULD BE DISMISSED

Defendants' attempt to defend their mirror image counterclaim fails because Defendants do not articulate any actual distinctions between their counterclaim and Marvel's claim. Indeed, a plain reading of the paragraphs that assertedly serve as the basis for the alleged distinctions, *see* Opp. at 4 (citing Counterclaims ¶¶ 25-28), reveals only that both claims present the issue of who owns the copyrights in the works at issue. Any argument that the first counterclaim is somehow "broader than Marvel's Complaint" because it encompasses various potential defenses not mentioned in Marvel's declaratory judgment action can be put to rest because those defenses are

1

subsumed within the twenty-one affirmative defenses that Defendants themselves have already interposed in response to Marvel's Complaint. Opp. at 3-4; *see* Answer ¶¶ 33-36, 38 (asserting defenses relating to validity of Termination Notices). Accordingly, the first counterclaim "serve[s] no purpose because [it] mirror[s] the issues raised in Plaintiffs' Complaint" and should be dismissed. *Arista Records LLC v. Usenet.com, Inc.*, No. 07 Civ. 8822(HB), 2008 WL 4974823, at *5 (S.D.N.Y. Nov. 24, 2008); *see* Counterclaim-Defendants' Memorandum of Law in Support of Their Motion to Dismiss Counterclaims ("Mot.") at 6-7.

## II.   DEFENDANTS' ACCOUNTING COUNTERCLAIM SHOULD BE DISMISSED AS UNRIPE FOR JUDICIAL REVIEW

Defendants' second counterclaim for an accounting is plainly unripe. Constitutional and prudential ripeness are guided by the same two-part inquiry, an evaluation of "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *N.Y. Civil Liberties Union v. Grandeau*, 528 F.3d 122, 131-32 (2d Cir. 2008). There can be no dispute that this Court will not reach the accounting counterclaim if it determines that the works at issue were works made for hire. Thus, Defendants cannot as a matter of law show that the issues underlying the accounting counterclaim are "fit[] for judicial decision." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003); *see also Grandeau*, 528 F.3d at 132 ("[T]he fitness analysis is concerned with whether the issues sought to be adjudicated are contingent on future events or may never occur."). Further, Defendants are not entitled to an accounting before 2014 at the earliest, so there can be no hardship in declining to consider the issue prematurely. Hence, the accounting counterclaim is neither constitutionally nor prudentially ripe, and this Court should decline to exercise jurisdiction under both doctrines – particularly since Defendants essentially admit that it is a wholly improper attempt to access Marvel's finances to "plan the settlement or exploitation" of the underlying rights. Opp. at 7.

Contrary to Defendants' assertions, the *Grandeau* test has been applied in a variety of contexts, not merely administrative actions. *See Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, 226 (2d Cir. 2008) (antitrust); *Jock v. Sterling Jewelers, Inc.*, 677 F. Supp. 2d 661, 664 (S.D.N.Y. 2009) (gender discrimination); *Saye v. Old Hill Partners, Inc.*, 478 F. Supp. 2d 248, 259-60 (D. Conn. 2007) (appraisal of shares); *see also Simmonds v. I.N.S.*, 326 F.3d 351, 357 (2d Cir. 2003) (holding that even if claim is constitutionally ripe, courts should decline jurisdiction over premature claims that "will be *better* decided later") (emphasis in original). The test applies equally here and warrants dismissal.

Additionally, courts are not concerned by the possibility of having to reinstate a presently unripe claim. *See, e.g., Boerger v. Levin*, 812 F. Supp. 564, 565 (E.D. Pa. 1993); *see also* Mot. at 9. If at some later date the Court were to find in Defendants' favor on the underlying merits of this case, the remedy of an accounting could be awarded even though this improper accounting "cause of action" had been dismissed. *See, e.g.*, *Tomas v. Gillespie*, 385 F. Supp. 2d 240, 246 (S.D.N.Y. 2005) (noting that accounting is a remedy that may flow from declaratory judgment); *Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 252 (S.D.N.Y. 2000) (noting that remedies that flow from declaration of co-ownership include accounting).

### III.  DEFENDANTS HAVE FAILED TO STATE VIABLE CLAIMS FOR EITHER CONVERSION OR BREACH OF CONTRACT

Any one of the four grounds set forth in Marvel's opening brief would itself support dismissal of Defendants' counterclaims for conversion and breach of contract, which lack any basis in fact. Kirby was alive during the entire limitations period and obviously knew which artwork he created. If Marvel had not returned the artwork, undoubtedly he knew or should have known that. The very purpose of a statute of limitations is to prevent unlimited exposure to potential claims for all time. Kirby himself did not take any further action during the limitations

3

period.  Nor did his wife, Rosalind Kirby, though she clearly had an opportunity to do so and in fact, did file an unrelated proof of claim in Marvel's bankruptcy proceeding.  *See* Reply Declaration of James W. Quinn ("Quinn Decl."), Ex. A.  Now, 25 years later, it is much too late for Kirby's heirs to bring the same claims that their parents eschewed.

Certainly, the vague allegations underpinning the breach of contract and conversion counterclaims are legally insufficient.  Conclusory allegations that Defendants are "informed and believe" that "Marvel retains in its possession certain Kirby Artwork," Counterclaims ¶ 43, and Defendants "are unaware of the ultimate disposition of the Kirby Artwork," *id.* ¶ 45, do not "nudge[] their [conversion or breach of contract] claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570; *see also Sirohi v. Trs. of Columbia Univ.*, No. 97-7912, 1998 WL 642463, at *2 (2d Cir. Apr. 16, 1998) (contract claim must allege "essential terms of the parties' purported contract in nonconclusory language, including the specific provisions of the contract upon which liability is predicated"); *Walden Terrace, Inc. v. Broadwall Mgmt. Corp.*, 213 A.D.2d 630, 631 (2d Dep't 1995) (dismissing conversion claim that fails to allege "specific and identifiable property" that is the subject of claim).

Defendants also gain no traction from their reliance on *United States ex rel. Ellis v. Sheikh*, 583 F. Supp. 2d 434 (W.D.N.Y. 2008), and *Vallejo v. Investronica, Inc.*, 2 F. Supp. 2d 330 (W.D.N.Y. 1998), both of which merely stand for the uncontroversial proposition that the Rule 9(b) requirements for pleading a fraud claim may be relaxed when the relevant facts are within the sole control of the opposing party.  Here, Defendants cannot plausibly claim that the relevant facts are solely within Marvel's control because Kirby was alive during the limitations period and knew or should have known which artwork was not returned to him.  Defendants thus

have failed to allege the required "statement of the factual basis supporting [their] belief that the fraud occurred." *Vallejo*, 2 F. Supp. 2d at 338; *see also Sheikh*, 583 F. Supp. 2d at 438.

Moreover, Defendants do not really dispute that their conversion and breach of contract claims are subject to a three- and six-year limitations period, respectively. *See* Mot. at 11-12; Opp. at 11-14. Defendants' vague and conclusory allegations that "Marvel made affirmative misrepresentations that it had returned all Kirby artwork in its possession, which misled the Kirbys," Opp. at 11 (citing Counterclaims ¶ 43), are not the sort of extraordinary circumstances that justify equitable tolling. Nor do they support a claim of fraudulent concealment, which must be pled with particularity, *Nat'l Group for Commc'ns & Computers, Ltd. v. Lucent Techs. Inc.*, 420 F. Supp. 2d 253, 265 (S.D.N.Y. 2006), and equitable tolling is "only appropriate in rare and exceptional circumstances." *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003); *Grosz v. Museum of Modern Art*, No. 09 Civ. 3706(CM)(THK), 2010 WL 88003, at *14-16 (S.D.N.Y. Mar. 3, 2010) (McMahon, J.). Here, Defendants fail to plead such fundamentals as what the alleged misrepresentations were, when they were made or by whom, how they misled Defendants or when Defendants discovered that they had been misled. Defendants cannot credibly claim – 25 years later – that they were "blamelessly ignorant" or exercised reasonable diligence to discover their claims. *See, e.g.*, *Bertin v. United States*, 478 F.3d 489, 494 n.3 (2d Cir. 2007); *Moll v. U.S. Life Title Ins. Co. of N.Y.*, 700 F. Supp. 1284, 1289 (S.D.N.Y. 1988).[1]

Additionally, Barbara and Susan Kirby simply lack standing to bring these counterclaims on behalf of the Rosalind Kirby Trust. *See* Mot. at 14-15. Under both New York and California law, the rights afforded under a testamentary trust are determined by the law of the decedent's

---

[1] As these claims were clearly time-barred, Marvel extended Defendants the courtesy of writing a letter to request that the counterclaims be dismissed. *See* Quinn Decl., Ex. B. Defendants did not respond, so Marvel was compelled to file the instant motion.

domicile.  *See, e.g., Estate of Stober*, 108 Cal. App. 3d 591, 596 (Cal. Ct. App. 1980); *In re Application for Judicial Approval of Resignation of Chase Manhattan Bank as Tr.*, 773 N.Y.S.2d 529, 530 (N.Y. Sur. Ct. 2003) ("[T]he testator's domicile" is "the source of law that should govern a testamentary trust.").  Rosalind Kirby was a California domiciliary, so California law applies, and the right to assert claims on behalf of the Rosalind Kirby Trust belongs exclusively to Lisa Kirby, the Trustee and the only party with "legal title to the cause."  *Saks v. Damon Raike & Co.*, 7 Cal. App. 4th 419, 427 (Cal. Ct. App. 1992).

That Lisa Kirby does not want to assert these claims before this Court does not entitle her to bestow her standing upon her sisters.  Courts have allowed the beneficiary of a trust standing to sue for the benefit of the trust if the trustee refuses to assert a claim upon demand *to protect beneficiaries* of a trust, not to allow for litigation gamesmanship.  *See id.* at 427-28.  Lisa Kirby's fear of waiving her objections to personal jurisdiction, Opp. at 15, is also unfounded because the law of the case has already been established and this Court has held that Lisa Kirby is subject to personal jurisdiction in this action.  *See Marvel Worldwide, Inc. v. Kirby*, No. 10 Civ. 141(CM), 2010 WL 1655253 (S.D.N.Y. Apr. 14, 2010); *Aequitron Med., Inc. v. CBS, Inc.*, No. 93 Civ. 950 (SS), 1994 WL 30414, at *6 (S.D.N.Y. Feb. 2, 1994) (earlier holding that defendant was subject to personal jurisdiction was law of the case).

Finally, the conversion and breach of contract counterclaims are barred by the Marvel Debtors' consummated and confirmed Plan of Reorganization.  Mot. at 11.  Rosalind Kirby, on behalf of whose trust the conversion and breach of contract counterclaims are purportedly brought, clearly had actual notice of the bar order and in fact filed a proof of claim in Marvel's bankruptcy proceeding.  *See* Quinn Decl., Ex. A.  Thus, the argument that pre-petition claims may not be discharged without actual notice when they have been fraudulently concealed has no

bearing here.  *See* Opp. at 9-10.  Further, Defendants do not and cannot allege any fraudulent concealment with the requisite specificity.  *See, e.g.*, *In re Tabibian*, 289 F.2d 793, 795 (2d Cir. 1961) (objectors must establish "reasonable grounds for believing that there was fraud").

Moreover, Defendants' contention that the Court may not take judicial notice of bankruptcy and SEC filings is plainly wrong; the Federal Rules do not require parties to make a formal request for judicial notice in federal court.  *See* Fed. R. Evid. 201(c) ("court may take judicial notice, whether requested or not.").  The Court may take judicial notice of the contents of SEC filings.  *Amorosa v. Ernst & Young, LLP*, 672 F. Supp. 2d 493, 502 (S.D.N.Y. 2009) (McMahon, J.) (citation omitted).  The counterclaims for conversion and breach of contract asserted here years later are barred by the discharge injunction and must be dismissed.

## IV. DEFENDANTS HAVE FAILED TO STATE A FALSE ADVERTISING CLAIM

The Supreme Court's decision in *Dastar v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), precludes a claim based on the alleged failure to "identify Jack Kirby as the author or co-author" of certain characters in *The Incredible Hulk* and *X-Men Origins: Wolverine* films. *See* Opp. at 21.  The possibility *Dastar* left open – that a Lanham Act false advertising claim under section 43(a)(1)(B) arising from a misrepresentation with respect to *the substance* of a work (i.e., its "nature, characteristics or qualities") could be viable – is not implicated here, where the allegations concern an alleged failure to attribute authorship.  A "failure to attribute authorship to Plaintiff does not amount to misrepresentation of the nature, characteristics, qualities, or geographic origin of Defendants' goods." *Thomas Publ'g Co., LLC v. Tech. Eval. Ctrs., Inc.*, No. 06 Civ. 14212 (RMB), 2007 WL 2193964, at *3 (S.D.N.Y. July 27, 2007); *see also Lapine v. Seinfeld*, No. 08 Civ. 128 (LTS)(RLE), 2009 WL 2902584, at *15 (S.D.N.Y. Sept. 10, 2009), *aff'd*, 2010 WL 1688713 (2d Cir. Apr. 28, 2010) (rejecting Lanham Act claim based on use of recipes "without any attribution as to the source of the ideas and the work" as

"precisely the type of claim precluded by *Dastar*"); *Antidote Int'l Films, Inc. v. Bloomsbury Publ'g, PLC*, 467 F. Supp. 2d 394, 400 (S.D.N.Y. 2006) (dismissing false authorship claims because "[i]f authorship were a 'characteristic' or 'quality' of a work, then the very claim *Dastar* rejected under §43(a)(1)(A) would have been available under §43(a)(1)(B)"). In fact, another Lanham Act claim involving Marvel's purported failure to identify a writer as the author of a comic book character was recently dismissed because "the holding of *Dastar* extends to claims arising under subsection (B) . . . . [and where] misrepresentation of authorship lies at the heart of this action, the plaintiff's Lanham Act claim is barred by *Dastar*." *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, No. 08 Civ. 1533 (BSJ)(JCF), 2010 WL 1789714, at *18 (S.D.N.Y. May 3, 2010). Each of the cases Marvel cited in its moving papers is in accord, *see* Mot. at 16-18, and Defendants' futile efforts to distinguish those cases are based on pure mischaracterizations of their holdings.

The single case on which Defendants rely predates this clear and consistent authority, has not been cited by any other court within this Circuit, and is distinguishable. *See* Opp. at 19. Specifically, *Clauson v. Eslinger*, 455 F. Supp. 2d 256, 261-62 (S.D.N.Y. 2006), involved a claim that it was false advertising to credit the defendant as the producer of a film, so the film itself was the "goods" or "services" at issue. In contrast, Defendants do not allege that Kirby authored or created any part of the films at issue; instead, they allege that Kirby authored or co-authored an *underlying idea* or concept within the films. This is precisely the distinction that the trial court made in *Classic Media, Inc. v. Mewborn*, No. 05-452 (C.D. Cal. Filed Sept. 29, 2005), in which the court dismissed the plaintiff's claim under section 43(a)(1)(B). Defendants' sleight-of-hand attempt to support their position with citation to an irrelevant decision in the *Classic Media* case's subsequent history, *see* Opp. at 20-21, should be disregarded.

8

## V.    ALL CLAIMS AGAINST DISNEY AND MARVEL ENTERTAINMENT SHOULD BE DISMISSED

Defendants concede in a footnote that it was improper to assert counterclaims for conversion, breach of contract or false advertising against Disney. *See* Opp. at 25 n.7. The first and second counterclaims against Disney and all of the counterclaims against Marvel Entertainment should also be dismissed because Defendants have failed to meet their burden to plead sufficient facts to make their claims "plausible on [their] face." *Iqbal*, 129 S. Ct. at 1949. Instead, Defendants' brief muses about a "troubling possibility that Marvel may 'license' key rights in the recaptured Kirby copyrights . . . to Disney, MEI or a subsidiary of either at below-market terms." Opp. at 22. The only citation to the counterclaims in support of this bald accusation is to paragraph 35(h), which is a prayer for injunctive relief, not a factual allegation, and the case cited (in which Defendants' counsel represented plaintiffs) is inapposite. *See Siegel v. Warner Bros. Entm't, Inc.*, 542 F. Supp. 2d 1098 (C.D. Cal. 2008) (holding that the Second Circuit's earlier determination that works at issue were not works made for hire was binding and thus copyrights were subject to termination). In *Siegel*, the alleged intra-company below-market deal occurred the same year the termination notices became effective. Here, the Court has not yet even considered the work-for-hire nature of Kirby's works, there is no allegation of a deal, and the Court need not be concerned about a hypothetical deal when Defendants would not have a right to any profits before 2014 at the earliest.

Similarly, repeated arguments that veil-piercing is an equitable remedy used to avoid "injustice" are irrelevant because the counterclaims do not contain any allegations of any such injustice, let alone any of the other elements required to pierce the corporate veil. *See, e.g.*, *Trevino v. Merscorp., Inc.*, 583 F. Supp. 2d 521, 528 (D. Del. 2008); *see also* Mot. at 19-20.

9

Defendants also do not address, and thus effectively concede, their failure to adequately plead any facts whatsoever to support a finding of any form of agency liability. *See* Mot. at 20-22.

For the first time, Defendants argue in their brief that that their counterclaims are properly asserted against Marvel Entertainment because it is a successor corporation and can therefore be liable for the acts of the "Marvel Predecessors." Opp. at 25. Yet, Defendants have pled no facts whatsoever to support this theory of liability; vague and conclusory allegations that "Marvel" (defined as Marvel Worldwide, Inc., Marvel Characters, Inc. and Marvel Rights, LLC together with Marvel Entertainment) was the successor-in-interest to the "Marvel Predecessors," cannot, as a matter of law, support a finding of successor liability. *See* Counterclaims ¶¶ 10, 14. *New York v. National Service Industries*, 460 F.3d 201 (2d Cir. 2006), is inapposite as the court there was faced with a fully developed record that warranted the traditional common law rule of successor liability. Without any factual allegations with respect to the relationships among the Marvel entities, all counterclaims against Marvel Entertainment must be dismissed.

Having failed to plead actual facts, Defendants cannot now cure this deficiency by baseless accusations in opposition to a motion to dismiss. *See, e.g.*, *Guippone v. BH S&B Holdings LLC*, 681 F. Supp. 2d 442, 446 (S.D.N.Y. 2010) (McMahon, J.) (complaint may not be amended via supplemental information in a brief).

## CONCLUSION

For all the foregoing reasons, and for all the reasons set forth in Marvel's moving papers, Defendants' counterclaims should be dismissed in their entirety.

Dated: June 21, 2010                                By:   /s/  James W. Quinn
                                                    WEIL, GOTSHAL & MANGES LLP
                                                    (*additional counsel on front cover*)

10