UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARVEL WORLDWIDE, INC. et al.,

                Plaintiffs,

    -against-

LISA R. KIRBY, et al.,

                Defendants.
------------------------------------------------------------X

**ORDER**

10 Civ. 141 (CM)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

    In April 2010, the defendants identified Mark Evanier ("Evanier") as a fact witness, pursuant to Fed. R. Civ. P. 26(a)(1)(A). The plaintiffs issued a subpoena to Evanier for documents to be provided to them, on or before September 3, 2010, and for his deposition to be conducted, on September 13, 2010. On September 13, 2010, the defendants informed the plaintiffs that they would submit an expert report prepared by Evanier. Thereafter, in late September 2010, documents responsive to the plaintiffs' subpoena were made available by the defendants, on Evanier's behalf.

    The plaintiffs now seek to: (a) depose Evanier, as a fact witness, pursuant to Fed. R. Civ. P. 30(a)(1); and (b) depose Evanier, as an expert witness, pursuant to Fed. R. Civ. P. 26(b)(4)(A). The defendants contend the plaintiffs are "entitled to depose Mr. Evanier about his personal knowledge, if any, as well as his expert opinions, but this does not entitle [them] to take two separate depositions of Mr. Evanier."

    "Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interest of justice: (A) methods of discovery may be used in any

sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(2). Here, the plaintiffs were thwarted in their effort to obtain discovery in early September, and to examine Evanier, by the defendants' delay in surrendering documents to the plaintiffs, on Evanier's behalf. When the defendants provided the requisite documents to the plaintiffs, the defendants determined that the deposition the plaintiffs planned to take, to ascertain the factual information Evanier has pertinent to this action, should not be taken. No reason exists why the defendants should control the sequence or the way in which the plaintiffs wish to conduct discovery. That the defendants delayed in responding to the subpoena on Evanier's behalf, and subsequently decided to use Evanier as an expert witness and not a fact witness is not determinative of the plaintiffs' right to control the way they wish to prosecute their action.

The plaintiff's request to: (i) depose Evanier as a fact witness, on November 9, 2010, in Los Angeles, California; and (ii) depose Evanier as an expert witness, on December 6, 2010, in Los Angeles, California, is granted.

Dated: New York, New York
October 13, 2010

SO ORDERED:

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE