# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720

LOS ANGELES, CALIFORNIA 90067

**MEMO ENDORSED**

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
KEITH G. ADAMS
JEFFREY R. RHOADS

* Also admitted in New York

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com



NOV 15 2010

November 14, 2010

By Facsimile (212) 805-6712

Honorable Kevin N. Fox
Daniel Patrick Moynihan United States Courthouse
Courtroom 20A
500 Pearl St.
New York, NY 10007-1312

Re: <u>Marvel Worldwide, Inc., et al. v. Lisa R. Kirby, et al.</u>, Case No. 10-141 (CM) (KF)

Dear Judge Fox:

We write in response to Marvel's November 12, 2010 letter seeking clarification of the Court's October 14, 2010 order.

While this Court ordered that Mr. Evanier sit for two depositions, as a "fact witness" and as an expert witness, this Court did not order that plaintiffs be permitted to depose Mr. Evanier for *fourteen hours*, as opposed to seven. This is consistent with F.R.C.P. 30(d)(1), which establishes that an individual's "deposition is limited to one day of seven hours."

In defendants' initial letters regarding this matter, they pointed out that it is quite common for an expert to also have some percipient knowledge (*e.g.*, a treating physician) and that this alone does not justify abrogating F.R.C.P. 30(d)(1). Defendants' counsel used Mr. Evanier in a similar case regarding the statutory termination of old Superman grants by the creators' heirs, and from the outset defendants intended that Mr. Evanier serve as an expert in this case as well. Neither defendants nor Mr. Evanier should be penalized because defendants listed Mr. Evanier as also having some percipient knowledge in their initial disclosures under F.R.C.P. 26(a)(1), in order to be as forthcoming as possible.

Your Honor ordered that plaintiffs could conduct separate depositions of Mr. Evanier as a percipient witness on November 9, 2010, and as an expert witness on December 6, 2010.

Defendants were concerned that plaintiffs would abuse this ruling by using it to gain a tactical advantage. For instance: (i) by questioning Mr. Evanier as to his expert opinions in the first deposition while purporting to depose him solely as a fact witness; (ii) using Mr. Evanier's

**TOBEROFF & ASSOCIATES, P.C.**

Hon. Kevin N. Fox
November 14, 2010
Re: *Marvel v. Kirby*
Page: 2 of 3

answers in his first deposition to cross-examine him in his second deposition; and (iii) abuse the seven-hour limitation of F.R.C.P. 30(d)(1).

During Mr. Evanier's purported "fact" deposition on November 9, 2010, plaintiffs' counsel established, very early in the deposition, that Mr. Evanier did not work for Jack Kirby during 1958-1963, the period in question in this action, when the characters at issue were created. Nonetheless, plaintiffs' counsel thereafter asked numerous questions about Mr. Evanier's understanding and opinions as to how the relevant comic book characters (*e.g., Fantastic Four*) were created during this period, and as to how Stan Lee and Jack Kirby worked with one another during this period. As Mr. Evanier was not present, such questions went directly to Mr. Evanier's knowledge and opinions as a comic book historian and expert, not to his knowledge as a fact witness. Defendants are happy to provide the Court with excerpts from Mr. Evanier's deposition transcript demonstrating the above, once they receive the transcript.

Not only did this examination exceed the scope and rationale of this Court's October 14 order that plaintiffs "depose Mr. Evanier as a *fact* witness on November 9, 2010," but this deliberate tactic improperly gave plaintiffs two opportunities to depose Evanier as an expert witness.

Plaintiffs argue that their right to a "full" deposition of Mr. Evanier has been "frustrat[ed]." However this claim is belied by plaintiffs' own conduct. First, *plaintiffs* concluded Mr. Evanier's deposition at approximately 2 p.m., despite Mr. Evanier's availability for the entire day. Moreover, plaintiffs refused to even conclude Mr. Evanier's supposed "fact witness deposition." Plaintiffs' stated excuse is that Mr. Evanier supplemented his production on the eve of his deposition. This is a red herring: the supplemental production consisted of a motion to dismiss and declarations in a civil lawsuit filed by Steve Gerber concerning his character *Howard the Duck* (1973), *to which plaintiffs were a party*. These public documents, which were already in plaintiffs' possession, were hardly "new" or critical information sufficient to justify halting Mr. Evanier's deposition, nor were they even relevant to his "fact" witness deposition.

Plaintiffs questioned Mr. Evanier for approximately 3.5 hours, much of which concerned his expert opinions as to events during the period in question (1958-1963) where he was *not* present. Plaintiffs' demand for an additional 7 hours to depose Mr. Evanier far exceeds F.R.C.P. 30(d)(1)'s limitation. Plaintiffs failed to timely serve their own expert reports by October 4, 2010, as required by Judge McMahon's April 19, 2010 scheduling order. Faced with the strength of Mr. Evanier's timely expert report, plaintiffs attempt to compensate by cross-examining him far in excess of the time limit in the rules. Mr. Evanier should not be forced to endure this simply because he is serving as defendants' expert.

We respectfully ask this Court to clarify that while it ordered that Mr. Evanier could be separately deposed as a "fact witness" and an expert witness, Mr. Evanier should not be required to be deposed for more than seven hours in total per F.R.C.P. 30(d)(1).

**TOBEROFF & ASSOCIATES, P.C.**

Hon. Kevin N. Fox
November 14, 2010
Re:   *Marvel v. Kirby*
Page: 3 of 3

Very truly yours,

*[signature]*

Marc Toberoff

cc:   David Fleischer
      Randi W. Singer

---

11/15/10

Fed. R. Civ. P. 30(d)(1) speaks to the number and presumptive length of each deposition ("...a deposition is limited to 1 day of 7 hours"); accordingly, a deponent who participates in a litigation in different capacities, for example, in an individual capacity and as a corporate representative (See Fed. R. Civ. P. 30(b)(6)), might testify at more than one deposition proceeding. In such a circumstance, each deposition would be governed by Fed. R. Civ. P. 30(d)(1). Therefore, the December 6, 2010 expert witness deposition is limited to one day of seven hours.

**SO ORDERED:**

*[signature]*

Hon. Kevin Nathaniel Fox
United States Magistrate Judge