UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
MARVEL WORLDWIDE, INC., :
MARVEL CHARACTERS, INC. and :
MVL RIGHTS, LLC, :
:
                Plaintiffs, :
:
  - against - :
:
LISA R. KIRBY, BARBARA J. KIRBY, :
NEAL L. KIRBY and SUSAN N. KIRBY, :
:
                Defendants. :
------------------------------------------------------------x   Civil Action No. 10 Civ. 141 (CM) (KNF)
:
LISA R. KIRBY, BARBARA J. KIRBY, :
NEAL L. KIRBY and SUSAN N. KIRBY, :
:
              Counterclaim-Plaintiffs, :
:
  - against - :
:
MARVEL ENTERTAINMENT, INC., :
MARVEL WORLDWIDE, INC., :
MARVEL CHARACTERS, INC., MVL :
RIGHTS, LLC, THE WALT DISNEY :
COMPANY and DOES 1 through 10, :
:
              Marvel. :
------------------------------------------------------------x

**PLAINTIFFS' AND COUNTERCLAIM-DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANTS' JURY DEMAND**

Plaintiffs Marvel Worldwide, Inc., Marvel Characters, Inc., and MVL Rights, LLC (collectively, "Plaintiffs") and Counterclaim-Defendants Marvel Entertainment, LLC (successor by merger to Marvel Entertainment, Inc. and together with Plaintiffs, "Marvel") and The Walt Disney Company ("Disney") respectfully submit this Memorandum of Law in Support of their Motion to Strike the Defendants' Jury Demand.

## PRELIMINARY STATEMENT

Following the dismissal of all but one of Defendants' counterclaims, the sole issue in this case is whether Plaintiffs are entitled to declaratory judgment that certain copyright termination notices are invalid or whether Defendants are entitled to declaratory judgment that they are valid. As this issue and the relief sought are purely equitable in nature, "there is no federal right to a jury trial," and Defendants' jury demand should be stricken.  See FED. R. CIV. P. 39(a).

This case was set into motion two weeks after Disney announced its plan to purchase the Marvel companies when Defendants – the children and legal heirs of comic book artist Jack Kirby – served forty five notices (the "Termination Notices"), claiming to have future copyright ownership rights to various Marvel comic books published between 1958 and 1963 (the "Works") featuring many famous characters, including The Fantastic Four, The Incredible Hulk, The Mighty Thor and The X-Men.  The Termination Notices assert that Kirby transferred his rights in the Works to Marvel's predecessor in 1972 and that Defendants seek to "recapture" those rights by invoking the provisions of section 304(c) of the Copyright Act of 1976 (the "Copyright Act").  However, under federal copyright law, because the Works were created as works made for hire, Marvel is the author, Kirby never had any rights to transfer, there is nothing to recapture, and  the Termination Notices are invalid.

Marvel submits that the undisputed record evidence is that the Works were works made for hire and thus no triable issue of fact will remain. Nevertheless, if the case goes to trial, as neither Marvel nor Defendants seeks or is entitled to damages or any other legal remedy, Marvel respectfully submits that it should be tried before the Court without a jury.

**PROCEDURAL HISTORY**

On January 8, 2010, Marvel brought a single cause of action seeking a declaratory judgment that, because the Works were created as works made for hire, the Copyright Act's termination provisions are inapplicable and the Termination Notices are thus invalid and of no force or effect. (Docket No. 1). This Court denied Defendants' motion to dismiss for lack of personal jurisdiction. (Docket No. 27). Defendants then filed an answer and five counterclaims on April 28, 2010, seeking (1) a declaratory judgment that the Termination Notices are valid, (2) a declaratory judgment with respect to the principles to be applied in an accounting of profits, (3) damages for conversion, (4) damages for breach of contract and (5) damages for alleged violations of the Lanham Act. (Docket No. 30). Defendants' Answer and Counterclaims contained a demand for a jury trial on Marvel's claim and their counterclaims. Plaintiffs moved to dismiss all of Defendants' counterclaims, and on November 22, 2010, this Court granted Marvel's motion to dismiss all but the first of Defendants' counterclaims. (Docket No. 49). All of Defendants' claims for damages have been dismissed and Defendants' only surviving counterclaim is a cause of action for a declaratory judgment that the Termination Notices are valid. An exemplar of the Termination Notices is attached to the Declaration of Jodi A. Kleinick ("Kleinick Decl.") as Exhibit 1.

The sole legal issue remaining in this case concerns the future copyright ownership in the Works because "the validity of the Termination Notices hinges on the work-for-hire status of the

Kirby Works." *Marvel Worldwide, Inc. v. Kirby*, No. 10 Civ. 141 (CM)(KNF), 2010 WL 4840081, at *3 (S.D.N.Y. Nov. 22, 2010) (McMahon, J.).  Indeed, as the Court previously has noted, a determination that the Works are works made for hire will be dispositive of both Marvel's sole claim and Defendants' sole remaining counterclaim.  *Id.*

## ARGUMENT

Under well-settled case law, claims for a declaration as to future ownership rights such as the parties seek here are quintessentially equitable in nature and not triable to a jury. Defendants' jury demand is invalid under the Constitution and Supreme Court precedent.  The Seventh Amendment limits the right to a trial by jury to "Suits at common law," U.S. Const. amend. VII, – *i.e.*, *only* for actions at law.  *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).  In contrast, suits in equity are beyond the reach of the Seventh Amendment and do not trigger the right to a jury.  *Id.; see also, e.g.*, *Sullivan v. LTV Aerospace & Defense Co.*, 82 F.3d 1251, 1259 (2d Cir. 1996), *abrogated on other grounds by McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132 (2d Cir. 2008); *Update Art Inc. v. Maariv Israel Newspaper, Inc.*, 635 F. Supp. 228, 230 n.2 (S.D.N.Y. 1986).

To determine whether a right to a jury trial attaches, the Supreme Court has established a two-step analysis: a court first determines whether the claim, or one analogous thereto, would have been deemed legal or equitable in England during the 18th century before the merger of courts of law and equity and second, "examine[s] the remedy sought and determine[s] whether it is legal or equitable in nature." *Granfinanciera*, 492 U.S. at 42 (quoting *Tull v. United States*, 481 U.S. 412,  417-18 (1987)); *see also Pereira v. Farace*, 413 F.3d 330, 337 (2d Cir. 2005); *German v. Conn. Nat'l Bank*, 988 F.2d 1323, 1328 (2d Cir. 1993).  Courts have found that the second prong of this analysis is the more important of the two.  *Granfinanciera*, 492 U.S. at 42;

*Tull*, 481 U.S. at 421.  Here, both prongs of the test lead to the conclusion that the claims before this Court are purely equitable in nature and that there is no right to a jury trial.

The 18th-century cause of action most closely analogous to the claims at issue in this case, in which each party seeks to invalidate the other's claim of future copyright ownership rights in the Works, was an action to quiet title in real property, or a bill *quia timet*.  A bill *quia timet* is an equitable doctrine that allows a person to seek relief from future probable harm to a specific right or interest. *See* BLACK'S LAW DICTIONARY (7th ed. 1999).  "Historically, a bill *quia timet* was the procedural device by which a court of equity would exercise its jurisdiction to protect a party against the occurrence of some future injury which he fears he may suffer, and which he cannot avoid by a present action at law."  *Arney v. Internal Revenue Serv.*, No. 98-352-JPG, 1999 WL 282774, at *2 (S.D. Ill. Mar. 25, 1999); *see also* 27A AM. JUR. 2D Equity §93, at 581 (1996) ("*Quia timet* is the right to be protected against anticipated future injury that cannot be prevented by a present action at law").  The equitable bill of *quia timet* is the direct ancestor to what has developed as the quiet-title action in modern jurisprudence.  *See, e.g.*, *Kinscherff v. United States*, 586 F.2d 159, 160 (10th Cir. 1978) (describing historical development of *quia timet* suits in the courts of equity in England to quiet title suits as developed in the United States); *Humble Oil & Refining Co. v. Sun Oil Co.*, 191 F.2d 705, 717-18 (5th Cir. 1951) ("The suits to quiet title or remove clouds are a development from what were anciently termed bills *quia timet* or bills of peace . . . The equity jurisdiction of the federal courts extends to suits to quiet title and to remove clouds therefrom.").

Such an action to quiet title was tried to the courts of equity in the 18th century, and remains, to this day, an equitable claim.  As numerous courts have held, "claims for the type of relief offered by a quiet title suit have always been equitable actions, brought in the courts of

- 4 -

equity rather than courts of law." *United States v. McHan*, 345 F.3d 262, 275 (4th Cir. 2003); *see also Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 690-91 (1927) (finding cause of action to have features "of a bill to remove a cloud and to quiet title," the relief for which "is of a character within the recognized sphere of federal equity jurisdiction"); *Arndt v. Griggs*, 134 U.S. 316, 320 (1890) (stating that the proposition that "an action to quiet title is a suit in equity" is "doubtless correct"); *Humble Oil*, 191 F.2d at 718 (5th Cir. 1951) (finding "[a] suit to quiet title is a purely equitable proceeding, and a federal court is not required to resort to a jury, nor could it do so except for advice"); *Harlan v. Sparks*, 125 F.2d 502, 507 (10th Cir. 1942) (affirming denial of jury demand under Seventh Amendment where complainant's suit to quiet title was "essentially one in equity"); *Van Deventer v. Lott*, 180 F. 378, 384 (2d Cir. 1910) ("The action is in equity to quiet title to land and there is no provision of law which gives the defendant a right to a trial by jury in such an action in the federal courts."); ; s*ee also* 8 James Wm. Moore, et al., MOORE'S FEDERAL PRACTICE §§ 38.10[3][b], 38.31[6][b] (an "action to establish or quiet title to real property is equitable in nature and does not give rise to a right to jury trial"); *cf. Buck v. Libous*, 02-CV-1142 (FJS/DEP), 2011 WL 13806, at *4 (N.D.N.Y. Jan. 4, 2011) (noting that had plaintiffs chosen to bring a claim to quiet title, such a claim would be equitable and plaintiffs would not be entitled to jury trial).

The second, more important, prong of the test also weighs heavily against any right to a jury trial. Both parties seek the same type of relief – a declaration as to the validity of the Termination Notices and of the ownership of the copyrights in the Works – and it is an inherently equitable remedy. Neither party seeks any money damages. At best, a finding that Defendants have some future part-ownership in the Works would entitle them to an accounting of profits at some indeterminate future date. In dismissing Defendants' counterclaim for an

accounting of profits as too speculative to be ripe for adjudication, this Court has already recognized that "the profits the Kirbys seek to apportion are presently non-existent and may never materialize," and in any event, "will not vest until 2014 at the earliest." *Marvel Worldwide*, 2010 WL 4840081 at *4.

Courts routinely strike jury demands when the only remedy sought is a declaratory judgment as to the parties' respective rights. *See, e.g.*, *Manning v. United States*, 146 F.3d 808, 811-12 (10th Cir. 1998) (finding district court did not err in striking jury demand as to declaratory judgment claims where plaintiff did not request monetary damages); *Wheeless v. Gelzer*, 765 F. Supp. 741 (N.D. Ga. 1991) (striking jury demand in action to set aside transfer of stock); *N. Am. Philips Co., Inc. v. Brownshield*, 111 F. Supp. 762, 765 (S.D.N.Y. 1953) (issues of ownership of invention and patent not triable by jury). In fact, it is necessary to strike a jury demand where, as here, the core remedy at stake is a declaration of validity and/or ownership of intellectual property rights. *E.g.*, *Hynix Semiconductor Inc. v. Rambus Inc.*, 527 F. Supp. 2d 1084, 1103 (N.D. Cal. 2007) (finding claim for declaratory judgment as to patent invalidity to be equitable and not triable to jury); *Big Dog Motorcycles, L.L.C. v. Big Dog Holdings, Inc.*, 400 F. Supp. 2d 1273, 1275-76 (D. Kan. 2005) (finding trademark defendant was "clearly . . . not entitled to a jury trial on the basis of the claims asserted" because they were "purely equitable in nature inasmuch as the relief sought . . . is limited to a declaratory judgment"); *Sanofi-Synthelabo v. Apotex, Inc.*, No. 02 Civ. 2255 RWS, 2002 WL 1917871, at *4 (S.D.N.Y. Aug. 20, 2002) (striking jury demand in action brought prior to expiration of patents for declaratory judgment as to patent invalidity); *Pfizer, Inc. v. Novopharm Ltd.*, No. 00 C 1475, 2001 WL 477163, at *4 (N.D. Ill. May 3, 2001) (striking jury demand in action for declaration of infringement where plaintiff had no right to seek damages); *Glaxo Group Ltd. v. Apotex, Inc.*,

No. 00 C 5791, 2001 WL 1246628 (N.D. Ill. Oct. 16, 2001) (granting motion to strike jury demand because claims seeking declaration of non-infringement and invalidity of patent were purely equitable). A leading commentator has also noted that parties to a copyright action are not entitled to a jury trial when relief sought is purely equitable, as in the case of a claim for declaratory judgment. 3 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHTS § 12.10[A] (2001).

Indeed, a court in this District considered this very issue in a very similar factual situation. In *Marvel Characters, Inc. v. Simon*, 00-CV-1393 (RCC) (S.D.N.Y.), Marvel sought a declaratory judgment that certain works published by Marvel to which comic book writer Joe Simon had contributed were created as works made for hire and, thus, termination notices that Simon had served on Marvel pursuant to section 304(c) of the Copyright Act were invalid. The court held that the defendant was not entitled to a jury trial where, as here:

> The only remaining claim in the case is plaintiff's claim for a declaration that defendant's copyright termination notices are invalid because defendant is not the author of the works in question for copyright purposes. Because there is no claim for damages, the court concludes that this action is more akin to a quiet title action than an ejectment action. The relief being sought is equitable in nature; plaintiff's motion [to strike the jury demand] is therefore granted.

Kleinick Decl. Ex. 2 at 2:23-3:5. The Second Circuit subsequently denied the defendant's petition for a writ of mandamus on this issue. *Id.* Ex. 3. The circumstances of this case compel the same result.

## CONCLUSION

As the sole issue remaining in this case is one of ownership, akin to a quiet title action, the relief sought by both sides is purely equitable, and Defendants cannot establish that they are entitled to a trial by jury. Accordingly, to the extent any triable issue exists following summary judgment, it should be tried to the Court. Marvel and Disney therefore respectfully request that Defendants' demand for a jury trial in this action be stricken in its entirety.

Dated: January 28, 2011      By:   /s/  Jodi A. Kleinick

                WEIL, GOTSHAL & MANGES LLP
                James W. Quinn
                R. Bruce Rich
                Randi W. Singer
                767 Fifth Avenue
                New York, NY 10153
                Tel: (212) 310-8000
                Fax: (212) 310-8007

                PAUL, HASTINGS, JANOFSKY & WALKER LLP
                Jodi A. Kleinick
                75 East 55th Street
                New York, NY 10022

                HAYNES AND BOONE, LLP
                David Fleischer
                1221 Avenue of the Americas, 26th floor
                New York, NY 10020

                *Attorneys for Plaintiffs/Counterclaim-Defendants*