UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
:
MARVEL WORLDWIDE, INC., :
MARVEL CHARACTERS, INC. and :
MVL RIGHTS, LLC, :
:
              Plaintiffs, :
:
  - against- :
: 10 Civ. 141 (CM) (KNF)
LISA R. KIRBY, BARBARA J. KIRBY, :
NEAL L. KIRBY and SUSAN N. KIRBY, :
:
              Defendants. :
-------------------------------------------------------x
:
LISA R. KIRBY, BARBARA J. KIRBY, :
NEAL L. KIRBY and SUSAN N. KIRBY, :
:
              Counterclaim-Plaintiffs, :
:
  - against- :
:
MARVEL ENTERTAINMENT, INC., :
MARVEL WORLDWIDE, INC., :
MARVEL CHARACTERS, INC., MVL :
RIGHTS, LLC, THE WALT DISNEY :
COMPANY and DOES 1 through 10, :
:
              Counterclaim-Defendants. :
-------------------------------------------------------x

## DECLARATION OF ELI BARD IN SUPPORT OF PLAINTIFFS' AND COUNTERCLAIM-DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Eli Bard, hereby declares pursuant to 28 U.S.C. § 1746 as follows:

1.    I am Vice President, Deputy General Counsel of Marvel Entertainment, LLC (sued herein as Marvel Entertainment, Inc.) and submit this declaration in support of the motion by the Plaintiffs and Counterclaim-Defendants Marvel Worldwide, Inc. ("MWI"), Marvel Characters, Inc. ("MCI"), MVL Rights, LLC ("MVL"), Marvel Entertainment, LLC

(sued herein as Marvel Entertainment, Inc.) and The Walt Disney Company for summary judgment.

    2. Since its inception in the 1930s as Timely Comics, the companies now known as collectively as Marvel were preceded by numerous predecessors-in-interest, including Amazing Detective Cases Corp., Americas Magman Sales Corp., Animated Timely Features, Inc., Animirth Comics, Inc., Atlas Magazines, Inc., Atlas News Co., Inc., Bard Publishing Corp., Bilbara Publishing Co., Inc., Brief Digest Corp., Britan Publishing Corp., Broadcast Features Publications, Inc., Canam Publishers Sales Corp., Chipiden Publishing Corp., Christiana Publishing Corp., Classic Detective Stories, Inc., Classic Syndicate, Inc., Comedy Publications, Inc., Comic Combine Corp., Commonwealth Publishing Corp., Complete Photo Story Corp., Cornell Publishing Corp., Crime Bureau Stores, Inc., Crime Files, Inc., Current Detective Stories, Inc., Daring Comics Inc., Emgee Publications, Inc., Empire State Consolidated Adv. Corp., Euclid Publishing Co., Inc., Eye Publishing Corp., Fantasy Comics, Inc., Feature Story Corp., Foto Parade, Inc., Gem Publications, Inc., Hercules Publishing Co., H-K Publications, Inc., International Magazine Sales, Interstate Publishing Co., Jaygee Publications, Inc., Jeangood Publishing Corp., Jest Publishing Co., Inc., Leading Comic Corp., Leading Magazine Corp., Lion Books, Inc, Magazine Management Co., Inc., Magman Export Corp., Male Publishing Corp., Manvis Publications, Inc., Margood Publishing Corp., Marjean Magazine Corp., Marjean TV Enterprises, Marvel Comics Group, Marvel Comics, Inc., Medalion Publishing Corp., Miss America Publishing Corp., Mohawk Publishing Corp;, Mutual Magazine Corp., Newsstand Publications, Inc., Non Pareil Publishing Corp., Official Magazine Corp., Olympia Publications, Inc., Olympus Publishing Corp., Postal Publications, Inc., Prime Publications, Inc., Red Circle Magazines, Inc., Revere Publishing Corp., Select Publications Inc., Snap Publishing Co., Inc.,

Sphere Publications, Inc., Sports Action, Inc., Stag Publishing Corp., Timely Comics, Inc., Timely Publications, Tip Top Publications, Inc., 20th Century Comic Magazine Corp., 20th Century Comics Corp., Universal Crime Stories, Inc., U.S.A. Comic Magazine Corp., Transcontinental Publishing Corp., Vista Publications, Inc., Walden Publishing Co., Inc., Warwick Publications, Inc., Western Fiction Pub. Co. Inc., Young Allies, Inc., Zenith Books, Inc., Zenith Publishing Corporation and Zest Publishing Co., Inc., Martin Goodman, Jean Goodman, Perfect Film & and Chemical Corporation, Cadence Industries Corporation and Marvel Entertainment Group, Inc. (collectively, the "Marvel Predecessors").

3.  The initial copyright registrations for each of the works at issue in this action were filed with the United States Copyright Office in the name of the relevant Marvel Predecessor as author. Marvel also filed renewal copyright registrations for the following works in the United States Copyright Office, each of which lists one of the Marvel Predecessors as the renewal claimant and proprietor of copyright in the subject works as works made for hire: *Amazing Adventures*, Vol. 1, Nos. 1-6; *Amazing Fantasy*, Vol. 1, No. 15; *The Amazing Spider-Man*, Vol. 1, Nos. 1-7; *The Avengers*, Vol. 1, Nos. 1-2; *The Fantastic Four*, Vol. 1, Nos. 1-21; *The Fantastic Four Annual*, No. 1; *Journey Into Mystery*, Vol. 1, Nos. 51-98; *The Incredible Hulk*, Vol. 1, Nos. 1-6; *The Rawhide Kid*, Vol. 1, Nos. 17-26, 28-35; *Sgt. Fury and His Howling Commandos*, Vol. 1, Nos. 1-4; *Strange Tales*, Vol. 1, Nos. 67-84, 96-115; *Tales of Suspense*, Vol. 1, Nos. 3-48; *Tales to Astonish*, Vol. 1, Nos. 3-50; and *The X-Men*, Vol. 1, Nos. 1-2. True and correct copies of these renewal copyright registrations, which were produced by Marvel as part of discovery in this proceeding and identified by the bates numbers MARVEL0000974-1991 and MARVEL0013417-420 are attached hereto as Exhibit 1.

4. Annexed hereto as Exhibit 2 is a true and correct copy of the document produced by Marvel as part of discovery in this proceeding and identified by the bates numbers MARVEL0000087-112 containing a Copyright Assignment dated June 28, 1968, executed by Martin and Jean Goodman (and all of their various companies) to Cadence Industries Corporation.

5. Annexed hereto as Exhibit 3 is a true and correct copy of the document produced by Marvel as part of discovery in this proceeding and identified by the bates numbers MARVEL0002026-28 containing a Copyright Assignment dated January 1, 1972, executed by Magazine Management Co., Inc. to Cadence Industries Corporation.

6. Annexed hereto as Exhibit 4 is a true and correct copy of the document produced by Marvel as part of discovery in this proceeding and identified by the bates numbers MARVEL0002053-152 containing a Copyright Assignment dated December 29, 1986, executed by Cadence Industries Corporation to Marvel Entertainment Group, Inc.

7. Annexed hereto as Exhibit 5 is a true and correct copy of the document produced by Marvel as part of discovery in this proceeding and identified by the bates numbers MARVEL0002153-231 containing a Copyright Assignment dated September 1, 1995, executed by Marvel Entertainment Group, Inc. to MCI.

8. Annexed hereto as Exhibit 6 is a true and correct copy of the document produced by Marvel as part of discovery in this proceeding and identified by the bates numbers MARVEL0002038-52 containing a Short Form Copyright Assignment dated August 31, 2005, executed by MCI to MVL.

9. Annexed hereto as Exhibit 7 is a true and correct copy of the document produced by Marvel as part of discovery in this proceeding and identified by the bates numbers

MARVEL0002029-37 containing a Supplemental Short Form Copyright Assignment dated September 29, 2006, executed by MCI to MVL.

I declare under penalty of perjury that the foregoing facts are true and correct based on my review of Marvel's business records. This declaration was executed on the 18th day of February, 2011 in New York, New York.

_____
Eli Bard