UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                 :

MARVEL WORLDWIDE, INC.,                :
MARVEL CHARACTERS, INC. and     :
MVL RIGHTS, LLC,                   :
                                 :
                 Plaintiffs,     :
                                 :
      - against-                 :
                                 :
LISA R. KIRBY, BARBARA J. KIRBY,  :
NEAL L. KIRBY and SUSAN N. KIRBY,  :
                                 :
                 Defendants.   :
----------------------------------------------------------------x    Civil Action No. 10 Civ. 141 (CM) (KNF)
                                 :
LISA R. KIRBY, BARBARA J. KIRBY,  :
NEAL L. KIRBY and SUSAN N. KIRBY,  :
                                 :
          Counterclaim-Plaintiffs,  :
                                 :
      - against-                 :
                                 :
MARVEL ENTERTAINMENT, INC.,    :
MARVEL WORLDWIDE, INC.,        :
MARVEL CHARACTERS, INC., MVL   :
RIGHTS, LLC, THE WALT DISNEY    :
COMPANY and DOES 1 through 10,   :
                                 :
         Counterclaim-Defendants.  :
----------------------------------------------------------------x

**PLAINTIFFS' AND COUNTERCLAIM-DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTIONS TO EXCLUDE THE EXPERT REPORTS AND TESTIMONY OF MARK EVANIER AND JOHN MORROW**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ...................................................................................................................... 1

I.   EVANIER'S AND MORROW'S PROFFERED OPINIONS ARE
     INADMISSIBLE ...................................................................................................... 2

     A.   The Opinions Of Both Evanier And Morrow Are Wholly Unreliable. ................. 2

     B.   Evanier And Morrow Offer Irrelevant Opinions, As Both Seek To Usurp,
          Rather Than Assist, The Court In Its Function As Factfinder ............................. 5

     C.   Morrow's Report Is Wholly Duplicative Of Evanier's And Should Be
          Excluded On That Basis Alone. ............................................................... 8

II.  DEFENDANTS' ATTEMPT TO CIRCUMVENT THE HEARSAY RULE
     UNDER THE GUISE OF SO-CALLED EXPERT TESTIMONY MUST BE
     REJECTED .............................................................................................................. 9

CONCLUSION ................................................................................................................. 10

i

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 514 F. Supp. 2d 571 (S.D.N.Y. 2007)....................5

*Algarin v. N.Y. City Dep't of Corr.*, 460 F. Supp. 2d 469 (S.D.N.Y. 2006).....................................5

*Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705 (2d Cir. 1989).........................................7

*Bayway Ref. Co. v. Oxygenated Mktg. & Trading, A.G.*, 215 F.3d 219 (2d Cir. 2000) .................4

*Bourjaily v. United States*, 483 U.S. 171 (1987) ......................................................................2, 8

*Commercial Union Ins. Co. v. Seven Provinces Ins. Co.*, 217 F.3d 33 (1st Cir. 2000)....................7

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).........................................................1, 2

*DiBella v. Hopkins*, 403 F.3d 102 (2d Cir. 2005)...........................................................................2

*Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997) ...............................................................................5

*Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461 (S.D.N.Y. 2005).......................6

*Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173 (S.D.N.Y. 2008)....................3, 6

*In re Jackson Nat'l Life Ins. Co. Premium Litig.*, No. 96-MD-1122, 2000 WL 33654070
    (W.D. Mich. Feb. 8, 2000)..................................................................................................9

*Ji v. Bose Corp.*, 538 F. Supp. 2d 354 (D. Mass. 2008) .................................................................2

*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999)........................................................2, 5

*Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290 (2d Cir. 2008) .......................1

*Member Servs., Inc. v. Sec. Mut. Life Ins. Co. of N.Y.*, No. 3:06-cv-1164 (TJM/DEP),
    2010 WL 3907489 (N.D.N.Y. Sept. 30, 2010) ...................................................................3, 9

*Nimely v. City of N.Y.*, 414 F.3d 381 (2d Cir. 2005).......................................................................7

*Price v. Fox Entm't Group, Inc.*, 499 F. Supp. 2d 382 (S.D.N.Y. 2007) ........................................9

*In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004) .......................................7

*Royal Ins. Co. of Am. v. Joseph Daniel Constr., Inc.*, 208 F. Supp. 2d 423 (S.D.N.Y.
    2002) ...............................................................................................................................1, 5, 8

*Siegel v. Warner Bros. Entm't Inc.*, 542 F. Supp. 2d 1098 (C.D. Cal. 2008).................................4

*Siegel v. Warner Bros. Entm't Inc.*, 658 F. Supp. 2d 1036 (C.D. Cal. 2009).................................4

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*SR Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Props., LLC*, 467 F.3d 107 (2d Cir. 2006) ...........4

*Taylor v. Evans*, No. 94 Civ. 8425 (CSH), 1997 WL 154010 (S.D.N.Y. Apr. 1, 1997) .................6

*Travelers Indem. Co. v. Scor Reinsurance Co.*, 62 F.3d 74 (2d Cir. 1995) .....................................7

*United States v. Joseph*, 542 F.3d 13 (2d Cir. 2008) ........................................................................7

*United States v. Mejia*, 545 F.3d 179 (2d Cir. 2008) .......................................................................9

## FEDERAL RULES

Fed. R. Evid. 702 ...............................................................................................................................5

Fed. R. Evid. 702 advisory committee's note ...............................................................................3, 5

## PRELIMINARY STATEMENT

Ignoring their inability to establish the threshold requirements for expert admissibility –
reliability and relevance – Defendants instead focus solely on the general principle that experts
may, in certain limited circumstances, rely on hearsay.  However, under the Federal Rules of
Evidence, experts may only rely on hearsay as a *basis* to form their opinions through their
reliable expertise; they may not simply repeat such hearsay as the *substance* of their opinions.  In
short, a party may not convert inadmissible hearsay or otherwise improper factual narratives or
opinions on motivation and credibility into admissible evidence simply by calling it expert
testimony and asserting that it will help the trier of fact.

Yet, this is precisely what Defendants seek to do with their self-styled experts Mark
Evanier and John Morrow.  Defendants ask the Court to ignore the fact that both Evanier and
Morrow explicitly conceded that they used no accepted methodology whatsoever and there is no
way to test their conclusions, and to rely instead on testimony of "industry custom and practice"
that was not even within the scope of their assignments.  The "weight of the evidence" comes
into play only *after* relevance and reliability are established.  Having failed to establish either,
the testimony of Evanier and Morrow should be disregarded.  Contrary to Defendants' stated
concerns (Docket No. 86 ("Evanier Opp.") at 21-23), the Court is fully capable of determining
whether the Works were created for hire without the testimony of either Evanier or Morrow.

## ARGUMENT

Reliability and relevance are threshold requirements that must be met before an expert's
opinions are admitted.  *See Royal Ins. Co. of Am. v. Joseph Daniel Constr., Inc.*, 208 F. Supp. 2d
423, 426 (S.D.N.Y. 2002) (McMahon, J.).  In its gate-keeping function under Rule 702, the
Court must exclude expert testimony that fails to meet these thresholds, including on summary
judgment.  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Major League Baseball*

*Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309, 311 (2d Cir. 2008).  Defendants fail to show that the testimony of either Evanier or Morrow is reliable or admissible, so it should be excluded. *See DiBella v. Hopkins*, 403 F.3d 102, 121 (2d Cir. 2005) (court has broad discretion to exclude expert testimony that does not meet requirements); *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (party offering expert testimony must prove admissibility by preponderance of evidence).

**I.    EVANIER'S AND MORROW'S PROFFERED OPINIONS ARE INADMISSIBLE**

**A.    The Opinions Of Both Evanier And Morrow Are Wholly Unreliable.**

Both Evanier and Morrow should be precluded from testifying because Defendants have failed to show either of their opinions satisfies the core element of reliability; in fact, Defendants all but ignore the requirement that expert testimony be based on reliable methodology to be admissible.  *E.g.*, *Daubert*, 509 U.S. at 590; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).  But as Defendants' own cases confirm, "an expert's testimony is *only admissible if the Court finds that it is reliable*."  *Ji v. Bose Corp.*, 538 F. Supp. 2d 354, 358 (D. Mass. 2008) (emphasis added).  Neither Morrow's nor Evanier's opinions are based on any methodology, let alone one sufficient to meet either the *Daubert* or *Kumho* standards.

Evanier conceded his only "methodology" was to use "common sense" and that he came by his opinions by "mak[ing] a value judgment . . . [and] believ[ing] the version [of events] that seems to be the most consistent."  *See* Declaration of Sabrina A. Perelman ("Perelman Decl.") Ex. 2 at 51:9-21, 61:4-8.  Morrow's only methodology was to draw upon what he had read or heard about in interviews.  *See* Declaration of David Fleischer ("Fleischer Decl.") Ex. B at 17:17-18:12, 133:15-135:17.  Neither of them conducted any independent analysis, nor did they bother to review *any* of the relevant documents or deposition testimony in the case.  Perelman Decl. Ex. 2 at 10:11-13, 15:10-16, 18:1-10, 21:21-25, 30:1-14, 51:22-53:19, 54:15-25; Fleischer Decl. Ex. B at 17:17-18:12; 133:15-135:17.  Indeed, both Evanier and Morrow conceded there

was no way to test their opinions for reliability.  *See* Perelman Decl. Ex. 2 at 30:15-22 ("I don't know of any way to test this kind of thing."); Fleischer Decl. Ex. B at 135:18-136:12.  While Evanier and Morrow certainly are not limited to the record to form the basis of their opinions, one would presume and expect they would at least consider it.

Rather than address this lack of methodology, Defendants devote many pages to Evanier's and Morrow's "experience" in an attempt to show they are somehow qualified.  *See* Evanier Opp. at 3-6, 12; Docket No. 84 ("Morrow Opp.") at 2-4.  But that general experience, even if credited, cannot qualify either to offer a specific factual narrative of events from fifty years ago – before Evanier met Kirby, and before Morrow was even born – nor is it reliably applied to the facts in the case.  *See* Fed. R. Evid. 702 advisory committee's note.  Indeed, exposition of historical facts does not qualify as "technical or specialized knowledge," and there are no possible credentials that could qualify a person to testify as to purely factual matters based on hearsay and speculation.  *See Member Servs., Inc. v. Sec. Mut. Life Ins. Co. of N.Y.*, No. 3:06-cv-1164 (TJM/DEP), 2010 WL 3907489, at \*26 (N.D.N.Y. Sept. 30, 2010).  Moreover, this case concerns particular Works, from a specific Time Period; Defendants fail to show how Evanier's or Morrow's experience qualifies them to testify on those very circumscribed issues.

Nor can Defendants rehabilitate Evanier by claiming he is a "percipient" witness.  Evanier Opp. at 15 (noting "re-imagined" Thor story).  Evanier concededly lacks any personal knowledge of Kirby's dealings with Marvel during the Time Period, or any of the circumstances of the Works' creation, so his testimony is incompetent – as a fact or expert witness – and will shed *no* light on the relevant issues.  Defendants cannot shore up Evanier's deficiencies as an expert with so-called "percipient" knowledge of information not disclosed in his report.  *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 182 (S.D.N.Y. 2008).

3

Defendants' repeated appeals to Evanier's and Morrow's so-called expertise in comic "industry custom and practice" also gain them no traction as their assignment did not include industry custom and practice; rather, they were asked only to opine on Kirby's relationship to Marvel during a specified time period and the circumstances of the creation of the Works.  *See* Perelman Decl. Ex. 1 at 1; Fleischer Decl. Ex. A at 1.  Furthermore, as Defendants' own cases explain, experts can only offer testimony on industry "custom and practice" if such practice is "fixed and invariable" or "universally understood."  *See SR Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 135 (2d Cir. 2006); *Bayway Ref. Co. v. Oxygenated Mktg. & Trading, A.G.*, 215 F.3d 219, 225 (2d Cir. 2000).  There is no evidence that the customs or practices on which Morrow and Evanier opine are fixed or invariable or universally understood.

Indeed, in a closely analogous case, Evanier expressly admitted that work-for-hire policies were "not an industry-wide practice" prior to 1978 in the comic book industry and that work-for-hire policies were "on only a company-by-company basis."  Reply Declaration of Sabrina A. Perelman, Exhibit 1 at B-214:4-9, B-214:22-215:8.  Evanier's testimony on industry custom and practice in yet another analogous case also was found to be "void of any specific evidence or opinion" on the works in question and "not at all probative."  *Siegel v. Warner Bros. Entm't Inc.*, 542 F. Supp. 2d 1098, 1122-23 (C.D. Cal. 2008).  Indeed, the *Siegel* court later found that "appeals to expert opinion of industry custom and practice are of dubious evidentiary value [because] the expert in question is not venturing any opinion as to what actually occurred with respect to the specific business relationship" at issue.  *Siegel v. Warner Bros. Entm't Inc.*, 658 F. Supp. 2d 1036, 1069 (C.D. Cal. 2009).  So, too, must Evanier's and Morrow's reliance on industry custom and practice be rejected here.

4

While Defendants attempt to evade the reliability requirement by casting Morrow's and Evanier's opinions as within the "social sciences" and not the "hard sciences," Supreme Court precedent is clear that even though non-scientific expert testimony may not be subject to the same controls as the hard sciences, they must nonetheless be subject to *some* controls. *See Kumho*, 526 U.S. at 141. Morrow and Evanier's testimony are not, and "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see also* Fed. R. Evid. 702 advisory committee's note (courts need not "simply tak[e] the expert's word for it"). Thus, as Morrow and Evanier's "methodology" is purely subjective, speculative and precludes analysis for reliability, both must be excluded. *See, e.g.*, *24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 514 F. Supp. 2d 571, 574-77 (S.D.N.Y. 2007) (excluding expert on development of music startup companies whose opinions were "inherently subjective and speculative" and could not "be tested, . . . [had] no known rate of error, and . . . [were] not subject to any particular standards or controls"); *Algarin v. N.Y. City Dep't of Corr.*, 460 F. Supp. 2d 469, 477 (S.D.N.Y. 2006) (expert on involuntary commitment excluded on summary judgment where his "conclusion is not the product of the application of any analytic method, aside from [his] personal experience, and [he] cites no support for it, other than his occasional allusions to 'common sense'").

**B.      Evanier And Morrow Offer Irrelevant Opinions, As Both Seek To Usurp, Rather Than Assist, The Court In Its Function As Factfinder.**

Only after an expert's reliability has been established does a court "evaluate the relevancy of the testimony by determining whether the information presented 'will assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Royal Ins. Co.*, 208 F. Supp. 2d at 425 (quoting Fed. R. Evid. 702). Here, Defendants skate over the reliability prong, and

focus only on the assertion that Morrow and Evanier will assist the trier of fact.  But Rule 702 requires them to show both reliability and relevance, and they cannot prove reliability by reading the requirement out of the test.

In any event, both Morrow's and Evanier's reports are irrelevant as well as unreliable and thus, will not assist the fact-finder.  Both proffered experts focus largely on whether a particular character or story was the idea of Stan Lee, Jack Kirby or a combination of the two, which is wholly beside the point under the instance and expense test that Defendants concede governs. Nothing in their opinions suggests Kirby *ever* put pencil to paper before receiving an assignment from Marvel or that he was *ever* not paid his agreed per-page rate for his contributions to the Works.  In fact, both Evanier and Morrow consistently and repeatedly agreed with Marvel on all of the salient facts that fulfill the work-for-hire test.  *See* Docket No. 62 at 20-22.

Soldiering on despite this reality, Defendants claim their testimony will be "helpful" because it provides "historical context."  *See* Evanier Opp. at 2, 16; Morrow Opp. at 10-11.  But this "historical context" is no different from the demonstrably unhelpful and usurpatory historical narratives universally rejected as improper subjects for expert testimony.  *E.g.*, *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 468-69 (S.D.N.Y. 2005), *aff'd*, 551 F. Supp. 2d 173, 180 (S.D.N.Y. 2008) ("[A]n expert cannot be presented . . . solely for the purpose of constructing a factual narrative. . . ."); *Taylor v. Evans*, No. 94 Civ. 8425 (CSH), 1997 WL 154010, at *2 (S.D.N.Y. Apr. 1, 1997).  Indeed, it strains credulity to argue Morrow's report would be "helpful to the trier of fact," as Defendants protest, where even Morrow conceded there was no way to distinguish between statements of purported fact and statements of his opinion in his report.  *See* Fleischer Decl. Ex. B at 133:11-135:8.

All Evanier and Morrow seek to do is to construct a fictionalized factual narrative, based on layers of hearsay, and then "opine" they believe those facts to be true. Indeed, they purport to construct this narrative without any regard for (or even any review of) any record facts. Unlike in *United States v. Joseph*, 542 F.3d 13 (2d Cir. 2008), a case Defendants heavily rely on, neither Evanier nor Morrow will "explain conduct not normally familiar to most jurors." *Id.* at 22. The true facts on which Evanier and Morrow purport to opine are set out clearly in the competent fact record, and are "lay matters which [the trier of fact] is capable of understanding and deciding without [their] help," particularly where the case will be tried – if at all – to the Court. *See Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989). Thus, both their "factual" reports serve no purpose and should be excluded as irrelevant.

Additionally, far from assisting the fact-finder, Evanier and Morrow seek to usurp its role by opining as to motivation and credibility. The case law is legion that neither is a proper subject for expert testimony. *E.g.*, *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004) (inferences about intent or motive "lie outside the bounds of expert testimony"); *see also Nimely v. City of N.Y.*, 414 F.3d 381, 398 (2d Cir. 2005) ("[E]xpert opinions that constitute evaluations of witness credibility . . . are inadmissible under Rule 702."). Defendants' cases do not require a different result, as they involve testimony regarding contractual intent where evidence of actual intent is *unavailable* and opinions from an expert knowledgeable about the industry practice is required to resolve the issues. *See, e.g.*, *Travelers Indem. Co. v. Scor Reinsurance Co.*, 62 F.3d 74, 78 (2d Cir. 1995) (expert could opine on custom or practice in reinsurance industry to "interpret ambiguous provisions of contracts" where it was "hard to imagine how the . . . case could have been decided without [it]"); *Commercial Union Ins. Co. v. Seven Provinces Ins. Co.*, 217 F.3d 33, 38-39 (1st Cir. 2000) (expert could opine on trade usage

to determine meaning of agreement where policy was decades old and evidence of parties' actual intent was unavailable).  No such circumstances exist here.

Defendants' arguments that Morrow and Evanier do not improperly opine on credibility fall short, as they themselves claim that Morrow "evaluate[s] *the true facts* and relationship between Kirby and Marvel," Morrow Opp. at 10 (emphasis added), and Evanier testified that he formulated his opinions by deciding "the version that [he] take[s] to be *the most credible*" by "mak[ing] a *value judgment*" and "believ[ing] [a certain] version" of the events.  Perelman Decl. Ex. 2 at 50:14-51:21 (emphasis added).  Ironically, Evanier and Morrow make these credibility judgments without having reviewed any of the testimony of actual percipient witnesses or any record evidence.  *Id.* at 10:11-13, 51:22-53:19, 54:15-25; Fleischer Decl. Ex. B at 17:17-18:12.

In fact, Defendants do not even argue their "experts" do not opine on credibility, but merely rely on inapposite cases to contend such testimony is not improper.  *See* Morrow Opp. at 11-13; Evanier Opp. at 19-21.  These arguments are meritless and should be rejected, as should their repeated mantra that any questions with respect to this improper testimony go to weight and not admissibility.  Defendants must prove that their proffered experts' testimony is *admissible* as a threshold matter before its weight may be considered.  *See Bourjaily*, 483 U.S. at 175; *Royal Ins. Co.*, 208 F. Supp. 2d at 426.  They have not done so.

### C.    Morrow's Report Is Wholly Duplicative Of Evanier's And Should Be Excluded On That Basis Alone.

Morrow's report also should be excluded for the independent reason that it is wholly duplicative of Evanier's.  Marvel cited five of the most egregious instances in which the Morrow and Evanier reports overlap in form, substance and content, but even a cursory review of the reports shows they are duplicative well beyond those passages.  Moreover, Morrow's testimony does not "come[] from a different professional perspective" than Evanier's.  Morrow Opp. at 16.

Morrow and Evanier have the same roles in the industry (to promote Kirby) and seek to offer testimony on identical subject matter (who, as between Kirby and Lee, had an idea for a comic book some fifty years ago). Thus, designating both Morrow and Evanier as "experts" is wasteful and unnecessary. *See Member Servs.*, 2010 WL 3907489, at \*27; *Price v. Fox Entm't Group, Inc.*, 499 F. Supp. 2d 382, 390 (S.D.N.Y. 2007). That Defendants all but ignore the fact that Morrow's report violates Rule 26(a)(2)(B), relegating their response to a footnote, does not make it less true. *See In re Jackson Nat'l Life Ins. Co. Premium Litig.*, No. 96-MD-1122, 2000 WL 33654070, at \*1 (W.D. Mich. Feb. 8, 2000) ("undeniable substantial similarities" of expert reports strongly suggest "counsel's participation so exceeded the bounds of legitimate 'assistance' as to negate the possibility that [the expert] actually prepared his own report within the meaning of Rule 26(a)(2)"). For this reason, too, Morrow should be excluded.

## II.  DEFENDANTS' ATTEMPT TO CIRCUMVENT THE HEARSAY RULE UNDER THE GUISE OF SO-CALLED EXPERT TESTIMONY MUST BE REJECTED

As Defendants freely concede, Evanier's and Morrow's opinions are, of necessity due to their lack of personal knowledge, based entirely on inadmissible hearsay. *See* Evanier Opp. at 11; Morrow Opp. at 4, 6, 9. Defendants' attempts to dress up this hearsay as "expert" testimony is unavailing, as they seek only to offer it for its truth rather than apply any expertise to arrive at an independent opinion, as required under Rule 703. Thus, their testimony must be excluded.

Defendants' insistence that experts may rely on hearsay statements misses the point – experts may *rely on* hearsay to draw properly supported conclusions, but they cannot convert it into admissible evidence simply by *repeating* it. Defendants do not (and cannot) cite any authority to allow them to simply repeat the facts in those statements as if they were true. Indeed, binding precedent mandates the opposite. *See, e.g.*, *United States v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008) ("[An] expert may not, however, simply transmit that hearsay . . . .

Instead, [he] must form his own opinions by applying his extensive experience and a reliable methodology to the inadmissible materials.  Otherwise, the expert is simply repeating hearsay evidence without applying any expertise whatsoever, a practice that allows [a party] to circumvent the rules prohibiting hearsay.").

The opinions proffered by Evanier and Morrow falter at each level of the Rule 703 analysis.  Fundamentally, as discussed, they both lack any expertise relevant to this action, and neither of them has shown any measure of reliability in their methodologies or conclusions.  Moreover, at bottom, their entire purpose in this case is to introduce inadmissible hearsay from interviews and articles in the guise of "expert" testimony.  Evanier and Morrow have applied no expertise, and have arrived (unreliably) at opinions that certain hearsay statements are true.  Under such circumstances, Defendants cannot be heard to argue that either Evanier or Morrow is an expert under any conceivable formulation.  Their testimony is, at best, akin to "junk science" and is expressly condemned by *Daubert*, *Kumho* and their progeny.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Marvel's opening briefs, the reports and testimony of Mark Evanier and John Morrow should be excluded in their entirety.

Dated:   April 8, 2011                                By:   /s/  James W. Quinn

HAYNES AND BOONE, LLP                WEIL, GOTSHAL & MANGES LLP
David Fleischer                                      James W. Quinn
Sarah Jacobson                                      R. Bruce Rich
30 Rockefeller Plaza, 26th floor              Randi W. Singer
New York, NY 10112                              Sabrina A. Perelman
Tel: (212) 659-7300                               767 Fifth Avenue
                                                            New York, NY 10153
PAUL, HASTINGS, JANOFSKY &         Tel:  (212) 310-8000
WALKER LLP                                        Fax:  (212) 310-8007
Jodi A. Kleinick
75 East 55th Street                                 *Attorneys for Plaintiffs/*
New York, NY 10022                              *Counterclaim-Defendants*
Tel.: (212) 318-6000