UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                  :

MARVEL WORLDWIDE, INC.,               :
MARVEL CHARACTERS, INC. and      :
MVL RIGHTS, LLC,                           :

           Plaintiffs,          :

  - against -                                     :

LISA R. KIRBY, BARBARA J. KIRBY,  :
NEAL L. KIRBY and SUSAN N. KIRBY,  :

           Defendants.        :     Civil Action No. 10 Civ. 141 (CM) (KNF)
---------------------------------------------------------------x
                                                  :

LISA R. KIRBY, BARBARA J. KIRBY,  :
NEAL L. KIRBY and SUSAN N. KIRBY,  :

      Counterclaim-Plaintiffs,   :

  - against -                                     :

MARVEL ENTERTAINMENT, INC.,     :
MARVEL WORLDWIDE, INC.,              :
MARVEL CHARACTERS, INC., MVL    :
RIGHTS, LLC, THE WALT DISNEY     :
COMPANY and DOES 1 through 10,    :

           Marvel.              :
---------------------------------------------------------------x

**PLAINTIFFS/COUNTERCLAIM-DEFENDANTS' MEMORANDUM OF
LAW IN SUPPORT OF THEIR MOTION TO STRIKE (1) THE DECLARATIONS OF
JOE SINNOTT AND JAMES F. STERANKO, AND (2) CERTAIN DOCUMENTS
ATTACHED AS EXHIBITS TO DEFENDANTS' DECLARATIONS IN SUPPORT OF
THEIR OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

                                                                                                           **Page**

PROCEDURAL BACKGROUND ............................................................................................... 1

ARGUMENT .................................................................................................................................. 3

I.     THE DECLARATIONS OF THE UNDISCLOSED WITNESSES MUST BE
       STRICKEN FOR VIOLATION OF RULE 26(A) ............................................................ 3

II.    DOCUMENTS THAT DEFENDANTS NEVER PRODUCED DURING
       DISCOVERY SHOULD BE STRICKEN ......................................................................... 5

CONCLUSION ............................................................................................................................... 6

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Am. Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States*, No. 04-CV-1798
   (CPS), 2009 WL 1617773 (E.D.N.Y. June 9, 2009) ............................................................4, 5

*Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006) ..........................................................4

*Ebewo v. Martinez*, 309 F. Supp. 2d 600 (S.D.N.Y. 2004) .............................................................4

*Fleming v. Verizon N. Y. Inc.*, No. 03 Civ. 5639(WHP), 2006 WL 2709766 (S.D.N.Y.
   Sept. 22, 2006) ..........................................................................................................................3

*Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84 (2d Cir. 2008) ...................................................3

*Nosal v. Granite Park LLC*, 269 F.R.D. 284 (S.D.N.Y. 2010) ....................................................5, 6

*Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006) ....................................................................4

*Spotnana, Inc. v. Am. Talent Agency, Inc.*, No. 09 Civ. 3698(LAP), 2010 WL 3341837
   (S.D.N.Y. Aug. 17, 2010) .........................................................................................................5

*Ventra v. United States*, 121 F. Supp. 2d 326 (S.D.N.Y. 2000) ..............................................3, 5, 6

*Vona v. Schindler Elevator Corp. Mgmt.*, No. 05-CV-0131(Sr), 2009 WL 2152309
   (W.D.N.Y. July 14, 2009) .........................................................................................................5

### FEDERAL RULES

Fed. R. Civ. P. 26 ............................................................................................................................3

Fed. R. Civ. P. 37 ............................................................................................................................3

Plaintiffs Marvel Worldwide, Inc., Marvel Characters, Inc., and MVL Rights, LLC (collectively, "Plaintiffs") and Counterclaim-Defendants Marvel Entertainment, LLC (successor by merger to Marvel Entertainment, Inc. and together with Plaintiffs, "Marvel") and The Walt Disney Company ("Disney") respectfully submit this Memorandum of Law in Support of their Motion to Strike: (1) the declarations of Joe Sinnott and James F. Steranko (the "Undisclosed Witnesses") dated March 21, 2011 and March 24, 2011 respectively, in support of Defendants' Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment; and (2) certain documents that were never produced by Defendants in discovery but were attached as exhibits to the Declarations of Marc Toberoff and John Morrow dated March 25, 2011 in support of Defendants' opposition to Plaintiffs' motion for summary judgment (the "Unproduced Documents").

## PROCEDURAL BACKGROUND

Pursuant to the April 16, 2010 Civil Case Management Plan, Defendants served their Rule 26(a)(1) initial disclosures on April 28, 2010, and all discovery, including all expert discovery, was completed by January 14, 2011. *See* Docket No. 28. Defendants' initial disclosures made no mention of James Steranko or Joe Sinnott, *see* Declaration of Jodi A. Kleinick dated April 8, 2011 ("Kleinick Dec.") Exhibit 1. Plaintiffs served their first and second set of document requests on March 10, 2010 and August 17, 2010, and on November 12, 2010, Plaintiffs served document requests directed to each of Defendants' proposed experts. *See* Kleinick Dec. Ex. 2-4. The Unproduced Documents were not produced in response to any of these document requests.

On February 25, 2011, Plaintiffs and Defendants filed cross-motions for summary judgment. On March 16, 2011, nearly a year after their initial disclosures were served and more

than two months after the close of discovery, in the course of preparing the proposed joint pretrial order, counsel for Defendants revealed – for the first time – their intent to rely on the testimony of Joe Sinnott and Stan Goldberg, among others, at trial.  *See* Kleinick Dec. Ex. 5.  Neither Messrs. Sinnott or Goldberg was identified on Defendants' initial disclosures.  Defendants served an amended list of trial witnesses on March 23, 2011, which included Mr. Steranko, who also had never been disclosed.  *See id.* Ex. 6.  That same day, Plaintiffs advised Defendants that they objected to Defendants' attempt to rely on the testimony of the Messrs. Sinnott, Goldberg and Steranko because they had not been timely disclosed.  *See id.* Ex. 7.

The parties each filed their respective oppositions to summary judgment on March 25, 2011.  Notwithstanding Plaintiffs' express objection to the Undisclosed Witnesses on Defendants' list of trial witnesses, Defendants nonetheless submitted declarations from the Undisclosed Witnesses in support of their opposition to Plaintiffs and Counterclaim-Defendants' summary judgment motion.

In addition to these Undisclosed Witnesses, Defendants also cited to and included the Unproduced Documents as part of the summary judgment "record."  Specifically, Defendants submitted the following documents not previously produced in discovery:  Exhibits Y, GG, JJ, OO, FFF, JJJ and LLL to the Declaration of Marc Toberoff and Exhibit B to the Declaration of John Morrow.  These Unproduced Documents are inadmissible hearsay, but they are all clearly responsive to Plaintiffs' Document Requests and should have been produced, but were not.

On March 30, 2011, counsel for Plaintiffs reiterated their objection to the inclusion of any undisclosed witnesses on Defendants' list of trial witnesses, and stated that they intended to make appropriate motions to preclude based on Defendants' failure to identify these witnesses in Defendants' initial disclosures and failure to timely supplement those disclosures.  *See* Kleinick

Dec. ¶ 10. Three days before Defendants' reply on summary judgment was due, nearly four months after discovery closed, they belatedly attempted to address their failure to timely disclose the Undisclosed Witnesses by serving "First Amended Initial Disclosures." *See id.* Ex. 8.

Having failed to disclose the Undisclosed Witnesses throughout discovery and until just before summary judgment was fully briefed, and having failed to produce the Unproduced Documents, Defendants must be precluded from relying on them for summary judgment, and they should be stricken in their entirety.

## ARGUMENT

**I.   THE DECLARATIONS OF THE UNDISCLOSED WITNESSES MUST BE STRICKEN FOR VIOLATION OF RULE 26(A)**

Rule 26(a) of the Federal Rules of Civil Procedure requires a party to disclose the names of "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). Additionally, Rule 26(e) requires a party to supplement its disclosures and responses "*in a timely manner* if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added).

A party who fails to make proper disclosures under Rule 26(a) or (e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The purpose of the rule is to prevent the practice of 'sandbagging' an adversary with new evidence." *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000). Courts apply Rule 37 sanctions when a party fails to properly disclose a witness. *See Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86-87 (2d Cir. 2008) (affirming striking of affidavit in opposition to summary judgment motion from previously undisclosed witness); *Fleming v. Verizon N. Y. Inc.*, No. 03 Civ.

3

5639(WHP), 2006 WL 2709766, at *7-9 (S.D.N.Y. Sept. 22, 2006) (granting motion to strike declarations offered in support of a party's opposition to summary judgment because the party failed to identify the witness in its initial disclosures); *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) (excluding affidavit submitted in opposition to summary judgment because affiant was not listed in plaintiff's Rule 26(a) disclosures).

     A district court has wide discretion to impose sanctions under Rule 37.  *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006) (affirming preclusion of witness under Fed. R. Civ. P. 37(c)(1) that was disclosed for the first time in proposed list of trial witnesses). In determining whether to impose sanctions under Rule 37, courts must consider (1) the party's explanation for failing to comply with the disclosure requirement; (2) the importance of the evidence precluded; (3) the prejudice to the opposing party from having to address the new evidence; and (4) the possibility of a continuance.  *Id.* at 296 (*citing Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006)).  Although the application of sanctions under Rule 37(c) does not require a showing of bad faith, "a party's bad faith may 'be taken into account as part of the party's explanation for its failure to comply.'" *See Am. Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States*, No. 04-CV-1798 (CPS), 2009 WL 1617773, at *6 (E.D.N.Y. June 9, 2009) (quoting *Design Strategy, Inc.*, 469 F.3d at 296).

     Here, all four factors warrant a determination that the Undisclosed Witnesses' declarations should be stricken.  Defendants cannot provide any justification for their failure to properly disclose Sinnott or Steranko as potential witnesses; they were known to Defendants and could have been included in Defendants' initial disclosures or these disclosures could have been amended to add them at any point before the close of discovery or even in the period leading up to summary judgment.  Defendants' inexcusably late attempt to cure this failure is an implicit

4

concession that their conduct had violated the Federal Rules.  Second, the information contained in these declarations is not relevant to the issues remaining in this case:  Nothing in these declarations goes to the issue of whether Jack Kirby's contributions to Marvel's publications were done at Marvel's instance or expense.  At best, the testimony of the Undisclosed Witnesses is entirely cumulative of the other three declarations filed simultaneously.

Finally, Plaintiffs would be prejudiced if these declarations were considered on summary judgment.  Plaintiffs were deprived of any opportunity to depose the Undisclosed Witnesses prior to summary judgment, and filing declarations on opposition to summary judgment is the very definition of "sandbagging" that the Rules were intended to prevent.  *See Ventra*, 121 F. Supp. 2d at 332.  Moreover, a continuance is inapplicable as both parties' summary judgment motions are *sub judice*.  *See Nosal v. Granite Park LLC*, 269 F.R.D. 284, 290 (S.D.N.Y. 2010) (excluding evidence submitted after the close of discovery and finding that "[i]n light of the advanced . . . stage of the case a continuance is not a realistic solution"); *Spotnana, Inc. v. Am. Talent Agency, Inc.*, No. 09 Civ. 3698(LAP), 2010 WL 3341837, at *2 (S.D.N.Y. Aug. 17, 2010) (finding that the "closure of discovery . . . also weighs strongly against the possibility of a continuance"); *Vona v. Schindler Elevator Corp. Mgmt.*, No. 05-CV-0131(Sr), 2009 WL 2152309, at *8 (W.D.N.Y. July 14, 2009) (refusing to consider undisclosed affidavits on summary judgment and finding continuance unwarranted "since discovery closed several months prior" to motion).  Thus, the declarations of the Undisclosed Witnesses must be stricken.

## II. DOCUMENTS THAT DEFENDANTS NEVER PRODUCED DURING DISCOVERY SHOULD BE STRICKEN

Rule 37 sanctions are also appropriate when a party fails to disclose documents during discovery.  *See Am. Friends of Yeshivat Ohr Yerushalayim*, 2009 WL 1617773, at *10-12 (striking documents attached as exhibits by a party in support of its opposition to a motion for

judgment on the pleadings because party failed to supplement its initial disclosures and discovery responses during the discovery period); *see also Nosal*, 269 F.R.D. at 289-90 (excluding documents and evidence not produced during discovery). Such sanctions comport with the rationale of Rule 37, which is to protect a party from being improperly burdened with new evidence after the discovery phase of the case has passed. *Ventra*, 121 F. Supp. 2d at 332.

The four factors discussed above also warrant a determination that all eight of the Undisclosed Documents should be stricken. First, Defendants can have no legitimate excuse for failing to produce documents that were clearly responsive to Plaintiffs' requests during discovery, only to submit them in opposition to summary judgment. Second, these documents are not important because they all consist entirely of inadmissible hearsay, double-hearsay and triple-hearsay statements and other irrelevant information. Finally, Plaintiffs are prejudiced because they did not have the opportunity even to review these documents, let alone to test them during fact or "expert" depositions in the case and because this lost opportunity cannot be cured at summary judgment by a continuance.

## **CONCLUSION**

For all of these reasons, Marvel and Disney respectfully request that the Court disregard the Declarations of Joe Sinnott and James F. Steranko and the eight documents that Defendants failed to timely produce on summary judgment and strike them in their entirety.

Dated: April 8, 2011                              By:   /s/ Jodi A. Kleinick

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| James W. Quinn | Jodi A. Kleinick |
| R. Bruce Rich | 75 East 55th Street |
| Randi W. Singer | New York, NY 10022 |
| Sabrina A. Perelman | Tel: (212) 318-6000 |
| 767 Fifth Avenue | Fax: (212) 230-7691 |
| New York, NY 10153 | |
| Tel:  (212) 310-8000 | |
| Fax: (212) 310-8007 | |

            HAYNES AND BOONE, LLP
            David Fleischer
            30 Rockefeller Plaza, 26th floor
            New York, NY 10112
            Tel: (212) 659-7300
            Fax. (212) 884-7691

            *Attorneys for Plaintiffs/Counterclaim-Defendants*