# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MARVEL WORLDWIDE, INC.,  :
MARVEL CHARACTERS, INC. and  :
MVL RIGHTS, LLC,  :
 :
              Plaintiffs,  :
 :
   - against-  :
 :
LISA R. KIRBY, BARBARA J. KIRBY,  :
NEAL L. KIRBY and SUSAN N. KIRBY,  :
 :
              Defendants.  :
------------------------------------------------------------------x
 :
LISA R. KIRBY, BARBARA J. KIRBY,  :
NEAL L. KIRBY and SUSAN N. KIRBY,  :
 :
         Counterclaim-Plaintiffs,  :
 :
   - against-  :
 :
MARVEL ENTERTAINMENT, INC.,  :
MARVEL WORLDWIDE, INC.,  :
MARVEL CHARACTERS, INC., MVL  :
RIGHTS, LLC, THE WALT DISNEY  :
COMPANY and DOES 1 through 10,  :
 :
       Counterclaim-Defendants.  :
------------------------------------------------------------------x

Civil Action No. 10 Civ. 141 (CM) (KNF)

## PLAINTIFFS' REQUEST FOR THE PRODUCTION OF EXPERT DOCUMENTS

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure and the Local Rules of the United States District Court for the Southern District of

New York (the "Local Rules"), and subject to the Definitions and Instructions set forth herein,

Plaintiffs Marvel Worldwide, Inc., Marvel Characters Inc., and MVL Rights, LLC (collectively,

"Marvel"), by and through their attorneys, Weil, Gotshal & Manges LLP, hereby request that the

Defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby, and Susan N. Kirby (collectively

"Defendants") produce the following described documents.  Responses are to be delivered to the

offices of Plaintiffs' attorneys, Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue New York, New York 10153.

## DEFINITIONS AND INSTRUCTIONS

1.    The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules are hereby incorporated by reference.

2.    "Defendant" means any of Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby or Susan N. Kirby and includes where applicable his or her agents or representatives.

3.    The term "Experts" shall mean Mark Evanier and John Morrow.

4.    The term "Expert Reports" shall mean the reports of Mark Evanier and John Morrow served on Marvel via email on November 4, 2010 at 11:51 PST.

5.    "Document" shall have the same meaning as the term "document" in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include all such items which would be subject to inspection and copying under that Rule, including, but not limited to, all materials written, printed, typed, photographed or recorded such as writings, notes, correspondence, memoranda, agreements, contracts, drafts, mark-ups, red-lined materials, proposals, offers, minutes of meetings, agendas, reports, calendar or diary entries, drawings, graphs, charts, logs, photographs, phone records, tape recordings, computer disks, computer printouts or tape, email, or any other data compilations from which information can be obtained or translated.  Documents which are subject to production include, but are not limited to, all documents within the possession, custody or control of Defendants or their agents and attorneys and shall be produced as such documents are kept in the usual course of business by Defendants.

6.    The term "thing" shall mean any tangible item other than a document.

7.      If any form of privilege or other protection from disclosure is claimed as a ground for withholding responsive information contained in a document or communication, identify the client and the attorney and set forth, with respect to the document or communication, the date, title, identity of the author, subject matter (without revealing the information for which the privilege is claimed), and each and every fact on which the claim of privilege is based, with sufficient specificity to permit the court to make a determination as to whether the claim of privilege is valid.

8.      Words used in the plural shall also be interpreted to include the singular, and words used in the singular shall also be interpreted to include the plural. The terms "or" and "and" shall be interpreted either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope. All documents are to be produced in their entirety, without abbreviation or expurgation, including both front and back thereof, and all attachments or other matters affixed thereto.

9.      If a document called for by this request has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information:  author(s); recipient(s); sender(s); subject matter(s); date prepared or received; date of disposal; manner of disposal; reason for disposal; person(s) authorizing the disposal; person(s) having knowledge of the disposal; and person(s) disposing of the document.

10.      For each document called for by this request that is withheld or redacted under an asserted attorney-client privilege, work-product immunity or any other privilege or immunity, you shall provide at the time of production an explanation of the basis for the asserted privilege or immunity, including: (1) a description of the document; (2) the date of the document; (3) the

name, title and organization of any and all authors or senders, any and all addressees and copy recipients of the document, and any and all persons to whom the document was shown or to whom its subject matter was disclosed; (4) the name of each person participating in the preparation of the document or in whose name the document was prepared; (5) a description of the subject matter of the document; and (6) a statement of the basis upon which the document has been redacted or withheld, including the specific nature of the privilege or immunity claimed and the detailed ground for claiming such privilege or immunity.

11.    These discovery requests are continuing in nature and require you to provide supplemental documents or information promptly in the event that you obtain or find responsive documents or information that were not previously provided.

## DOCUMENTS TO BE PRODUCED

1.    All documents and things created by or for, considered by, contemplated by, or relied upon by the Experts in creating and generating their respective Expert Reports or while conducting any analysis or research described in the Expert Reports, including but not limited to, summaries, data sheets, work papers, notes, worksheets, communications, deposition transcripts or discovery documents.

2.    All drafts of the Expert Reports submitted by the Experts in connection with this lawsuit and any metadata or profile information from the document management system that would indicate the history of the documents (at least showing the number of times the documents were opened or edited; by whom; whether the documents were edited, printed, or viewed; the duration), number of versions, and all metadata included in the profiles for the documents.

3.    Any exhibits or other materials the Experts intend to offer or rely upon.

4

4.      All correspondence or statements, including any reports and/or memoranda, that the Experts have exchanged with, made to or received from, anyone relating to this litigation.

5.      All written communications, including but not limited to emails, reports and/or memoranda, between the either of the Experts and the Defendants to this litigation, including but not limited to, those expressly relied upon by the Experts in their respective Expert Reports.

6.      All written communications, including but not limited to emails, reports and/or memoranda, between either of the Experts and Defendants' counsel, including agents and/or consultants of Defendants' counsel, including but not limited to, those expressly relied upon by the Experts in their respective Expert Reports.

7.      All written communications, including but not limited to emails, reports and/or memoranda, between the Experts, including agents and/or consultants of Defendants' counsel, including but not limited to, those expressly relied upon by the Experts in their respective Expert Reports.

8.      All retention agreements entered into between Defendants (through their counsel or otherwise) and the Experts in connection with this litigation.

9.      All agreements between either of the Experts and Defendants, Defendants' counsel, or any business, corporation, organization or other entity owned or controlled in any part by Defendants' counsel.

Dated:    November 12, 2010

By: _____

WEIL, GOTSHAL & MANGES LLP
James W. Quinn
R. Bruce Rich
Randi W. Singer
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

5

PAUL, HASTINGS, JANOFSKY &
WALKER LLP
Jodi A. Kleinick
75 East 55th Street
New York, NY 10022
Tel.: (212) 318-6000
Fax: (212) 319-4090

HAYNES AND BOONE, LLP
David Fleischer
1221 Avenue of the Americas, 26th Floor
New York, NY 10020
Tel: (212) 659-7300
Fax: (212) 884-9567

*Attorneys for Plaintiffs/Counterclaim-
Defendants*

6