# EXHIBIT G

Marc Toberoff (MT 4862)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: 310-246-3333
Fax: 310-246-3101
MToberoff@ipwla.com

Attorneys for Defendants Lisa R. Kirby, Barbara J.
Kirby, Neal L. Kirby and Susan M. Kirby

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

MARVEL WORLDWIDE, INC.,
MARVEL CHARACTERS, INC. and
MVL RIGHTS, LLC,

                            Plaintiffs,

    -against-

LISA R. KIRBY, BARBARA J. KIRBY,
NEAL L. KIRBY and SUSAN M. KIRBY,

                            Defendants.

------------------------------------------------------------

Civil Action No.  10-141 (CM) (KF)

[Hon. Colleen McMahon]

[ECF Case]

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR THE PRODUCTION OF EXPERT DOCUMENTS

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby ("Defendants"), pursuant to the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure, make the following objections to Plaintiffs' Request for the Production of Expert Documents (the "Document Request") that was served on November 12, 2010 by Plaintiffs Marvel Worldwide, Inc., Marvel Characters, Inc. and MVL Rights, LLC:

## I.

## OBJECTIONS TO THE ENTIRE DOCUMENT REQUEST

Defendants object to the entire Document Request on each of the following grounds and incorporate by reference each of the following objections into their response to each individual request within it:

1. Defendants object to the entire Document Request to the extent that it seeks the production or identification of any item, or portion thereof, comprising or reflecting information transmitted and maintained in confidence between any or all of the Defendants or any person or entity acting on their behalf and their counsel for the purpose of obtaining legal advice or representation, on the ground that such information is protected from disclosure by the attorney-client privilege or the joint interest privilege. Such documents will not be produced in response to any request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

2. Defendants object to the entire Document Request to the extent that it seeks the production or identification of any item, or portion thereof, comprising or reflecting information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Defendants or any other person or entity, on the ground that such information is protected from disclosure by the attorney work product doctrine and Fed. R. Civ. P. Rule 26(b). Such documents will not be produced in response to any request, and any inadvertent production thereof shall not be deemed a

waiver of any privilege or doctrine with respect to such documents.

3. Defendants object to the entire Document Request to the extent that it seeks the production or identification of any item, or portion thereof, which is not reasonably calculated to lead to the discovery of relevant and admissible evidence, on the ground that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

4. Defendants object to the entire Document Request to the extent that it seeks the production or identification of any item, or portion thereof, comprising or reflecting any trade secret or other confidential or proprietary information of Defendants or any other person or entity.

5. Defendants object to the entire Document Request to the extent that it seeks the production or identification of any item, or portion thereof, which is protected from disclosure by court order, or any privacy or similar rights of any person or entity.

6. Defendants object to the entire Document Request to the extent that it seeks the production of original documents, on the ground that such production would be burdensome, oppressive, and unnecessary. Defendants reserve the right to comply with the Document Request, subject to this response, by producing a true copy of any item or by permitting inspection of any item.

7. Defendants object to the Document Request to the extent that it seeks the production of duplicative identical items, or documents or information already in Plaintiffs' possession, or by reason of public filing, publication or otherwise are readily accessible to Plaintiffs through other means.

8. Defendants object to the entire Document Request to the extent that it seeks the production of any item which has been served, filed, or transmitted in the course of this action, on the ground that such production would be burdensome, oppressive, and unnecessary.

9. Defendants object to the entire Document Request and each document

category therein to the extent that it seeks the production of any item or document that is not the property of Defendants or any or all of them. Defendants will not produce any items or documents that are the property of any other person or entity.

10. Defendants object to the Document Request as overbroad and therefore unduly burdensome, oppressive and harassing because the requests contained in the Document Request are unlimited with respect to time and are not reasonably limited in scope.

11. Defendants object to the Document Request to the extent the expense of producing documents outweighs the likely benefit of discovery provided to Plaintiffs.

12. Defendants reserve the right to revise, amend, supplement or clarify any of the objections set forth herein.

## II.

## DOCUMENTS TO BE PRODUCED

## RESPONSES TO INDIVIDUAL REQUESTS

### Document Request No. 1

All documents and things created by or for, considered by, contemplated by, or relied upon by the Experts in creating and generating their respective Expert Reports or while conducting any analysis or research described in the Expert Reports, including but not limited to, summaries, data sheets, work papers, notes, worksheets, communications, deposition transcripts or discovery documents.

### Response to Document Request No. 1

Defendants object to this request on the grounds that it is compound, duplicative, overbroad, burdensome and oppressive. Defendants further object to this request on the grounds that the terms "created by or for," "considered by," "contemplated by" and "relied upon by" are vague and ambiguous, and lack sufficient precision to allow them to formulate an appropriate response. Defendants additionally object to this request to the extent that it seeks communications protected by the attorney-client privilege and the

3

attorney work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendants will produce responsive non-privileged documents, if any, in their possession, custody or control, consistent with their understanding of this request.

**Document Request No. 2**

All drafts of the Expert Reports submitted by the Experts in connection with this lawsuit and any metadata or profile information from the document management system that would indicate the history of the documents (at least showing the number of times the documents were opened or edited; by whom; whether the documents were edited, printed, or viewed; the duration), number of versions, and all metadata included in the profiles for the documents.

**Response to Document Request No. 2**

Defendants object to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Defendants further object to this request on the grounds that the phrase "in connection with" is vague and ambiguous, and lacks sufficient precision to allow them to formulate an appropriate response. Defendants additionally object to this request on the grounds that it seeks documents already in the possession, custody or control of one or more of the Plaintiffs. Defendants further object to this request to the extent that it seeks communications protected by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendants will produce responsive non-privileged documents, if any, in their possession, custody or control, consistent with their understanding of this request.

**Document Request No. 3**

Any exhibits or other materials the Experts intend to offer or rely upon.

**Response to Document Request No. 3**

Defendants object to this request on the grounds that it is overbroad, burdensome and oppressive. Defendants further object to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow them to formulate an appropriate response. Defendants additionally object to this request on the grounds that it seeks documents already in the possession, custody or control of one or more of the Plaintiffs. Defendants further object to this request to the extent that it seeks communications protected by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendants will produce responsive non-privileged documents, if any, in their possession, custody or control, consistent with their understanding of this request.

**Document Request No. 4**

All correspondence or statements, including any reports and/or memoranda, that the Experts have exchanged with, made to or received from, anyone relating to this litigation.

**Response to Document Request No. 4**

Defendants object to this request on the grounds that it is overbroad, burdensome and oppressive. Defendants further object to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow them to formulate an appropriate response. Defendants additionally object to this request to the extent that it seeks documents already in the possession, custody or control of one or more of the Plaintiffs. Defendants further object to this request to the extent that it seeks documents and communications protected by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendants will produce responsive non-privileged documents, if any, in their possession, custody or control, consistent with their understanding of this request.

**Document Request No. 5**

All written communications, including but not limited to emails, reports and/or memoranda, between the either of the Experts and the Defendants to this litigation, including but not limited to, those expressly relied upon by the Experts in their respective Expert Reports.

**Response to Document Request No. 5**

Defendants object to this request on the grounds that it is compound, overbroad, burdensome and oppressive. Defendants further object to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow them to formulate an appropriate response. Defendants additionally object to this request on the grounds that it seeks documents already in the possession, custody or control of one or more of the Plaintiffs. Defendants further object to this request to the extent that it seeks documents and communications protected by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendants will produce responsive non-privileged documents, if any, in their possession, custody or control, consistent with their understanding of this request.

**Document Request No. 6**

All written communications, including but not limited to emails, reports and/or memoranda, between either of the Experts and Defendants' counsel, including agents and/or consultants of Defendants' counsel, including but not limited to, those expressly relied upon by the Experts in their respective Expert Reports.

**Response to Document Request No. 6**

Defendants object to this request on the grounds that it is overbroad, burdensome and oppressive. Defendants further object to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow them to formulate an appropriate response. Defendants additionally object to this request on the grounds that it seeks documents already in the possession, custody or control of one or more of the Plaintiffs.

Defendants further object to this request to the extent that it seeks documents and communications protected by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendants will produce responsive non-privileged documents, if any, in their possession, custody or control, consistent with their understanding of this request.

**Document Request No. 7**

All written communications, including but not limited to emails, reports and/or memoranda, between the Experts, including agents and/or consultants of Defendants' counsel, including but not limited to, those expressly relied upon by the Experts in their respective Expert Reports.

**Response to Document Request No. 7**

Defendants object to this request on the grounds that it is overbroad, burdensome and oppressive. Defendants further object to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow them to formulate an appropriate response. Defendants further object to this request on the grounds that it is indefinite as to time and not reasonably limited in scope. Defendants additionally object to this request on the grounds that it seeks documents already in the possession, custody or control of one or more of the Plaintiffs. Defendants further object to this request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendants are willing to meet-and-confer with Plaintiffs to negotiate a more tailored request and production of responsive, non-privileged documents in their possession, custody or control, to the extent any such documents exist.

**Document Request No. 8**

All retention agreements entered into between Defendants (through their counsel or otherwise) and the Experts in connection with this litigation.

**Response to Document Request No. 8**

Defendants object to this request on the grounds that the request is overbroad, burdensome and oppressive. Defendants further object to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow them to formulate an appropriate response. Defendants additionally object to this request on the grounds that it seeks documents already in the possession, custody or control of one or more of the Plaintiffs. Defendants further object to this request to the extent that it seeks documents and communications protected by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendants state there are no responsive documents to this request.

**Document Request No. 9**

All agreements between either of the Experts and Defendants, Defendants' counsel, or any business, corporation, organization or other entity owned or controlled in any part by Defendants' counsel.

**Response to Document Request No. 9**

Defendants object to this request on the grounds that it is overbroad, burdensome and oppressive. Defendants further object to this request on the grounds that it is vague and ambiguous, and lacks sufficient precision to allow them to formulate an appropriate response. Defendants additionally object to this request on the grounds that it seeks documents already in the possession, custody or control of one or more of the Plaintiffs. Defendants additionally object to this request to the extent that it seeks documents and communications protected by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendants will produce responsive non-privileged documents, if any, in their possession, custody or control, consistent with their understanding of this request.

Dated: New York, New York
       December 15, 2010

TOBEROFF & ASSOCIATES, P.C.

By: _____
Marc Toberoff (MT 4862)

2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: 310-246-3333

Attorneys for defendants Lisa R. Kirby, Barbara J. Kirby, Neal L. Kirby and Susan M. Kirby

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2010, I caused a true and correct copy of the foregoing Defendants' Objections to Plaintiffs' Request for the Production of Expert Documents to be served by first class mail on the following counsel of record:

Randi Singer
WEIL GOTSHAL & MANGES LLP
767 5th Avenue
New York, NY 10153

David Fleischer
Haynes Boone LLP
1221 Avenue of the Americas, 26th Floor
New York, NY 10020

Attorneys for Plaintiffs

_____
Nicholas C. Williamson