UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :

MARVEL WORLDWIDE, INC.,              :
MARVEL CHARACTERS, INC. and        :
MVL RIGHTS, LLC,                         :
                                                            :
                    Plaintiffs,             :
                                                            :
  - against-                             :
                                                            :
LISA R. KIRBY, BARBARA J. KIRBY,   :
NEAL L. KIRBY and SUSAN N. KIRBY, :
                                                            :
                    Defendants.           :
------------------------------------------------------------x    Civil Action No. 10 Civ. 141 (CM) (KNF)
                                                              :
LISA R. KIRBY, BARBARA J. KIRBY,   :
NEAL L. KIRBY and SUSAN N. KIRBY, :
                                                            :
                Counterclaim Plaintiffs,   :
                                                            :
  - against-                             :
                                                            :
MARVEL ENTERTAINMENT, INC.,       :
MARVEL WORLDWIDE, INC.,              :
MARVEL CHARACTERS, INC., MVL      :
RIGHTS, LLC, THE WALT DISNEY       :
COMPANY and DOES 1 through 10,    :
                                                             :
                Counterclaim Defendants.  :
------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS/
COUNTERCLAIM DEFENDANTS' MOTION TO STRIKE (1) THE DECLARATIONS
OF JOE SINNOTT AND JAMES F. STERANKO AND (2) CERTAIN DOCUMENTS
ATTACHED AS EXHIBITS TO DEFENDANTS' DECLARATIONS IN SUPPORT OF
THEIR OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

US_ACTIVE:\43692433\04\79593.0027

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 1

I.    THE UNDISCLOSED WITNESSES' DECLARATIONS MUST BE STRICKEN
FOR FAILURE TO DISCLOSE THEM PURSUANT TO RULE 26(A) OR 26(E) ........ 2

II.    THE UNPRODUCED DOCUMENTS MUST BE STRICKEN FOR FAILURE
TO PRODUCE THEM DURING DISCOVERY ............................................................. 5

CONCLUSION ..................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alfano v. Nat'l Geo. Channel*, No. CV 06-3511(NG)(JO), 2007 WL 2982757 (E.D.N.Y. Oct. 5, 2007) ..................................................................................................................2

*Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87 (S.D.N.Y. 2002) ...........................................1

*Commercial Data Servers, Inc. v. Int'l Bus. Machs. Corp.*, 262 F. Supp. 2d 50 (S.D.N.Y. 2003) ..............................................................................................................................3

*Cunningham v. Consol. Edison Inc.*, No. CV-03-3522 (CPS), 2007 WL 841816 (E.D.N.Y. Mar. 19, 2007) ...................................................................................................3

*Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006).......................................................1, 2, 6

*Fleming v. Verizon N.Y. Inc.*, No. 03 Civ. 5639(WHP), 2006 WL 2709766 (S.D.N.Y. Sept. 22, 2006) ...........................................................................................................3, 4

*Gayle Martz, Inc. v. Sherpa Pet Group, LLC*, 651 F. Supp. 2d 72 (S.D.N.Y. 2009) .......................5

*Ginns v. Towle*, 361 F.2d 798 (2d Cir. 1966) ................................................................................1

*Nosal v. Granite Park LLC*, 269 F.R.D. 284 (S.D.N.Y. 2010).........................................................4

*Pal v. N. Y. Univ.*, No. 06 Civ. 5892(PAC)(FM), 2008 WL 2627614 (S.D.N.Y. June 30, 2008) ..............................................................................................................................2

*Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006) ...................................................................2

**PRELIMINARY STATEMENT**

Defendants' reliance on the declarations of previously-undisclosed witnesses Joe Sinnott and James Steranko (the "Undisclosed Witnesses") and citation to unproduced documents (the "Unproduced Documents") in their summary judgment opposition violates both the letter and spirit of the Federal Rules of Civil Procedure. Defendants do not, and cannot, deny they did not: (a) list either of the Undisclosed Witnesses in their Rule 26(a)(1) disclosures, (b) notice either of their depositions, or (c) otherwise indicate their intent to rely on them before summary judgment. Defendants also do not deny they did not produce the Unproduced Documents during discovery. Instead, they assert that a reference in an expert deposition taken four days before discovery closed or a note buried within a 400-page expert document production that mentions the "complete run" of the Jack Kirby Collector is equivalent to required disclosures or productions.

Defendants' legally insufficient arguments are hardly credible, and should be rejected in light of the substantial prejudice Marvel would face if the challenged evidence were admitted on summary judgment. Accordingly, the Court should strike the declarations of the Undisclosed Witnesses and the Unproduced Documents from the summary judgment record.

**ARGUMENT**

The Federal Rules require full disclosure, eschewing sharp practices that seek to litigate "by ambush." *See, e.g.*, *Ginns v. Towle*, 361 F.2d 798, 801 (2d Cir. 1966) ("The basic purpose of the federal rules, particularly those concerning discovery and disclosure, is to eliminate trial by ambush . . . and avoid the very kind of surprise practiced upon the defense in this case."); *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002). Thus, this Court has wide discretion to preclude improperly disclosed witness testimony and documentary evidence. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006). Here, all four factors of the prescribed inquiry weigh heavily in favor of the preclusion because: (1) Defendants' proffered

1

excuses for non-disclosure – to the extent any are offered – are legally insufficient; (2) the proffered evidence is unimportant and Defendants will suffer no prejudice if the evidence is not considered; (3) Marvel and Disney will suffer substantial prejudice if the evidence is considered; and (4) there is no possibility of a continuance. *See id.* at 296 (citing *Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006)).

I.  **THE UNDISCLOSED WITNESSES' DECLARATIONS MUST BE STRICKEN FOR FAILURE TO DISCLOSE THEM PURSUANT TO RULE 26(A) OR 26(E)**

Defendants' sole proffered justification for their failure to identify the Undisclosed Witnesses in their initial disclosures or to supplement those disclosures before summary judgment is their assertion that Marvel had "sufficient" knowledge of the witnesses during discovery, apparently gained through a kind of legal osmosis. They contend Marvel acquired this knowledge from: (a) Defendants' expert Mark Evanier when he named Sinnott as among over 50 people who had worked for Marvel during the 1950s and 1960s or with whom he had discussed Marvel's history at various comic conventions, *see* Declaration of Marc Toberoff dated April 22, 2011 ("Toberoff Decl.") Ex. C at 20:12-21:19, 22:17-23:25, and (b) two documents mentioning the Undisclosed Witnesses as having worked for Marvel, and which were briefly discussed at John Morrow's deposition four days before discovery closed. *See* Defendants' Opposition to Plaintiffs' Motion to Strike ("Opp.") at 1-6.

However, the mere mention of an individual's name in a deposition or document does not relieve a party of its obligations to make required Rule 26 disclosures. *See, e.g.*, *Pal v. N. Y. Univ.*, No. 06 Civ. 5892(PAC)(FM), 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008) (rejecting argument that party had sufficient knowledge of witness through documents because it "misses the crucial point" that disclosure "obligation is fulfilled only if [it] informed [plaintiff] that it might call the witness in support of its claims or defenses"); *Alfano v. Nat'l Geo. Channel*,

2

No. CV 06-3511(NG)(JO), 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007) ("mere mention of [witness] during [plaintiff's] deposition was patently insufficient to alert the defendants to the salient point: that [he] might call [the witness] to testify. . . .  It is the latter information that is conveyed by the disclosures required under Rule 26(a)(1)"); *Cunningham v. Consol. Edison Inc.*, No. CV-03-3522 (CPS), 2007 WL 841816, at *2 (E.D.N.Y. Mar. 19, 2007) (mention of name in documents and deposition insufficient to disclose witness "is likely to have discoverable information that plaintiff may use to support his claims, much less what the information is").

Indeed, as this Court has recognized, "deposition testimony on a topic does not cure a failure to provide Rule 26 disclosure." *Commercial Data Servers, Inc. v. Int'l Bus. Machs. Corp.*, 262 F. Supp. 2d 50, 62 (S.D.N.Y. 2003) (McMahon, J.).  Moreover, Marvel could not reasonably have been expected to depose each and every one of the individuals mentioned by Evanier in his deposition, or named in an article about Marvel's history, when that number could be well into the hundreds.  See Toberoff Decl. Ex. C at 21:18-19 ("I've got about another 300 [names] if you want to take the time."); *see also Fleming v. Verizon N.Y. Inc.*, No. 03 Civ. 5639(WHP), 2006 WL 2709766, at *9 (S.D.N.Y. Sept. 22, 2006) (unreasonable to expect large corporation with thousands of employees to depose all witnesses of whom it may have been generally aware).

Defendants' further contention that Marvel's incidental references to the Undisclosed Witnesses in a deposition "caused the Kirbys to do research as to them," Opp. at 3 (emphasis omitted), is simply not credible: Defendants' counsel has been using Steranko as an "expert" in another case involving work-for-hire issues and the rights to Superman characters for at least four years, Reply Declaration of Jodi A. Kleinick, dated April 29, 2011 ("Kleinick Reply Decl.") Ex. 1.  Both Sinnott and Steranko have also apparently been known, for at least the last several

3

years, to both Evanier and Morrow – Defendants' self-styled "experts" in Marvel history, who Defendants could and should have consulted in researching their potential witnesses. Defendants' failure to supplement their disclosures at any time during discovery, or even at any time leading up to summary judgment, is inexcusable. Their after-the-fact amendment to their disclosure, after having express notice from Marvel and Disney that they intended to object to any such Undisclosed Witnesses, is a tacit concession that they did not follow the rules.

Further, Defendants would suffer no prejudice from striking the declarations of the Undisclosed Witnesses because they are irrelevant to the only salient issue in this case: whether Jack Kirby's contributions to certain Marvel works between 1958 and 1963 were at Marvel's instance and expense. Marvel and Disney, on the other hand, would suffer extreme prejudice if the Undisclosed Witnesses' declarations were considered, as they had no opportunity to depose them before the close of discovery and made their summary judgment motion "based on what [they] thought to be all of the evidence accumulated in discovery." *Fleming*, 2006 WL 2709766, at \*8. Finally, in light of the late stage of the case, there is no possibility for a continuance. *See, e.g.*, *Nosal v. Granite Park LLC*, 269 F.R.D. 284, 290 (S.D.N.Y. 2010).

Had Defendants noticed the depositions of the Undisclosed Witnesses during discovery and thereby put Marvel on notice that they intended to rely on those witnesses' testimony – as Marvel did with respect to Larry Lieber, who *both* parties deposed – Plaintiffs' motion to strike would have been unnecessary. As Defendants neither noticed their depositions nor in any way indicated the role the Undisclosed Witnesses were expected to play in support of Defendants' claims, their declarations should be stricken from the summary judgment record in their entirety.

4

## II. THE UNPRODUCED DOCUMENTS MUST BE STRICKEN FOR FAILURE TO PRODUCE THEM DURING DISCOVERY

Likewise, Defendants cannot justify their failure to produce earlier any of the Unproduced Documents. Despite an express request to the Defendants to produce "[a]ll documents on which Defendants intend to rely in support of their contention that the Works are not 'works made for hire,'" and a request to their "experts" to produce "[a]ll documents and things created by or for, considered by, contemplated by, or relied upon by the Experts," Defendants chose not to produce the documents attached as Exhibits Y, GG, JJ, OO, FFF, JJJ and LLL to the Toberoff Declaration and as Exhibit B to the Morrow Declaration. Declaration of Jodi A. Kleinick, dated April 8, 2011 ("Kleinick Decl.") Ex. 3 at ¶ 1; *id.* Ex. 4 at ¶ 1.

Defendants did not, as they now contend, make certain of the documents "available for inspection and copying" in Morrow's response to document requests. *See* Opp. at 8-9. Instead, documents produced in response to Marvel's expert document request included an attachment to an email from Morrow to Defendants' counsel listing an "Index of John Morrow's research materials." Kleinick Reply Decl. Ex. 2. Nowhere in that document, or elsewhere, did Defendants or Morrow even intimate that such documents were available for copying or production. Thus, although the parties had developed a practice of expressly making certain periodicals and publications available for copying, Defendants did not do so with respect to the documents in issue. Defendants' assertion that Plaintiffs were generally aware that the publications from which the documents were drawn are published by Morrow's company, *see* Opp. at 8, cannot justify their nondisclosure, nor can their suggestion Marvel knew about them and may hypothetically have had access to them, or that such production is not "customary," *id.* at 6-7, 10-11. These blandishments cannot satisfy Defendants' burden of full disclosure and the cases they cite do not suggest otherwise. *See Gayle Martz, Inc. v. Sherpa Pet Group, LLC*, 651

5

F. Supp. 2d 72, 80 (S.D.N.Y. 2009) (supplemental disclosures of damages calculation not required because damages theory depended solely on documents *produced by Defendants*).

Here, the Unproduced Documents are indisputably documents upon which "Defendants intend to rely in support of their contention[s]," Kleinick Decl. Ex. 3 at ¶ 1, and Defendants' failure to produce them finds no justification in law or fact. Moreover, the remaining *Design Strategy* factors also weigh strongly in favor of striking the Unproduced Documents. *See* 469 F.3d at 296. Indeed, contrary to Defendants' general objections, none of these documents is important because they are all either inadmissible hearsay books or articles about or interviews with Kirby, or do not bear on the issue of whether the works at issue were made for hire. Thus, it is wholly unnecessary to include them on summary judgment. Moreover, consideration of the Undisclosed Documents would prejudice Marvel and Disney because they did not have the opportunity to review the documents in advance of the parties' cross-motions for summary judgment, or test them via deposition. As this prejudice cannot be cured by a continuance, they should all be stricken from the summary judgment record.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Marvel's and Disney's opening brief, the declarations of Joe Sinnott and James F. Steranko, and the eight documents Defendants failed to produce, should be stricken in their entirety.

Dated:   April 29, 2011            By:   /s/ Jodi A. Kleinick

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| James W. Quinn | Jodi A. Kleinick |
| R. Bruce Rich | 75 East 55th Street |
| Randi W. Singer | New York, NY 10022 |
| Sabrina A. Perelman | Tel: (212) 318-6000 |
| 767 Fifth Avenue | Fax: (212) 230-7691 |
| New York, NY 10153 | |
| Tel: (212) 310-8000 | |
| Fax: (212) 310-8007 | |

6

HAYNES AND BOONE, LLP
David Fleischer
30 Rockefeller Plaza, 26th floor
New York, NY 10112
Tel: (212) 659-7300
Fax: (212) 884-7691

*Attorneys for Plaintiffs/Counterclaim-Defendants*