IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVEL WORLDWIDE, INC., MARVEL CHARACTERS, INC., and MVL RIGHTS, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>LISA R. KIRBY, BARBARA J. KIRBY, NEAL L. KIRBY, and SUSAN N. KIRBY,<br><br>    Defendants.<br><br>LISA R. KIRBY, BARBARA J. KIRBY, NEAL L. KIRBY, and SUSAN N. KIRBY,<br><br>    Counterclaimant-Plaintiffs,<br><br>v.<br><br>MARVEL ENTERTAINMENT, INC., MARVEL WORLDWIDE, INC., MARVEL CHARACTERS, INC., MVL RIGHTS, LLC, THE WALT DISNEY COMPANY, and DOES 1 through 10,<br><br>    Counterclaim-Defendants. | Civil Action No. 1:10-cv-00141-CM-KNF |

**[PROPOSED] ORDER MODIFYING PROTECTIVE ORDER**

For the reasons stated in the Letter Motion for Modification of the Protective Order (ECF 133) submitted by Marvel Worldwide, Inc., Marvel Characters, Inc., MVL Rights, LLC, Marvel Entertainment, LLC, and The Walt Disney Company (collectively, the "Marvel Entities"), the Court hereby ORDERS as follows:

1. The Protective Order entered on June 2, 2010 (ECF 34) shall be modified to allow any Writing, as defined therein (including, but not limited to, document productions, written discovery responses, and testimony), exchanged or produced in the above-captioned

action to be used in the following now-pending litigations: *Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK (S.D.N.Y.); *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK (S.D.N.Y.); *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-07959-LAK (S.D.N.Y.); *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-05316-DG-TAM (E.D.N.Y.); and *Marvel Characters, Inc. v. Hart-Rico*, No. 2:21-cv-07624-DMG-KES (C.D. Cal.) (collectively, the "Pending Litigations"), notwithstanding any contrary provision(s) in the Protective Order as originally entered.

2. All such Writings shall be treated as provisionally "CONFIDENTIAL" within the meaning of the Protective Order in this case until such time as protective order(s) are entered in the Pending Litigations, provided, however, that the current definition of a Covered Recipient shall be amended to include (a) a party to any of the Pending Litigations and such party's parents, subsidiaries, and affiliates (and, in each case, agents and employees thereof), and (b) counsel for a party to any of the Pending Litigations and such counsel's support employees.

3. Upon entry of protective order(s) in the Pending Litigations, all Writings that were previously affirmatively designated as "CONFIDENTIAL" in the above-captioned matter shall be automatically designated as "CONFIDENTIAL" within the meaning of the protective order(s) to be entered in the Pending Litigations.  All other Writings shall be treated as provisionally "CONFIDENTIAL" within the meaning of the protective order(s) to be entered in the Pending Litigations for a period of sixty (60) days from entry of the protective order(s), during which time any party or producing non-party may affirmatively designate appropriate Writings as "CONFIDENTIAL" under the protective order(s) for the period after such window expires.  All such "CONFIDENTIAL"

- 3 -

designations are without prejudice to the ability of parties to challenge improvident designations, to the extent allowable under the applicable protective order(s).

4. The Protective Order is further modified to clarify that it does not restrict the Marvel Entities' ability to obtain, review, or otherwise use for any purpose the documents the Marvel Entities themselves produced in the above-captioned action or that otherwise originated from the Marvel Entities.

**IT IS SO ORDERED.**

Dated: _____, 2022          By: _____
                                              Hon. Colleen McMahon
                                              United States District Judge